ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIAM H. CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-107 |
| | ) | |
| NCO FINANCIAL SYSTEM, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The above-captioned case is presently before the Court on Plaintiff's motion to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.) Having considered the motion, Plaintiff's request for leave to proceed IFP is **GRANTED**. However, if in the future, it appears that Plaintiff's financial situation has improved, the Court may act on its own initiative to require him to pay either the entire filing fee or an appropriately determined partial filing fee.

**I.      SCREENING OF THE COMPLAINT**

Plaintiff filed the above-captioned case *pro se*, attempting to assert a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

Plaintiff names NCO Financial System as the sole Defendant in this action. (Doc. no. 1, p. 1.) Plaintiff alleges that he viewed a copy of his consumer report from the credit reporting agency TransUnion in October of 2011, and thereby discovered that Defendant had obtained his consumer report in November of 2009. (Id. at 2.) According to Plaintiff, he "has never had any business dealings or any accounts with, made applications for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from [Defendant]." (Id. at 3.) Plaintiff additionally states that he never consented to Defendant accessing his consumer report. (Id.)

Plaintiff argues that under the FCRA, "the definition of 'account' clearly does not include an account such as a credit card open end credit account." (Id.) Although the complaint is unclear, Plaintiff appears to argue that while he may have a credit card account – which he has decided is excluded from the definition of "account" under the FCRA – he has no other type of account, and thus "there was obviously no purpose for the credit pull." (Id.) Plaintiff also states that he "has no idea or indication as to what possible alleged account [Defendant] could claim to have with him and is positive he had no account with" Defendant that would permit it to access his consumer report. (Id. at 3-4.) Plaintiff concludes that Defendant therefore obtained his consumer report without a permissible purpose, in violation of the FCRA. (Id. at 4.)

The FCRA prohibits users of information from obtaining a consumer report without a permissible purpose. See 15 U.S.C. § 1681b;[1] Rush v. Macy's New York, Inc., 775 F.2d

---

[1] Under 15 U.S.C. § 1681b(f),

A person shall not use or obtain a consumer report for any purpose unless (1)

2

1554, 1557 (11th Cir. 1995) ("Under [the FCRA,] civil liability for improper use and dissemination of credit information may be imposed only on a consumer reporting agency or user of reported information who willfully or negligently violates the FCRA." (citing 15 U.S.C.A. §§ 1681n and 1681o)); Milton v. LTD Fin. Servs., CV 210-119, doc. no. 29, p. 5 (S.D. Ga. Jan. 25, 2011) (Wood, C.J.) ("The FCRA imposes civil liability on . . . users of information that obtain credit reports of consumers for purposes not specified in § 1681b.").

Here, it is apparent that Plaintiff is attempting to allege that Defendant has accessed his consumer report without a permissible purpose under the FCRA. However, rather than explaining how Defendant violated the FCRA in accessing his consumer report, Plaintiff simply states in conclusory fashion that he "has no idea" what account Defendant could have with him. (See doc. no. 1, pp. 3-4.) Notably, however, it is not necessary for Plaintiff to have had direct dealings with Defendant; for example, one of the "permissible purposes" for obtaining a consumer report under 15 U.S.C. § 1681b(a)(3)(A) would permit a collection agency retained by a creditor to collect on an account of the consumer. While the Federal Rules of Civil Procedure set forth a liberal standard of notice pleading,[2] Plaintiff's complaint

---

the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with [15 U.S.C. § 1681e] by a prospective user of the report through a general or specific certification.

[2]The Federal Rules of Civil Procedure provide:

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include

fails to provide Defendant with notice of the specific factual allegations raised against it or to set forth necessary details concerning how actions undertaken by it may have violated the FCRA.[3]

However, the Court recognizes that Plaintiff is proceeding *pro se* and will therefore give him an opportunity to attempt to cure his pleading deficiencies by amending his complaint in accordance with the instructions set forth below. The Court **HEREBY ORDERS** Plaintiff to amend his complaint within fifteen (15) days of the date of this Order.[4] If Plaintiff wishes to pursue this case, he **MUST** amend the original complaint. Plaintiff's amended complaint should be filed in accordance with the following instructions.

II.   **INSTRUCTIONS**

The amended complaint shall supersede and replace in its entirety the previous complaint filed by Plaintiff. Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"); Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007)

---

relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

[3] Plaintiff's argument about the definition of "account" under FCRA is similarly unclear. If Plaintiff's argument is that Defendant may not access his consumer report to collect on a credit card debt, this argument must fail. See Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 34 (3d Cir. 2011) (*per curiam*) (holding that 15 U.S.C. § 1681b(a)(3)(A) authorizes a collection agency to access a consumer report to collect on delinquent credit card debt.); Phillips v. Grendahl, 312 F.3d 357, 366 (8th Cir. 2002), *abrogated on other grounds*, Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 71 (2007).

[4] The Clerk is **DIRECTED** to enclose a copy of the standard complaint used by *pro se* litigants in the Southern District of Georgia with Plaintiff's service copy of this Order.

4

(*per curiam*). It must be printed legibly or typed so that the Court may discern Plaintiff's claims.[5] It must contain a caption that clearly identifies, by name, each party that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in Plaintiff's amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred. While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint.[6] Thus, Plaintiff must name the entity whom he seeks to include as Defendant herein in both the caption and the body of his amended complaint; he may not rely on the fact that an entity is named in the exhibits attached to his amended complaint as a means of including such person as a defendant to his lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of the original complaint shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall

---

[5] The Court additionally notes that although Plaintiff's signature appears on his civil cover sheet (doc. no. 1-1), it does not appear on his complaint (doc. no. 1, p. 4). Plaintiff is cautioned that Fed. R. Civ. P. 11(a) requires all documents submitted to the Court to be signed by a party personally if the party is unrepresented. Thus, Plaintiff must include his signature on his amended complaint.

[6] For example, Plaintiff should not simply state, "See attached documents."

state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought.

Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, Defendant(s) should be served with a copy of the amended complaint. If no response is timely received from Plaintiff, the Court will presume that Plaintiff desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.

SO ORDERED this 19th day of December, 2011, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE