UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA

WILLIAM H. CARTER,

    Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.,

    Defendant.

CASE No. 3:11-CV-00107-DHB-WLB

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendant, NCO Financial Systems, Inc. ("NCO"), submits this memorandum in support of its Opposition to plaintiff's motion for leave to amend his Complaint. Plaintiff's proposed new causes of action are time barred by the statute of limitations. Thus, amendment of the original complaint would be futile.

### I.    INTRODUCTION

On November 21, 2011, plaintiff filed a complaint against NCO alleging NCO violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq. See* Doc. No. 1. Plaintiff moved for leave to proceed *in forma pauperis. See* Doc. No. 2. On December 19, 2011, the court granted plaintiff's motion to proceed *in forma pauperis*, however, it found plaintiff failed to provide NCO notice of the specific factual allegations or details concerning how it may have violated the FCRA and ordered plaintiff to amend the complaint. *See* Doc. No. 4. On January 6, 2012, plaintiff filed an amended complaint alleging NCO willfully violated the FCRA by obtaining plaintiff's credit report without a

permissible purpose. *See* Doc. No. 5. Plaintiff pled the following facts: NCO pulled plaintiff's credit report from TransUnion, in November of 2009, without a permissible purpose; plaintiff never had any business dealings or accounts, etc. with NCO or First Premier Bank; nor did plaintiff give NCO consent to pull his credit report. *Id.* at ¶¶ 17, 18, 22-23.

On August 15, 2012, plaintiff sought leave to amend his complaint to allege two new causes of action against NCO. *See* Doc. No. 18. More specifically, plaintiff alleges (1) NCO violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C., § 1692 *et seq.*, by placing an excessive number of calls to his cell phone number and (2) NCO violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, by calling plaintiff's cell phone number, with an automatic dialing system, without plaintiff's consent. *See* Counts II and III of plaintiff's proposed Second Amended Complaint.

Plaintiff's motion for leave to amend to allege these two new causes of action should be dismissed as the claims are futile; they are outside the statute of limitations and do not relate back because they were never made at all in the original complaint. *See Dean v. United States*, 278 F.3d 1218, 1223 (11th Cir. 2002).

## II.     LAW AND ARGUMENT

### 1. Legal Standard

Under Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given, in the absence of circumstances such as undue delay, bad faith or dilatory motive, undue prejudice to the opposing party or futility of amendment. *Forman v. Davis*, 371 U.S. 178,

2

182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss. *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 2002).

### 2. Plaintiffs FDCPA cause of action is futile because it is time barred by the statute of limitations.

Plaintiff alleges NCO placed an excessive number of calls to his phone number in an attempt to collect a debt from November of 2009 to April of 2010. *See* Plaintiff's proposed Second Amended Complaint at ¶ 31. The FDCPA has a 1 year statute of limitation. *See* 15 U.S.C. §1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court ... within one year from the date on which the violation occurs."). As such, plaintiff was required to bring his FDCPA cause of action no later than April of 2011. Plaintiff sought leave to file his proposed second amended complaint in August of 2012 and filed his initial complaint in November of 2011. Both are outside the FDCPA's 1 year statute of limitations. Consequently, amendment of the original complaint would be futile because the amended complaint could not withstand a motion to dismiss.

### 3. Plaintiff's TCPA cause of action is futile because it is also time barred by the statute of limitations.

Plaintiff alleges NCO called his cell phone number, without his express consent, from November of 2009 to April of 2010.[1] *See* Count III of plaintiff's proposed amended

---

[1] Plaintiff actually pleads NCO called his cell phone number from November of 2009 through April of 2011, however we believe that was a typo as plaintiff acknowledges in Count II, ¶ 31 that NCO called his cell phone

3

Complaint, ¶¶ 34 and 39. Under the TCPA, a state's statute of limitation applies. *See Giovanniello v. ALM Media, LLC*, 660 F.3d 587, 593 and 597 (2d Cir. 2011) (construing "the 'otherwise permitted' provision of 47 U.S.C. § 227(b)(3) to signal Congress's intent to allow state statutes of limitations to control a TCPA filing."). Georgia has a 2 year statute of limitations for invasion of privacy claims.[2] *See* 9-3-33. Since the calls were placed from November of 2009 to April of 2010, plaintiff was required to assert his TCPA claim by April of 2012.

Further, plaintiff's TCPA cause of action should not relate back to the initial complaint because he attempts to bring a claim that was never raised in the original petition. Rule 15(c) was intended to be used for a relatively narrow purpose. *Dean v. United States*, 278 F.3d 1218, 1221 (11th Cir. 2002). In the Advisory Committee Note to the 1991 amendments to Rule 15, the advisory committee states that "[t]he rule has been revised to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense." *Dean v. United States* at 1221. Thus, while Rule 15(c) contemplates that parties may correct

---

number through April of 2010, and as evidenced in plaintiff's Exhibit B, which shows NCO stopped calling plaintiff's alleged cell phone number in April of 2010.

[2] *See Hooters of Augusta, Inc. v. Am. Global Ins. Co.*, 157 F. App'x 201, 206 (11th Cir. 2005), holding the purpose of the TCPA is to protect a person's privacy rights. *Id. referencing as an example,* H.R. Rep. 102-317, at 5-6 (1991) ("The purpose of the bill (H.R.1304) is to protect residential telephone subscriber privacy rights by restricting certain commercial solicitation and advertising uses of the telephone and related telecommunications equipment.... H.R. 1304 is designed to return a measure of control to both individual residential telephone customers and owners of facsimile machines."). Indeed, the findings accompanying the TCPA legislation illustrate that Congress was expressly concerned about protecting privacy interests, including privacy interests in places of business. *See, e.g.,* Telephone Consumer Protection Act of 1991, Pub.L. No. 102-243, § 2(9), 105 Stat. 2394, 2394 ("Individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices."); *id.* § 2(14) ("Businesses also have complained to the Congress and the Federal Communications Commission that automated or prerecorded telephone calls are a nuisance, are an invasion of privacy, and interfere with interstate commerce.").

4

technical deficiencies or expand facts alleged in the original pleading, *it does not permit an entirely different transaction to be alleged by amendment. Id. referencing* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1497 (2d ed.1990). (emphasis added).

In other words, an amended complaint can be used to fill in facts missing from the original claim. *Dean v. United States* at 1222. However, where a plaintiff attempts to bring a claim that was never made at all in the original petition, the amended claim is time-barred because there is no claim in the original petition to which the amended claim could relate back to. *Id.* at 1223.

In the instant matter, plaintiff's initial complaint alleged an FCRA cause of action on the grounds that NCO pulled his credit report without a permissible purpose. Now plaintiff seeks leave to amend his complaint to add 2 new and entirely different causes of action not related in any way to the conduct alleged in the original complaint: an FDCPA cause of action in which he alleges NCO placed an excessive number of calls to his cell phone number, and a TCPA cause of action in which he alleges NCO called his cell phone number without his consent. The proposed new claims are time-barred because there is no claim in the original petition to which the amended claims could relate back to.

4.  **If plaintiff is permitted to proceed on the FDCPA and TCPA causes of action, NCO respectfully requests an extension of the discovery deadlines.**

If plaintiff is permitted to amend his complaint to proceed on the FDCPA and TCPA allegations, NCO respectfully requests this Honorable Court extend the discovery

5

deadlines by 60 days to allow NCO time to conduct discovery as to those claims. The current discovery completion deadline is September 17, 2012. NCO needs to discover if plaintiff and/or his mother-in-law actually owned the alleged cell phone number at the time NCO was allegedly collecting on the account. The documents attached to plaintiff's motion show ownership through 2008. Plaintiff has not produced any documents to indicate ownership of the number from November of 2009 to April of 2010. If plaintiff was not the owner of the cell number during the time of the alleged calls, he will be unable to prove he received an excessive number of calls to the number. Further, NCO would like to depose the corporate representative of First Premier Bank to determine how it obtained plaintiff's alleged cell phone number.

### III.  CONCLUSION

Based on the foregoing, NCO respectfully requests this Honorable Court deny plaintiff's motion for leave to amend his complaint.

Respectfully submitted,

**HALL, BOOTH, SMITH & SLOVER, P.C.**

*s/ Glenn E. Jones*
Glenn E. Jones, Esq.
Georgia Bar No.: 612374
3528 Darien Highway, Suite 300
Brunswick, Georgia 31525
Telephone No.: (912) 554-0093
Facsimile No.: (912) 554-1973
Email: gjones@hbss.net

-and-

*s/ Keren E. Gesund*
Keren E. Gesund, Esq. (*Pro Hac Vice*)
Louisiana Bar No.: 34397
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
3850 N. Causeway Boulevard, Suite 200
Metairie, LA 70002
Telephone No.: (504) 828-3700
Facsimile No.: (504) 828-3737
Email: kgesund@sessions-law.biz

Counsel for Defendant,
NCO Financial Systems, Inc.

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| WILLIAM H. CARTER,<br><br>          Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>          Defendant. | CASE No. 3:11-CV-00107-DHB-WLB |

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2012, I electronically filed the foregoing: **Defendant, NCO Financial Systems, Inc.'s Opposition to Plaintiff's Motion for Leave to Amend Complaint** with the Clerk of Court for the Southern District of Georgia by using the CM/ECF System. I also certify that I have mailed by United States Postal Service the document and a copy of the Notice of Electronic Filing to the following non-CM/ECF participants:

                        William H. Carter, Pro Se
                        311 Bethel Street
                        Eastman, Georgia 31023

                                              HALL, BOOTH, SMITH & SLOVER, P.C.

                                              *s/ Glenn E. Jones*
                                              Glenn E. Jones
                                              Georgia Bar No.: 612374

3528 Darien Highway, Suite 300
Brunswick, Georgia 31525
Telephone No.: (912) 554-0093
Facsimile No.: (912) 554-1973

C:\Documents and Settings\wjw\Local Settings\Temporary Internet Files\OLK1E7\881065 (4).doc