FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 SEP 17 AM 9:54

CLERK _____
SO. DIST. OF GA.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

William H. Carter )
      **Plaintiff** )
       )
       ) **Case No: CV 311-107-DHB-WLB**
**vs** )
       )
**NCO FINANCIAL SYSTEMS** )
      **Defendant** )
       )

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

Plaintiff, William H. Carter, asks the court to DENY defendant's, NCO FINANCIAL SYSTEMS, Motion for Summary Judgment and states the following:

### INTRODUCTION

1.    Plaintiff is William H. Carter; defendant is NCO FINANCIAL SYSTEMS, INC., (hereinafter NCO).

2.    On November 21, 2011 plaintiff sued defendant, NCO for violations of the Fair Credit Reporting Act (hereinafter FCRA) in the United States District Court, Southern District of Georgia, Dublin Division.

3.    Prior to service plaintiff amended the original complaint on January 6, 2012

4.    On April 4, 2012 defendant, NCO filed an Original Answer.

5.    On August 23, 2012 defendant, NCO filed a motion for summary judgment on plaintiff's cause of action for violations of the FCRA.

6.    Summary judgment is improper in this case because there are genuine issues of material fact on each element of plaintiff's cause of action for violations of the FCRA: no permissible purpose to obtain plaintiff's credit report.

## STATEMENT OF FACTS

7.    Defendants do not argue that they obtained the credit report of plaintiff.

8.    In Defendant's motion for summary judgment defendant states NCO had an *"account"* of **a** William H. Carter placed/referred to them for collection and therefore they allege they had permissible purpose to obtain plaintiff's consumer credit report.

9.    There is an affidavit attached to the defendant's motion stating that the *"account"* was placed/referred from FIRST PREMIER BANK to the defendant.

10.   There is no documentation whatsoever annexed to the affidavit or the pleading to evidence any contract or any other verified evidence of any alleged *"account"* with a William H. Carter.

11.   There are no documents purporting to evidence transfer of ownership of the alleged *"account"* to NCO or any documentation showing the actual existence of any alleged *"account"* from FIRST PREMIER BANK or any other entity alleged to be in the chain of ownership.

12.   The affidavit filed by the defendant refers to transactions involving placement or referral of ownership of the alleged *"account"* where there is no verified evidence of such that has been made a part of the record or entered into evidence as exhibits.

13.     The FCRA is primarily a consumer protection law that strictly regulates the
circumstances under which a consumer report may be obtained and how that report may
be used. In 2003 Congress adopted the *Fair and Accurate Credit Transactions Act*
(FACTA), which amended the FCRA to add more consumer protections and specifically
combat the growing threat of identity theft. The term *"credit"* is defined by the FCRA by
reference to the Equal Credit Opportunity Act and now after FACTA, the term "account"
is defined by reference to the Electronic Fund Transfer Act (EFTA) which describes an
*"account"* as *"a demand deposit, savings deposit, or other asset account (other than an
occasional or incidental credit balance in an open end credit plan as defined in section
1602(i) of this title)...."* Notably, an "open end credit plan" is essentially a standard
consumer credit card, which is excluded from the definition of *"account"* when the
balance is *"occasional or incidental"*.

14.     Unfortunately for the consumer, courts have not looked carefully enough at the limiting
statutory language and have allowed access to consumer reports in situations that
Congress likely did not intend. The recent FACTA amendments have further undermined
the validity of current interpretations of the FCRA. Even to the "least sophisticated"
consumer it is clear that Congress did not intend for debt collectors to rely on a non-
provable claim of *"intent"* or hide behind past practice to define permissible purpose.

15.     There is no statement made in the affidavit of Gregory Stevens as to what type of alleged
*"account"* (ie demand deposit, asset, credit, etc.) the defendant is referring to as being
referred to NCO which **could** give them any permissible purpose to obtain the credit
report of the Plaintiff even if such an *"account"* existed which has not been established
through verified evidence before the court. In *Miller v. Trans Union LLC*, United States

District Court, N.D. Illinois, Eastern Division (2007) the court states that "individuals who do not consent to a transaction deserve greater, not lesser, privacy protections under FCRA..." *See* also *Stergiopoulos v. First Midwest Bancorp.,Inc.*,427 F.3d 1043, 1047 (7th Cir. 2005), *("An entity may rely on subparagraph (3)(A) only if the consumer initiates the transaction. A third party cannot troll for reports, nor can it request a report on a whim... ")*. Defendant cites 15 U.S.C. § 1681b(a)(3)(A) in its motion for summary judgment as the basis for its permissible purpose yet no evidence before the court supports their contention.

16.   There is no verified evidence in any form that has been entered into the court record showing any account numbers, amounts alleged to be due, date of origination of the alleged *"account"*, current status, or dates and terms of referral or transfer of ownership of the alleged *"account"* to the defendant.

17.   Other than simple generic and non-specific statements in an affidavit made by an employee of the defendant there is no evidence in any form evidencing any *"account"* of William H. Carter, the plaintiff, existing that would allow any permissible purpose for the defendant to obtain the credit report of the Plaintiff under the FCRA. *See* Exhibits "H" and "I" at ¶ 17 (annexed to this document)

18.   At no time in the affidavit of Gregory Stevens did he state the dates of his employment with FIRST PREMIER BANK to be able to testify to any first-hand information regarding origination and maintenance of the books and records of FIRST PREMIER BANK or the referral or transfer of ownership of the alleged *"account"* to the defendant.

19.   At no time in the affidavit of Gregory Stevens did he state he was, or ever had been, the custodian of records for or at FIRST PREMIER BANK.

20.   At no time in the affidavit of Gregory Stevens did he state what actions if any were taken to ascertain the accuracy or validity of the information he states was provided by FIRST PREMIER BANK which his employer, NCO, used to justify its collection activities.

21.   Defendant cites *Korotki v. Attorney services Corp. Inc.* which is irrelevant to this cause of action in that it refers to an entity obtaining a consumer credit report for the purpose of obtaining a current address and the entity did not use it for any other purpose just as if it were a "promotional" pull. NCO did use plaintiff's consumer credit report to attempt to collect a debt which was not the plaintiff's debt. Defendant provided evidence of its continued collection actions after obtaining the consumer credit report of Plaintiff by providing documentation in response to Plaintiff's initial requests for production of documents. *See* Exhibit C, (annexed to docket #18).

22.   In response to an initial Letter of Intent to Sue and a Demand for Validation sent to NCO on October 28, 2011 Plaintiff received an email from Michelle H. Lyon of Sessions, Fishman, Nathan & Isreal, L.L.C. dated November 2, 2011 stating... "NCO was not able to identify the correct account." *See* Exhibit "J" at ¶ 22 (annexed to this document).

23.   After responding to Ms. Lyon's first letter and refusing to disclose his social security number, stating further that he had no account number to give her, he received a second email from Ms. Lyon dated November 4, 2011 in which she stated.. "a "*creditor*" had "*hired*" NCO to collect on an "*account*". Ms. Lyon further stated NCO had made a "*business decision*" to "*close*" the "*account*" and would assume all issues to be resolved. *See* Exhibit "K" at ¶23 (annexed to this document). Both Exhibits "J" and "K" would indicate that defendant's counsel had full and prior knowledge of plaintiff's efforts to "mitigate" this matter before litigation in direct contradiction to the defendant's assertion

that plaintiff made no effort to mitigate his damages and constitutes a lack of candor before the court. See doc. #9 pg 4, Affirmative Defenses ¶ 4.

24. In defendant's motion for summary judgment NCO now claims to have been "*referred*" an "*account*" of a William H. Carter from FIRST PREMIER BANK and includes an affidavit from an NCO employee which is simple hearsay and brings forth no fact evidence whatsoever before the court. It would appear that NCO had no "*claim*" as to what account "*might*" have given them permissible purpose to obtain Plaintiff's consumer credit report until they were convinced plaintiff intended to pursue the matter by bringing a cause of action in this court.

25. Defendant now claims a "*good faith error*" in attempting to collect on a debt not belonging to plaintiff. Defendant has refused to provide any evidence of "*maintenance of procedures*" reasonably adapted to avoid any such error. It is a common maxim that "*ignorance of the law will not excuse any person, civilly or criminally.*" Barlow v United States, 7 Pet. 404,411. As a professional debt collection company, NCO has the responsibility to have "*policies and procedures to avoid errors*" in place to avoid violations of the consumer protection laws Congress put in place to protect consumers.

26. Defendant has been consistent with contradictions but has brought forth no fact evidence to support their claim of permissible purpose. Confusion or double hearsay as presented in the affidavit of Gregory Stevens does not equate to "*reasonable belief*".

## STANDARD OF REVIEW

27.     Although summary judgment is proper in any case where there is no genuine issue of
        material fact, this is not a case in which the court should grant summary judgment. See
        Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552
        (1986).

28.     Fed. R. Civ. P. 56(c) provides that summary judgment is proper "if the pleadings,
        depositions, answers to interrogatories, and admissions on file, together with the
        affidavits, if any, "show" that there is no genuine issue as to any material fact and that the
        movant is entitled to a judgment as a matter of law". A dispute about material fact is
        genuine "if the evidence is such that a reasonable jury could return a verdict for the
        unmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Defendant
        has filed a Motion for Summary Judgment in the middle of the discovery process after
        refusing to provide documents requested by plaintiff. It would appear the defendant is
        attempting to avoid detailed discovery by filing for summary judgment. The trial court
        must resolve all reasonable doubts in favor of the party opposing the motion for summary
        judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2nd
        598,602 (5th Cir. 1981)(citations omitted). The substantive law identifies which facts are
        material. *Anderson*, 477 U.S. at 248.

29.     The purpose of the FCRA is to "require that consumer reporting agencies adopt
        reasonable procedures for meeting the needs of commerce for consumer credit,
        personnel, insurance and other information in a manner which is fair and equitable to the
        consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization
        of such information..." 15 U.S.C. § 1681b. Although the stated purpose only references

consumer reporting agencies, the FCRA also protects consumers from any "person" who obtains or uses a consumer report for an impermissible purpose.

30.     A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or (2) showing there is no evidence to support an essential element of plaintiff's claim. J. Giles Band Employee Benefits Plan v. Smith Barney Shearson, Inc., 76 F3d 1245, 1251 (1st Cir. 1996); See Celotex Corp., 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Only if defendant meets their burden is plaintiff required to respond by summary judgment proof to show a genuine issue of material fact. Fed. R. Civ. P. 56(e).

31.     In determining whether there is a disputed issue of material fact that precludes summary judgment, the court must consider all evidence in the light most favorable to plaintiff as the non-movant. Garcia v. Pueblo Country Club, 229 F.3d 1233, 1236-37 (10th Cir. 2002).

32.     For the defendant to successfully argue for summary judgment they must show that there are no issues of material fact as to any elements of the plaintiff's cause of action where the only element is whether defendants had a permissible purpose to obtain plaintiff's credit report.

33.     The defendant must therefore prove through evidence before the court rather than conclusory statements or speculation that they had a permissible purpose to pull the plaintiff's credit report.

34.     The only evidence offered by the defendant is the affidavit of Gregory Stevens, an employee of NCO, which states nothing more than he is familiar with the alleged

account, some basic alleged details, it's alleged chain of ownership, an exhibit which does not comport with evidence under Federal Rules of Evidence, and the lawsuit filed by the plaintiff.

35. The affidavit states there is an account referred to NCO that allegedly originated with FIRST PREMIER BANK but there is no documentation on the record whatsoever to show that had occurred or that it belonged to plaintiff.

36. There is not one document in the record submitted by the defendant as verified evidence to show the existence of any alleged "*account*" of the plaintiff indicating what type of account it is, who the alleged original creditor is, its origination date, any amounts that may be owed, any contract, or any identifying information regarding the alleged "*account*".

37. The affidavit does nothing more than refer to facts not in evidence and refers to events regarding chain of ownership of the alleged account where there is no verified evidence of said alleged facts or events before the court.

38. The statements in the affidavit are nothing more than hearsay, are not supported by any verified documentation whatsoever and should not be considered by the court.

39. The statements in the defendant's motion attempting to use the affidavit with no other verified evidence to support it as a grounds for summary judgment are conclusory without question and cannot support a motion for summary judgment. *See Celotex Corp.* 477 U.S. at 327, 106 S.Ct. at 2555.

## OBJECTIONS

40.     The evidence submitted in support of defendant's motion should not be considered by the court because it is not properly authenticated, is hearsay, and refers to facts not in evidence before the court. The court should strike the following summary judgment proof:

      a.   Defendant relies on a defective affidavit.

- Defendant states they rely solely on the affidavit of one of their own employees to authenticate records he has no factual firsthand knowledge of as to their accuracy and validity.

- The affidavit refers to facts not in evidence before the court.

- The affidavit has not been authenticated before the court and is hearsay.

## SUMMARY JUDGMENT EVIDENCE

41.     In support of his response, plaintiff includes the following evidence in the attached Affidavits and Exhibits:

      a.     The affidavit of William H. Carter, (Exhibit "H"), establishes the facts that there is no evidence before the court that there is an account of William H. Carter in existence, that NCO is the owner of the account, or was referred the account and would have permissible purpose to obtain plaintiff's credit report. William H. Carter never gave NCO permission to obtain his credit report.

      b.     The affidavit of Jackie Price, (Exhibit "I"), establishes the ownership of the cell phone account which encompassed the cell phone and number used by Plaintiff which affiant Gregory Stevens claims was given to NCO by FIRST PREMIER

BANK and for which she never provided information to FIRST PREMIER BANK or to NCO.

c.    Email dated November 2, 2011 from Michelle H. Lyon of Sessions, Fishman, Nathan & Israel, L.L.C., (Exhibit "J").

d.    Email dated November 4, 2011 from Michelle H. Lyon of Sessions, Fishman, Nathan & Israel, L.L.C., (Exhibit "K")

## Conclusion

42.    The defendant has not met their burden to show that there are no material facts at issue for any element of the plaintiff's complaint. In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists." Lynch v. Props., 140 F.3d at 625.   The defendant has proffered nothing more than a generic affidavit from an employee with statements that reference alleged facts, events and documents where no evidence has been brought before the court to substantiate the alleged claims of owning the alleged "account" or having said "account" placed/referred establishing any legitimate "account" which **could** give them permissible purpose to obtain plaintiff's credit report.

WHEREFORE, because the Defendant has failed to show there are no issues of material fact before the Court the Plaintiff respectfully requests the Court DENY the Defendant's motion for summary judgment, strike the Defendant's affidavit and allow Plaintiff's claim to move forward to trial on the merits.

Dated: September 13, 2012

Respectfully Submitted,

William H. Carter
311 Bethel Street
Eastman, Georgia
31023
Tel.: 478-689-0708

# EXHIBIT "H" at ¶ 17

## AFFIDAVIT OF FACT OF WILLIAM H. CARTER

NOW COMES the Affiant/Plaintiff, William H. Carter of Dodge County, Georgia who is over the age of 21, competent to testify, and declares as follows under penalty of perjury regarding Case No. 3:11-cv-00107-DHB-WLB, William H. Carter vs. NCO FINANCIAL SYSTEMS, INC.:

1. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that NCO FINANCIAL SYSTEMS, INC. is the owner of any account of William H. Carter.

2. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that NCO FINANCIAL SYSTEMS, INC. was referred or assigned any account of William H. Carter as stated in the AFFIDAVIT of Gregory Stevens.

3. The Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that NCO FINANCIAL SYSTEMS, INC. acquired any account of William H. Carter as stated in the AFFIDAVIT of Gregory Stevens.

4. The Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that NCO FINANCIAL SYSTEMS, INC. was referred or assigned any account of William H. Carter from FIRST PREMIER BANK as stated in the AFFIDAVIT of Gregory Stevens.

5. The Affiant/Plaintiff is in possession of an unsolicited letter from FIRST PREMIER BANK stating that he is NOT responsible for the alleged account referred to in the AFFIDAVIT of Gregory Stevens, and used to establish permissible purpose by

Defendant, NCO FINANCIAL SYSTEMS, INC. (*See* Exhibit A, attached to docket number 18)

6. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that there is any account of William H. Carter that originated with FIRST PREMIER BANK where there is any balance due and owing that could be collected by NCO FINANCIAL SYSTEMS, INC.

7. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that there is any permissible purpose for the defendant in Case No. 3:11-cv-00107-DHB-WLB in the United States District Court for the Southern District of Georgia, Dublin Division to obtain the credit report of William H. Carter.

8. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that Affiant/Gregory Stevens has any first hand fact knowledge of any legitimate alleged account of William H. Carter with FIRST PREMIER BANK or any other entity.

9. That Affiant/Plaintiff at no time gave permission to NCO FINANCIAL SYSTEMS, INC. to obtain his credit report.

NOTARY SIGNATURE ON NEXT PAGE

## NOTARY'S VERIFICATION

STATE OF GEORGIA

COUNTY OF DODGE

On this day personally came before me the above-named Affiant, who proved his identity to my satisfaction, and he acknowledged his signature on this Affidavit in my presence and stated that he did so fully understanding that he was subject to the penalties of perjury.

### AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this Affidavit to be true and correct.  I hereby further affirm that the basis of these beliefs is my own direct knowledge of the statements described herein.

Further the Affiant sayeth naught.

Signed in Eastman, Georgia

September _11_, 2012

_William H. Carter_
William H. Carter

Name of Notary: _Robin Brown_

Signature of Notary: _Robin Brown_

# EXHIBIT "I" at ¶ 17

## AFFIDAVIT OF FACT OF JACKIE PRICE

NOW COMES the Affiant, Jackie Price of Dodge County, Georgia who is over the age of 21, competent to testify, and declares as follows under penalty of perjury regarding Case No. 3:11-cv-00107-DHB-WLB, William H. Carter vs. NCO FINANCIAL SYSTEMS, INC.:

1. That Affiant was the account holder of an Alltel mobile telephone account # 2190931812-690, during the years 2008 thru 2010 which encompassed five separate phones with five separate phone numbers.

2. One of the aforementioned phones and phone numbers was retained by Affiant for personal use. The other phones and phone numbers were given to family members for their use with the understanding that each would pay for their usage each month while the account was active.

3. The Affiant assigned the phone with the number of 478-689-6028 to William H. Carter, her son in law, for his exclusive use during the years 2008 thru 2010.

4. The Affiant did not provide any of the five cell phone numbers to FIRST PREMIER BANK or NCO FINANCIAL SYSTEMS, INC. nor did Affiant ever grant express consent for either entity to call any of said cell phone numbers.

NOTARY SIGNATURE ON NEXT PAGE

## NOTARY'S VERIFICATION

STATE OF GEORGIA

COUNTY OF DODGE

On this day personally came before me the above-named Affiant, who proved his identity to my satisfaction, and he acknowledged his signature on this Affidavit in my presence and stated that he did so fully understanding that he was subject to the penalties of perjury.

### AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this Affidavit to be true and correct.  I hereby further affirm that the basis of these beliefs is my own direct knowledge of the statements described herein.

Further the Affiant sayeth naught.

Signed in Eastman, Georgia

September _11_, 2012

_Jackie Price_
Jackie Price

Name of Notary: _Robin Brown_

Signature of Notary: _Robin Brown_

[Notary Seal: PUBLIC · DODGE COUNTY, GA · Exp. Apr. 19, 2013]

# EXHIBIT "J" at ¶ 22



THE SESSIONS FIRM **SESSIONS FISHMAN NATHAN ISRAEL** L.L.C.

MICHELLE H. LYON
Direct: (504) 846-7918
mlyon@sessions-law.biz

November 2, 2011

Via E-Mail: willcarter777@yahoo.com

Mr. William H. Carter
311 Bethel St.
Eastman, GA 31023

> Re: **William H. Carter v. NCO Financial Systems, Inc.**
> **NCO account no. Unknown**
> **Client account no. Unknown**

Dear Mr. Carter:

SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C., represents NCO Financial Systems, Inc. (NCO), regarding the issues raised in your October 28, 2011 letter.

Due to insufficient information in the letter, NCO was not able to identify the correct account. At your earliest convenience, please provide us with any additional information you have, including the account number, if known, your client's social security number, all phone numbers that were called and all of the NCO materials that were forwarded to your client, so that NCO can proceed with the investigation of this matter.

Please contact me with any questions and thank you for your cooperation.

Very truly yours,

/s/ *Michelle H. Lyon*

Michelle H. Lyon

MHL:aa
cc:    David Israel, Esq.
\\sfnfs02\prolawdocs\6947\6947-18399-03066-Carter, William H. (Pro Se)\593615.doc

---

Lakeway Two    Suite 200    3850 North Causeway Boulevard    Metairie, Louisiana    70002-7227
(504) 828-3700    (504) 828-3737 F    www.sessions-law.com
ALIFORNIA ■ COLORADO ■ FLORIDA ■ GEORGIA ■ ILLINOIS ■ LOUISIANA ■ NEW JERSEY ■ NEW YORK ■ TI

# EXHIBIT "K" at ¶ 23



**SESSIONS
FISHMAN
NATHAN
ISRAEL** L.L.C.
ATTORNEYS AT LAW

MICHELLE H. LYON
Direct: (504) 846-7918
mlyon@sessions-law.biz

November 4, 2011

Via E-Mail: willcarter777@yahoo.com

Mr. William H. Carter
311 Bethel St.
Eastman, GA 31023

     Re:   **William H. Carter v. NCO Financial Systems, Inc.**
             **NCO account no. AJO893**
             **Client account no. 5433628768921656**

Dear Mr. Carter:

     In response to your letter of October 28, 2011, be advised that NCO Financial
Systems, Inc. (NCO) is a debt collection agency. Your creditor hired NCO to collect the
overdue amount owed on your account. At times, when an account is placed, NCO
acquires the debtor's credit report for the permissible purpose of collecting on the
overdue debt. Per the federal Fair Credit Reporting Act:

     **§ 604. Permissible purposes of consumer reports [15 U.S.C. § 1681b]**
          A consumer reporting agency may furnish a consumer report under the
following circumstances and no other:
     (3)  To a person which it has reason to believe -
     (A) intends to use the information in connection with a credit transaction
involving the consumer on whom the information is to be furnished and
involving the extension of credit to, or review or collection of and account of,
the consumer;

     Your letter was just forwarded to me. NCO has made the business decision to
close the above referenced account. With this information, I assume that all issues raised
in your October 28, 2011 letter are now addressed. Please contact me with any questions
and thank you for your cooperation.

                        Very truly yours,
                        */s/ Michelle H. Lyon*

MHL:aa                    Michelle H. Lyon
cc:     David Israel, Esq.
\\fs-fs02\proawdocs\6947\6947-18399-03060\Carter, William H. (Pro Se)\596625.doc

Lakeway Two   Suite 200   3850 North Causeway Boulevard   Metairie, Louisiana   70002-7227
(504) 828-3700   (504) 828-3737 F   www.sessions-law.com

CALIFORNIA ■ COLORADO ■ FLORIDA ■ GEORGIA ■ ILLINOIS ■ LOUISIANA ■ NEW JERSEY ■ NEW YORK ■ TEXAS

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

**William H. Carter** )
    **Plaintiff** )
 )
 )   **Case No: CV 311-107**
**vs** )
 )
**NCO FINANCIAL SYSTEMS** )
    **Defendant** )
 )

## CERTIFICATE OF SERVICE

This is to certify that I have mailed copies of the above document by first class mail USPS to all parties listed below.

**Dated: September 13, 2012**

**Respectfully Submitted,**

**William H. Carter**
**311 Bethel Street**
**Eastman, Georgia 31023**
**478-689-0708**

**NCO FINANCIAL SYSTEMS**
**C/O Glenn E. Jones**
**Hall, Booth, Smith & Slover, P.C.**
**3528 Darien Highway, Suite 300**
**Brunswick, Georgia 31525**
**(912) 554-0093**



Clerk of Court
P.O. Box 1130
Augusta, Georgia
30903

Carter
311 Bethel St.
Eastman, Georgia
31023

U.S. POSTAGE
PAID
EASTMAN, GA
31023
SEP 21, 12
AMOUNT
$2.50

1000    30603
0009860060-04