UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 SEP 18  PM 12: 02
CLERK_____
SO. DIST. OF GA.

William H. Carter )
    Plaintiff )
)
vs ) Case No: CV 311-107-DHB-WLB
)
)
NCO FINANCIAL SYSTEMS, INC. )
    Defendant )
)

## PLAINTIFF'S BRIEF IN SUPPORT
## OF HIS MOTION FOR LEAVE TO AMEND

Plaintiff, William H. Carter, submits this brief in support of his motion for leave to amend, objects to defendant, NCO's opposition and states the following:

### INTRODUCTION

1. On January 6, 2012 plaintiff filed an amended complaint alleging NCO willfully violated the FCRA by obtaining plaintiff's credit report without a permissible purpose. *See* Doc. #5.

2. On July 30, 2012 in response to plaintiff's request for production of documents, defendant provided plaintiff with documented evidence of 105 calls to his cell phone between April of 2009 and April of 2010. *See* Exhibit B, annexed to Doc.#18.

3. On or about Friday, August 3, 2012 Plaintiff communicated via email and telephone with both counsels for defendant and sought agreement to amend his complaint to include the newly discovered violations of TCPA 15 U.S.C., § 227 *et seq.* Counsel for defendant responded via email and stated, "*We <u>won't object</u> to you seeking leave to amend, provided you stipulate to amend the scheduling order (pushing back the discovery*

*deadlines) so that we can do discovery on your new claims*". *See* Exhibit "L" (annexed to this document)

4. On August 9, 2012 defendant served its First Set of Interrogatories, Admissions, and Request for Production of Documents to plaintiff. Of the 15 requested Admissions, 5 were specifically related to the phone calls placed by NCO to plaintiff's cell phone. Of the 25 Interrogatory questions propounded by defendant, 5 referred to the calls and of the 11 Requests for Production of Documents, 3 were for documents relating to the calls.

5. On August 15, 2012 Plaintiff filed a Motion for Leave to Amend with Second Amended Complaint annexed. Plaintiff stated that defendant had agreed to the amended complaint but had stated they wanted extension of discovery. *See* Doc. #18 ¶ 1. Plaintiff expressed that he did not see a legitimate reason to extend discovery but did not expressly oppose it.

6. On August 28, 2012 defendant sent a *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* to Alltel Wireless and Neustar Legal Compliance, (Custodian of Records for Alltel Wireless). Plaintiff had previously supplied the identity of the cell phone carrier and informed defendant that he had attempted to obtain records directly from them but had been told they do not retain any account records beyond 45 days of an account being closed. The answer to the subpoena returned by Neustar Legal Compliance stated they had no records to supply to defendant. Plaintiff had further stated on multiple occasions that he did not own the account but that his mother in law did. Plaintiff stated he was simply one of four of her relatives using one of the five phones included in the account. *See* Exhibit "I" (affidavit of Jackie Price annexed to plaintiff's Motion in Opposition to defendant's Motion for Summary Judgment.)

7. On August 23, 2012 defendant filed a Motion for Summary Judgment on the amended complaint filed on January 6, 2012.

8. On September 9, 2012 defendant filed an Opposition to Plaintiff's Motion for Leave to Amend Complaint.

9. On September 13, 2012 plaintiff filed a Memorandum in Opposition to defendant's Motion for Summary Judgment.

## STATEMENTS OF FACT

10. Plaintiff stipulates to this honorable court that the following dates in his documents were typographical errors and begs the courts forgiveness and acceptance of his corrections:

    a. Doc. #21 ¶3, date should be July 30, 2012 not June 30, 2012

    b. Doc. #21 pg. 2 ¶ 3 August 13, 2012 should be on or about August 20, 2012 to the best of plaintiff's recollection.

    c. Doc.#18 Count III, ¶39, defendant is correct the date should be April 2010 not April 2011.

## ARGUMENT

11. Federal Rule of Civil Procedure 15, provides for liberal amendment of pleadings. Rule 15(c) is the source of the "relation back" doctrine, which allows plaintiff's to amend a timely filed complaint to add a new defendant after the statute of limitations has run. See Krupski v. Costa Crociere S.P.A., 130 S. Ct. 2485. Plaintiff, William H. Carter is not seeking to add another defendant at this time; rather he seeks to add evidence of previously undiscovered violations directly related to the original cause of action which was violation of the FCRA cited in his complaint filed January 6, 2012.

12. Defendant objects to Plaintiff's Motion for Leave to Amend on the grounds of futility and a claim that the additional violations cited in Plaintiff's motion are outside the statute of limitations.

13. Defendant cites *Giovanniello v. ALM Media, LLC.*, which does not support defendant's claim of a two year statute of limitations. In ordering dismissal in *Giovanniello*, the district court did not decide whether Conn. Stat. § 52-57oc(d) applied to the case. Instead, it concluded that the action, filed by plaintiff, Earle Giovanniello on September 9, 2009, with respect to a fax transmitted by ALM Media, LLC on January 28, 2004, was untimely even under the <u>four-year limitations period</u> of 28 U.S.C. § 1658(a). The plaintiff had filed multiple improper class action complaints which did not succeed and by the time the case was decided his limitations period had run.

14. In Hooters of Augusta, Inc. v Nicholson, 245 Ga. App. 363, 365-66, 537 S.E.2d 468, 470-71 (2000) the court construed the TCPA to provide a remedy for Georgia citizens and determined that Georgia law did not expressly prohibit private TCPA actions. This is the case which led to Hooters of Augusta, Inc. v Am. Global Ins. Co., where Hooters was attempting to assign the $9 million judgment to its insurance carrier and was eventually ruled by the appellate court in Hooters' favor. This case has absolutely no relevance whatsoever to the type of violations plaintiff, William H. Carter is alleging and the context of the argument made by defense is completely misconstrued.

15. Plaintiff has not brought allegations under Georgia state law in regard to "invasion of privacy" but has brought allegations of violations of Federal Statute 47 U.S.C. § 227(b)(1)(A)(iii) which is subject to the <u>four year statute of limitations</u> period. The violations alleged by the plaintiff took place between November of 2009 and April of

2010 and are clearly within four years of the date the plaintiff filed his amended complaint.

16. The U.S. Constitution contains a "Supremacy Clause", which provides: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof,*** shall be the supreme Law of the Land, and the Judges in every State shall be bound thereby, any Thing in the Constitution of Laws of any State to the Contrary notwithstanding." U.S. Constitution, Article VI, cl. 2.

17. Given the TCPA's lack of an express limitations period and the inherent uncertainty in selecting an analogous state statute of limitations, 28 U.S.C. § 1658's <u>four-year</u> statute of limitations is appropriate for TCPA actions. *See Stern v. Bluestone* 47 A.D.3d 576, 850 N.Y.S. 2d 90, 2008 and *Worsham v. Fairfield Resorts, Inc.*, No. 1058 (Md. Ct. Spec. App. -- September 2009). The court should look at the plain language of the statute when making its decision in this matter.

18. While the plaintiff in this action, William H. Carter was fully aware during the period of November of 2009 and April of 2010 that his cell phone was being called by an unauthorized third party, often several times a day, he was not aware of the identity of the entity calling. The calls were automated and caller ID did not reveal the caller. On the few occasions plaintiff answered the calls there was no live person on the other end upon his initial "hello" and he hung up. Plaintiff was also unaware until he began to study the Federal Statutes of Consumer Protection Law, specifically the TCPA & the FDCPA that the calls constituted any actionable violations.

19. Likewise, plaintiff was not aware that the violation of the FDCPA pursuant to 15 U.S.C. § 1692d(5) existed until receiving the call records provided by the defendant during discovery.

20. Plaintiff contends that the additional violations brought in his second amended suit are linked to the allegation of violation of the FCRA in his complaint filed January 6, 2012. The calls to his cell phone began on November 10, 2009 as evidenced by the documents provided to plaintiff by the defendant. *See* Exhibit "B" Doc. #18. The defendant also obtained plaintiff's TransUnion consumer credit report in November of 2009 which would indicate the two separate actions of defendant arose from the same intent and are inextricably linked.

21. Defendant has had ample time, indeed extra time beyond the agreed to schedule to propound discovery in regard to the additional allegations brought in plaintiff's second amended suit. Defendant has focused on those issues throughout the discovery materials already propounded on and answered by plaintiff.

22. Plaintiff has already provided evidence of his possession and exclusive use of the cell phone in question at the time of the violations by documents provided to defendant and the affidavit of his mother in law, Jackie Price who owned the Alltel service account. See Exhibit "I" (annexed to plaintiff's Memorandum in Opposition to defendants Motion for Summary Judgment). The documents provided by the defendant clearly show they had plaintiff's cell phone number that was assigned to his name and that they called it in excess of one hundred times.

## CONCLUSION

Based on the foregoing, plaintiff, William H. Carter requests this Honorable Court DENY defendant's request to deny plaintiff's Motion for Leave to Amend.

Dated this 15th day of September 2012

Respectfully Submitted,

*/s/ William H. Carter*

William H. Carter

# EXHIBIT "L" at ¶ 3

Good Afternoon,

We won't object to you seeking leave to amend, provided you stipulate to amend the scheduling order (pushing back the discovery deadlines) so that we can do discovery on your new claims.

**Keren E. Gesund, Attorney | Sessions, Fishman, Nathan & Israel, L.L.C.**
Direct: 504.846.7949 | Fax: 504.828.3737 | kgesund@sessions-law.biz
3850 N. Causeway Blvd., Suite 200, Metairie, LA 70002-7227   Main: 504.828.3700
Direct Links: EMAIL • WEBSITE
California • Colorado • Florida • Georgia • Illinois
Louisiana • New Jersey • New York • Ohio • Texas

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

| | |
|---|---|
| William H. Carter ) | |
|     Plaintiff ) | |
| ) | Case No: CV 311-107 |
| vs ) | |
| ) | |
| NCO FINANCIAL SYSTEMS ) | |
|     Defendant ) | |
| ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have mailed copies of the above document by first class mail USPS to all parties listed below.

Dated: September 15, 2012

Respectfully Submitted,

*/s/ William H. Carter*

William H. Carter
311 Bethel Street
Eastman, Georgia 31023
478-689-0708


NCO FINANCIAL SYSTEMS
C/O Glenn E. Jones
Hall, Booth, Smith & Slover, P.C.
3528 Darien Highway, Suite 300
Brunswick, Georgia 31525
(912) 554-0093



Express Mail mailing envelope, USPS postage $12.95, Eastman GA, Sep 17 '12. From: Carter, 311 Bethel St, Eastman GA 31023. To: Clerk US District Court, 600 James Brown Blvd, Augusta GA.