UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA

WILLIAM H. CARTER,

        Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.,

        Defendant.

CASE No. 3:11-CV-00107-DHB-WLB

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Defendant, NCO Financial Systems, Inc. ("NCO"), submits this memorandum in support of its Opposition to plaintiff's motion to compel discovery.

### I. INTRODUCTION

On September 4, 2012, plaintiff filed a Motion to Compel Discovery. The motion contains numerous factual misstatements and is unclear as to what plaintiff seeks from NCO. Plaintiff's motion to compel is improper as plaintiff failed to confer in good faith with NCO to resolve his discovery disputes prior to filing the motion.

### II. LAW AND ARGUMENT

**1. Plaintiff failed to confer in good faith with NCO to resolve his discovery disputes.**

According to Federal Rule of Civil Procedure, Rule 37, "a party may move for an order compelling disclosure or discovery." However, in order to file a motion to compel, the moving party must certify "that the movant has in good faith conferred or attempted

to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." In the instant matter, plaintiff failed to confer with NCO in good faith prior to moving for an order compelling disclosure or discovery. As set forth below, plaintiff contacted NCO on August 22, 2012 to dispute NCO's discovery responses. Beginning August 23, 2012, NCO conferred with plaintiff to obtain clarification of his objections and find a way to resolve the dispute. There was one week during Hurricane Isaac when NCO's counsel could not communicate with plaintiff. Contrary to plaintiff's belief that Hurricane Isaac was not such a bad storm, the office of NCO's counsel was closed from August 28, 2012 through September 3, 2012. *See* attached Affidavit of Keren Gesund at ¶ 10. Rather than follow up with NCO, plaintiff filed the present motion to compel.

## 2. It is not clear what discovery plaintiff is seeking to compel.

Plaintiff's Interrogatory No. 4 requests NCO:

> State all of the facts and describe all actions you took including but not limited to correspondence and communications with any consumer reporting agency, creditor, or potential creditor, with regard to or which in any way references Plaintiff and/or any alleged account for Plaintiff for which you are claiming to have/had permissible purpose to obtain Plaintiff's credit report.

NCO responded as follows:

> **ANSWER:** NCO objects to this Interrogatory as vague and overbroad. Notwithstanding said objections, First Premier Bank placed account AJ0893 with NCO for collection on November 10, 2009. The account was

not credit reported by NCO. A notice letter[1] was forwarded to plaintiff on November 19, 2009. On November 15, 2009, a credit bureau report was pulled. NCO asserts that it had permissible purpose to pull plaintiff's credit report pursuant to the provisions of the Fair Credit Reporting Act.

Plaintiff's objection to NCO's answer to Interrogatory No. 4 in the motion to compel states:

> Defendant references letters never received by Plaintiff and makes claims not substantiated by supporting evidence while in possession of a letter written by the alleged original creditor Defendant is alleging gave them permissible purpose. The letter states Plaintiff had no such account and Defendant is therefore knowingly and willfully dodging the question. (*See Exhibit A, docket number 18*) (emphasis not added). Defendant simply makes statements masquerading as fact.

Plaintiff appears to be objecting to the truthfulness of NCO's answer. But it's not clear what additional discovery he is seeking. Plaintiff refers to a letter he obtained from First Premier Bank, after the filing of his initial complaint, which indicates his account with First Premier Bank was fraudulent. He appears to use this as evidence of the alleged untruthfulness of NCO's statement, but does not explain what other information he is seeking from NCO.

Plaintiff's Interrogatory No. 5 requests NCO:

> Describe in detail your exact procedures designed to assure the maximum possible accuracy of the information you use to ensure the fulfillment of your duty to ascertain if there was any permissible purpose before obtaining Plaintiff's credit report

---

[1] NCO explained to plaintiff that the notice letter referenced in NCO's response is the initial notice a debt collector is required to provide to a debtor advising the debtor of his right to dispute the debt and request validation. *See* attached Affidavit of Keren Gesund at ¶ 14, Exhibit "J."

NCO responded as follows:

> **ANSWER:** NCO objects to this Interrogatory as vague, ambiguous and seeking confidential and proprietary information. NCO will produce a copy of its policies and procedures upon entry of a Protective Order.

NCO remains willing to produce responsive documents upon entry of a Protective Order. Plaintiff initially agreed to execute the protective order, but later refused believing it applies retroactively. *See* attached Affidavit of Keren Gesund at ¶¶ 9 and 13, Exhibits "F" and "I." NCO has notified plaintiff that the protective order was not intended to apply retroactively and has requested he identify the offending language in the proposed protective order so that it may be amended. *See* attached Affidavit of Keren Gesund, Exhibit "J." A copy of the proposed protective order is attached to Exhibit "G."

Plaintiff's Interrogatory No. 6 requests NCO:

Describe in detail your exact procedures designed to assure the proper reinvestigation of disputed consumer data and the overall accuracy of the information used.

NCO responded as follows:

**ANSWER:** Refer to objections and response to Interrogatory No. 5.

NCO maintains its objections as stated and further objects that the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Reinvestigation procedures under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* apply to furnishers of information. *See* U.S.C. § 1681s-2(a). Further, a furnisher of information is only required to conduct a reinvestigation upon receipt of a dispute from the credit reporting agency. *See* U.S.C. § 1681s-2(b)(1).

Plaintiff's complaint is based on an allegedly impermissible credit pull, not the furnishing of inaccurate information to a credit reporting agency. Plaintiff has not pled any facts showing NCO credit reported his account nor that he disputed the debt to the credit reporting agencies that would trigger NCO's duty of reinvestigation. As such, NCO's reinvestigation procedures are not likely to lead to the discovery of admissible evidence.

Plaintiff's Interrogatory No. 7 requests NCO

> Describe in detail any verifiable, bona fide, Original contract between any entity and Plaintiff containing Plaintiff's signature creating any obligation that NCO could have any right to collect.

NCO responded as follows:

> **ANSWER:** NCO objects to this Interrogatory as overbroad. NCO does not have the original contract between plaintiff and First Premier Bank.

NCO answered Interrogatory No. 7 to the best of its ability. It did not have the original contract between First Premier Bank and plaintiff. However, NCO subpoenaed and received First Premier's records a copy of which was provided to plaintiff.

### 3. NCO objects to plaintiff's misstatements.

In the motion to compel, plaintiff alleges NCO advised him that discovery responses "would not be necessary because the case would be dismissed"; that NCO failed to timely amend its discovery responses; and that plaintiff's motion for leave to amend his complaint was "unopposed and agreed to". These statements are inaccurate. Counsel for NCO has never advised plaintiff that discovery responses are unnecessary. Additionally, NCO was communicating with plaintiff about its discovery responses when plaintiff filed

the motion to compel. Finally, NCO did not agree to allow plaintiff to file a motion for leave to amend and did in fact oppose it.

Plaintiff alleges he spoke to the undersigned multiple times requesting NCO's responses and amendments to plaintiff's discovery requests, and that she notified plaintiff NCO did not need to respond because the case would be dismissed when she filed her motion to dismiss. Plaintiff is either confused or misstating facts. At no time did counsel ever tell plaintiff that responding to his discovery requests was unnecessary. *See* attached Affidavit of Keren Gesund at ¶ 3.

When asked to retract this misstatement, plaintiff responded that he had witnesses that counsel advised him during settlement discussions that she would move to dismiss the case. *See* attached Affidavit of Keren Gesund at ¶ 13, Exhibit "I." NCO agrees that it refused to settle the case and advised plaintiff that it would move to dismiss this case as a matter of law, as there are no factual disputes at issue. *See* attached Affidavit of Keren Gesund at ¶ 16. However, the undersigned never advised plaintiff that responding to his discovery requests "would not be necessary because the case would be dismissed" as plaintiff alleges.

Plaintiff also alleges he communicated with NCO on August 13, 2012, and "demanded discovery answers be amended and answered properly ... by Friday, August 24, 2012." Plaintiff has agreed to amend his motion to show that the communication was actually made on August 22, 2012. *See* attached Affidavit of Keren Gesund at ¶ 13, Exhibit "I."

The next day, on August 23, 2012, NCO attempted to address plaintiff's requests and proposed entering a Protective Order for the confidential materials. *See* attached Affidavit of Keren Gesund at ¶ 8, Exhibit "E."

NCO did not agree to produce anything by plaintiff's arbitrary deadline. Further, contrary to plaintiff's assertion that NCO at that time again told plaintiff that "the case would be dismissed when a Motion to Dismiss was filed," no such statement was made. *See* attached Affidavit of Keren Gesund at ¶¶ 7 and 8, Exhibits "D" and "E."

Finally, the Motion to Compel incorrectly states plaintiff filed "an unopposed and agreed to Motion for Leave to Amend." Plaintiff moved to amend his complaint to add 2 new causes of action: an FDCPA and TCPA cause of action. *See* Docket No. 18. Prior to filing the motion for leave to amend, plaintiff did request NCO stipulate to an amendment of his suit to allege a TCPA cause of action. *See* attached Affidavit of Keren Gesund at ¶ 4, Exhibit "A."

Plaintiff never mentioned an FDCPA cause of action. *See* attached Affidavit of Keren Gesund at ¶ 4, Exhibit "A." NCO advised plaintiff that it would not object to plaintiff seeking leave to amend to add a TCPA cause of action, provided plaintiff stipulated to amend the scheduling order so that NCO could conduct discovery on the new claim. *See* attached Affidavit of Keren Gesund at ¶ 5, Exhibit "B." Plaintiff refused to stipulate to an extension of discovery. *See* attached Affidavit of Keren Gesund at ¶ 6, Exhibit "C." Since Plaintiff refused to agree to extend the discovery deadlines, NCO did not agree to plaintiff's Motion for Leave to Amend Complaint.

## III. CONCLUSION

Based on the foregoing, NCO respectfully requests this Honorable Court deny plaintiff's motion to compel discovery.

Respectfully submitted,

**HALL, BOOTH, SMITH & SLOVER, P.C.**

*s/ Glenn E. Jones*
Glenn E. Jones, Esq.
Georgia Bar No.: 612374
3528 Darien Highway, Suite 300
Brunswick, Georgia 31525
Telephone No.: (912) 554-0093
Facsimile No.: (912) 554-1973
Email: gjones@hbss.net

-and-

*s/ Keren E. Gesund*
Keren E. Gesund, Esq. (*Pro Hac Vice*)
Louisiana Bar No.: 34397
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
3850 N. Causeway Boulevard, Suite 200
Metairie, LA 70002
Telephone No.: (504) 828-3700
Facsimile No.: (504) 828-3737
Email: kgesund@sessions-law.biz
Counsel for Defendant,
NCO Financial Systems, Inc.

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| WILLIAM H. CARTER,<br><br>Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>Defendant. | CASE No. 3:11-CV-00107-DHB-WLB |

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2012, I electronically filed the foregoing: **Defendant, NCO Financial Systems, Inc.'s Opposition to Plaintiff's Motion to Compel Discovery** with the Clerk of Court for the Southern District of Georgia by using the CM/ECF System. I also certify that I have mailed by United States Postal Service the document and a copy of the Notice of Electronic Filing to the following non-CM/ECF participants:

William H. Carter, Pro Se
311 Bethel Street
Eastman, Georgia  31023

HALL, BOOTH, SMITH & SLOVER, P.C.

*s/ Glenn E. Jones*
Glenn E. Jones
Georgia Bar No.:  612374

3528 Darien Highway, Suite 300
Brunswick, Georgia 31525
Telephone No.: (912) 554-0093
Facsimile No.:  (912) 554-1973