UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| WILLIAM H. CARTER,<br><br>Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>Defendant. | CASE No. 3:11-CV-00107-DHB-WLB |

### NCO FINANCIAL SYSTEMS, INC.'S AFFIDAVIT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

**STATE OF LOUISIANA**

**PARISH OF JEFFERSON**

BEFORE ME, the undersigned authority, personally came and appeared: Keren E. Gesund who, after being duly sworn, did depose and state:

1. I am an attorney with the law firm of SESSIONS FISHMAN NATHAN AND ISRAEL, L.L.C., and am an attorney of record for defendant NCO Financial Systems, Inc. I have been granted leave to appear *pro hac vice* in the *William H. Carter v. NCO Financial Systems, Inc.* matter, case no. 3:11-cv-00107-DHB-WLB. Docket No. 17.

2. Around the time of July 30, 2012, I spoke with plaintiff regarding NCO's discovery responses. I notified plaintiff that they had already been served and that plaintiff should check his email or physical mail. To the best of my recollection, plaintiff said he had not checked either and would go look for them.

3. I never advised plaintiff that NCO would not respond to his discovery requests or that it was unnecessary to do so.

4. On August 3, 2012, I received an email from plaintiff requesting permission to amend his suit to assert a TCPA cause of action. *See* email correspondence from plaintiff to NCO, a true and correct copy attached hereto as Exhibit "A."

5. That same day, I responded to plaintiff's request, notifying plaintiff I would not object to plaintiff seeking leave to amend provided he stipulate to amend the scheduling order to provide NCO additional time to conduct discovery on his new claim. *See* email correspondence from NCO to plaintiff, a true and correct copy attached hereto as Exhibit "B."

6. On August 5, 2012, I received an email response from plaintiff stating he would "file a Motion for Leave to Amend next week however [he would] not stipulate an extension of the discovery parameters." *See* email correspondence from plaintiff to NCO, a true and correct copy attached hereto as Exhibit "C."

7. On August 22, 2012, I received an email from plaintiff objecting to NCO's answers to Interrogatories 4-7. *See* email correspondence from plaintiff to NCO, a true and correct copy attached hereto as Exhibit "D."

8. The next day, on August 23, 2012, I responded to plaintiff's email and advised him that NCO had answered Interrogatories 4 and 7 to the best of its ability and requested further clarification of any objections he had to them. *See* email correspondence from NCO to plaintiff, a true and correct copy attached hereto as Exhibit "E." I agreed to

provide documents in response to plaintiff's Interrogatory number 5 upon entry of a protective order, and maintained NCO's objection to Interrogatory number 6 as seeking information not relevant to this matter. *See* Exhibit "E."

9. At 7:00 pm Friday evening, on August 24, 2012, I received an email from plaintiff agreeing to execute a protective order. *See* email correspondence from plaintiff to NCO, a true and correct copy attached hereto as Exhibit "F." However, plaintiff failed to clarify his objections to NCO's discovery responses. *See* Exhibit "F." He merely responded that "Interrogatory #4, 5, 6 and 7 are in no way answered according to the questions. I look forward to your amended answers." *See* Exhibit "F."

10. On August 28, 2012, my office, located in Metairie, LA, closed early due to Hurricane Isaac. The office was without power and remained closed until September 3, 2012.

11. On September 5, 2012, I emailed plaintiff a copy of NCO's proposed protective order. *See* email correspondence from NCO to plaintiff, a true and correct copy attached hereto as Exhibit "G."

12. Also on September 5, 2012, I sent an email to plaintiff requesting he retract misstatements identified in his motion to compel. *See* email correspondence from NCO to plaintiff, a true and correct copy attached hereto as Exhibit "H."

13. On September 7, 2012, I received an email from plaintiff in which he agreed to correct his motion concerning the date he requested NCO amend its discovery response, but refused to execute a protective order because it allegedly applies retroactively.

Plaintiff refused to retract the remaining misstatements. *See* email correspondence from plaintiff to NCO, a true and correct copy attached hereto as Exhibit "I."

14. On September 14, 2012, I sent an email to plaintiff notifying him the protective order was not intended to apply retroactively and requesting he identify the offending language so that we may amend the protective order. *See* email correspondence from NCO to plaintiff, a true and correct copy attached hereto as Exhibit "J."

15. On September 17, 2012, plaintiff agreed to identify the offending language in the protective order. *See* email correspondence from plaintiff to NCO, a true and correct copy attached hereto as Exhibit "K."

16. I have had settlement discussions with plaintiff during which I advised plaintiff that NCO had not violated the FCRA and that I would therefore move to dismiss this case as a matter of law, as there are no factual issues in dispute.

17. I have provided this sworn affidavit of my own free will and the information contained in this affidavit is accurate to the best of my knowledge, information and belief.

FURTHER AFFIANT SAYETH NOT.
Dated this 19th day of September 2012.

_____
KEREN E. GESUND

SWORN TO AND SUBSCRIBED BEFORE
ME THIS _____ DAY OF _____ 2012.
_____
NOTARY PUBLIC
My Commission Expires: _____ [seal]

KIRSTEN H. SMITH
Notary Public
Affidavit of Keren Gesund
Orleans Parish
Bar Roll No. 33379
My Commission is for Life