**Keren E. Gesund**

| | |
|---|---|
| **From:** | William Carter <willcarter777@yahoo.com> |
| **Sent:** | Friday, August 03, 2012 11:35 AM |
| **To:** | Keren E. Gesund |
| **Cc:** | Richard Sheinis |
| **Subject:** | William Carter vs. NCO |

Good Afternoon Ms Gesund,

I'm writing first to thank you for returning my interrogatories and especially for providing me with records of over 100 calls to my cell phone by your client which constitute blatant violations of the TELEPHONE CONSUMER PROTECTION ACT. I never gave your client express permission to call my cell phone even once as is required by the TCPA. The minimum statutory damage on that is $500.00 per call with possible trebling of that amount should a judge or jury determine it was egregious.

So the second reason for my writing is to request your permission to amend my suit to include those violations. However if you don't agree I will Motion the Court for Leave to Amend.

Any previous offers to settle this suit are hereby null and void as the violations collectable in this case have now increased substantially.

Respectfully,

William Carter

478-689-0708

p.s. The case law i was referring to the other day is in refference to no bona fide error in the law Jerman vs. Carlisle

supreme Court
Argued Jan 13, 2010
Decided April 21, 2010

EXHIBIT "A"

1

**Keren E. Gesund**

| | |
|---|---|
| **From:** | Keren E. Gesund |
| **Sent:** | Friday, August 03, 2012 12:58 PM |
| **To:** | 'William Carter' |
| **Cc:** | Richard Sheinis |
| **Subject:** | RE: William Carter vs. NCO |

Good Afternoon,

We won't object to you seeking leave to amend, provided you stipulate to amend the scheduling order (pushing back the discovery deadlines) so that we can do discovery on your new claims.

---

**From:** William Carter [mailto:willcarter777@yahoo.com]
**Sent:** Friday, August 03, 2012 11:35 AM
**To:** Keren E. Gesund
**Cc:** Richard Sheinis
**Subject:** William Carter vs. NCO

Good Afternoon Ms Gesund,

    I'm writing first to thank you for returning my interrogatories and especially for providing me with records of over 100 calls to my cell phone by your client which constitute blatant violations of the TELEPHONE CONSUMER PROTECTION ACT. I never gave your client express permission to call my cell phone even once as is required by the TCPA. The minimum statutory damage on that is $500.00 per call with possible trebling of that amount should a judge or jury determine it was egregious.

    So the second reason for my writing is to request your permission to amend my suit to include those violations. However if you don't agree I will Motion the Court for Leave to Amend.

    Any previous offers to settle this suit are hereby null and void as the violations collectable in this case have now increased substantially.

Respectfully,

William Carter

478-689-0708

p.s. The case law i was referring to the other day is in refference to no bona fide error in the law Jerman vs. Carlisle

supreme Court
Argued Jan 13, 2010
Decided April 21, 2010

EXHIBIT "B"

1

**Keren E. Gesund**

| | |
|---|---|
| **From:** | William Carter <willcarter777@yahoo.com> |
| **Sent:** | Sunday, August 05, 2012 9:37 PM |
| **To:** | Keren E. Gesund |
| **Cc:** | Richard Sheinis |
| **Subject:** | William Carter VS. NCO |

Ms. Gesund

Do you not realize that the evidence of these violations was contained in the answers which you provided to my discovery? There is no reason whatsoever to move any deadlines because you in fact did provide the evidence of these violations yourself.

So as to discovery on the source of this information you already have it, you provided it to me. There would have been no further amendment had you not provided the evidence yourself of the violations in a sworn response. The evidence did not originate with me in any way and therefore there is nothing to discover and since you have freely given me the records of the violations I need not propound any further discovery from you on that issue either.

I had been aware of a great number of harassing phone calls to my cell phone during that time frame but had not documented them. I had not planned on taking action on them until you provided me with sworn documentation of the violations. Through your responsive discovery you have made an admission that your client made more than one hundred calls to my cell phone in violation of the Telephone Consumer Protection Act. Therefore there is no further purpose for discovery. There is no need to nor will I stipulate to any change in the discovery plan already set forth.

I will file a Motion For Leave To Amend next week however I will not stipulate an extension of the discovery parameters.

Respectfully,

William Carter

1

EXHIBIT "C"

**Keren E. Gesund**

| | |
|---|---|
| **From:** | William Carter <willcarter777@yahoo.com> |
| **Sent:** | Wednesday, August 22, 2012 3:38 PM |
| **To:** | Keren E. Gesund; gjones@hbss.net |
| **Cc:** | Lyon, Michelle; Richard Sheinis; Kirkpatrick, Debbie |
| **Subject:** | Re: William Carter VS. NCO |

Ms Gesund,

The Interrogetories that im in objection are #4, 5, 6, and 7. Also the documents provided in production of documents is not what was requested.

Respectfully,

William Carter

**From:** Keren E. Gesund <kgesund@sessions-law.biz>
**To:** William Carter <willcarter777@yahoo.com>; gjones@hbss.net
**Cc:** "Lyon, Michelle" <mlyon@sessions-law.biz>; Richard Sheinis <RSheinis@hbss.net>; "Kirkpatrick, Debbie" <dkirkpatrick@sessions-law.biz>
**Sent:** Wednesday, August 22, 2012 3:22 PM
**Subject:** RE: William Carter VS. NCO

Mr. Carter,

I am the attorney sending you written discovery, copies of NCO's subpoenas, and documents received in response to NCO's subpoenas. You can cc whomever and however many people you'd like, but please direct all communications to me.

As for the substance of your email, I understand you are objecting to NCO's discovery responses. Please identify which responses you are objecting to (by number) and explain why you are objecting to them so that I can amend the response.

Very Truly Yours,

Keren



Keren E. Gesund, Attorney | Sessions, Fishman, Nathan & Israel, L.L.C.
Direct: 504.846.7949 | Fax: 504.828.3737 | kgesund@sessions-law.biz
3850 N. Causeway Blvd., Suite 200, Metairie, LA 70002-7227 | Main: 504.828.3700
Direct Links: EMAIL • WEBSITE
California • Colorado • Florida • Georgia • Illinois
Louisiana • New Jersey • New York • Ohio • Texas

**From:** William Carter [mailto:willcarter777@yahoo.com]
**Sent:** Wednesday, August 22, 2012 2:04 PM
**To:** gjones@hbss.net
**Cc:** Lyon, Michelle; Richard Sheinis; Keren E. Gesund
**Subject:** William Carter VS. NCO

1

EXHIBIT "D"

Mr. Jones,

I am in receipt of the Interrogatories and production of document materials which I propounded upon your client and were returned to me. They are fully unacceptable. I expect the questions to be answered fully. There are none which can be considered objectionable. I am requesting formally they be done over again and this time correctly. Please advise that this will be done by Friday, August 24. If not I am prepared to file a Motion to Compel.

On another note, please stop sending me copies of what appear to be computer generated records of some sort in an effort to divert the focus of this suit. This complaint is not about any alleged debt past or present. It is about your clients bad behavior and I will not allow it to be derailed into something else.


                                                                                    respectf
ully

                                                                                    William
Carter
                                                                                  ;        &n
bsp;          willcarter777@yahoo.com
                                                                                  &n
bsp;                     478-689-0708

Confidentiality: This e-mail is confidential and intended only for the recipient(s) named. Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others. If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.

2

**Keren E. Gesund**

| From: | Keren E. Gesund |
|---|---|
| Sent: | Thursday, August 23, 2012 4:56 PM |
| To: | 'William Carter' |
| Cc: | Kirkpatrick, Debbie |
| Subject: | William Carter VS. NCO |

Mr. Carter,

I've reviewed NCO's answers to Interrogatories #4 and #7. NCO answered them to the best of its ability. Can you please clarify how they're not responsive? As to answer to interrogatory #5, NCO has agreed to provide the information requested upon entry of a Protective Order. Would you agree to stipulate or enter a joint motion to the effect that the confidential documents produced in the case will remain confidential and only for use in this case?

For answer to interrogatory #6, NCO objects to the interrogatory as seeking information not relevant to this matter. Plaintiff's complaint is premised on an impermissible credit pull, not the reinvestigation of disputed consumer data.



SESSIONS
FISHMAN
NATHAN &
ISRAEL L.L.C.
ATTORNEYS AT LAW

Keren E. Gesund, Attorney | Sessions, Fishman, Nathan & Israel, L.L.C.
Direct: 504.846.7949 | Fax: 504.828.3737 | kgesund@sessions-law.biz
3850 N. Causeway Blvd., Suite 200, Metairie, LA 70002-7227 | Main: 504.828.3700
Direct Links: EMAIL • WEBSITE
California • Colorado • Florida • Georgia • Illinois
Louisiana • New Jersey • New York • Ohio • Texas

**From:** William Carter [mailto:willcarter777@yahoo.com]
**Sent:** Wednesday, August 22, 2012 3:38 PM
**To:** Keren E. Gesund; gjones@hbss.net
**Cc:** Lyon, Michelle; Richard Sheinis; Kirkpatrick, Debbie
**Subject:** Re: William Carter VS. NCO

Ms Gesund,

The Interrogetories that im in objection are #4, 5, 6, and 7. Also the documents provided in production of documents is not what was requested.


Respectfully,


William Carter

**From:** Keren E. Gesund <kgesund@sessions-law.biz>
**To:** William Carter <willcarter777@yahoo.com>; gjones@hbss.net
**Cc:** "Lyon, Michelle" <mlyon@sessions-law.biz>; Richard Sheinis <RSheinis@hbss.net>; "Kirkpatrick, Debbie" <dkirkpatrick@sessions-law.biz>

1

EXHIBIT "E"

**Sent:** Wednesday, August 22, 2012 3:22 PM
**Subject:** RE: William Carter VS. NCO

Mr. Carter,

I am the attorney sending you written discovery, copies of NCO's subpoenas, and documents received in response to NCO's subpoenas. You can cc whomever and however many people you'd like, but please direct all communications to me.

As for the substance of your email, I understand you are objecting to NCO's discovery responses. Please identify which responses you are objecting to (by number) and explain why you are objecting to them so that I can amend the response.

Very Truly Yours,

Keren

 SESSIONS FISHMAN NATHAN & ISRAEL LLC. ATTORNEYS AT LAW

Keren E. Gesund, Attorney | Sessions, Fishman, Nathan & Israel, L.L.C.
Direct: 504.846.7949 | Fax: 504.828.3737 | kgesund@sessions-law.biz
3850 N. Causeway Blvd., Suite 200, Metairie, LA 70002-7227 | Main: 504.828.3700
Direct Links: EMAIL • WEBSITE
California • Colorado • Florida • Georgia • Illinois
Louisiana • New Jersey • New York • Ohio • Texas

**From:** William Carter [mailto:willcarter777@yahoo.com]
**Sent:** Wednesday, August 22, 2012 2:04 PM
**To:** gjones@hbss.net
**Cc:** Lyon, Michelle; Richard Sheinis; Keren E. Gesund
**Subject:** William Carter VS. NCO

Mr. Jones,

I am in receipt of the Interrogatories and production of document materials which I propounded upon your client and were returned to me. They are fully unacceptable. I expect the questions to be answered fully. There are none which can be considered objectionable. I am requesting formally they be done over again and this time correctly. Please advise that this will be done by Friday, August 24. If not I am prepared to file a Motion to Compel.

On another note, please stop sending me copies of what appear to be computer generated records of some sort in an effort to divert the focus of this suit. This complaint is not about any alleged debt past or present. It is about your clients bad behavior and I will not allow it to be derailed into something else.

respectf

ully

William

Carter

;        &n

bsp;        willcarter777@yahoo.com

&n

bsp;        478-689-0708

Confidentiality: This e-mail is confidential and intended only for the recipient(s) named. Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others. If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.

## Keren E. Gesund

| | |
|---|---|
| **From:** | William Carter <willcarter777@yahoo.com> |
| **Sent:** | Friday, August 24, 2012 7:25 PM |
| **To:** | Keren E. Gesund |
| **Cc:** | Lyon, Michelle; Richard Sheinis; gjones@hbss.net; Kirkpatrick, Debbie |
| **Subject:** | Re: William Carter VS. NCO |

Ms. Gesund,

I will agree to the Protective Order. However Interrogatory #4, 5,6 and 7 are in no way answered according to the questions. I look forward to your amended answers.

Respecfuly,

William Carter

**From:** Keren E. Gesund <kgesund@sessions-law.biz>
**To:** William Carter <willcarter777@yahoo.com>
**Cc:** "Kirkpatrick, Debbie" <dkirkpatrick@sessions-law.biz>
**Sent:** Thursday, August 23, 2012 5:56 PM
**Subject:** William Carter VS. NCO
Mr. Carter,

I've reviewed NCO's answers to Interrogatories #4 and #7. NCO answered them to the best of its ability. Can you please clarify how they're not responsive? As to answer to interrogatory #5, NCO has agreed to provide the information requested upon entry of a Protective Order. Would you agree to stipulate or enter a joint motion to the effect that the confidential documents produced in the case will remain confidential and only for use in this case?

For answer to interrogatory #6, NCO objects to the interrogatory as seeking information not relevant to this matter. Plaintiff's complaint is premised on an impermissible credit pull, not the reinvestigation of disputed consumer data.

 

Keren E. Gesund, Attorney | Sessions, Fishman, Nathan & Israel, L.L.C.
Direct: 504.846.7949 | Fax: 504.828.3737 | kgesund@sessions-law.biz
3850 N. Causeway Blvd., Suite 200, Metairie, LA 70002-7227 | Main: 504.828.3700
Direct Links: EMAIL • WEBSITE
California • Colorado • Florida • Georgia • Illinois
Louisiana • New Jersey • New York • Ohio • Texas

Keren E. Gesund, Attorney | Sessions, Fishman, Nathan & Israel, L.L.C.
Direct: 504.846.7949 | Fax: 504.828.3737 | kgesund@sessions-law.biz
3850 N. Causeway Blvd., Suite 200, Metairie, LA 70002-7227 | Main: 504.828.3700
Direct Links: EMAIL • WEBSITE
California • Colorado • Florida • Georgia • Illinois
Louisiana • New Jersey • New York • Ohio • Texas

1

EXHIBIT "F"

**Keren E. Gesund**

| | |
|---|---|
| **From:** | Keren E. Gesund |
| **Sent:** | Wednesday, September 05, 2012 12:44 PM |
| **To:** | 'William Carter' |
| **Cc:** | Kirkpatrick, Debbie; Karen M. Jackson |
| **Subject:** | RE: William Carter VS. NCO |
| **Attachments:** | 881850.doc |

Attached is the proposed protective order for your review. If you agree to these terms, please sign at the bottom and return to my office for filing.

---

**From:** William Carter [mailto:willcarter777@yahoo.com]
**Sent:** Friday, August 24, 2012 7:25 PM
**To:** Keren E. Gesund
**Cc:** Lyon, Michelle; Richard Sheinis; gjones@hbss.net; Kirkpatrick, Debbie
**Subject:** Re: William Carter VS. NCO

Ms. Gesund,

I will agree to the Protective Order. However Interrogatory #4, 5,6 and 7 are in no way answered according to the questions. I look forward to your amended answers.

Respecfuly,

William Carter

**From:** Keren E. Gesund <kgesund@sessions-law.biz>
**To:** William Carter <willcarter777@yahoo.com>
**Cc:** "Kirkpatrick, Debbie" <dkirkpatrick@sessions-law.biz>
**Sent:** Thursday, August 23, 2012 5:56 PM
**Subject:** William Carter VS. NCO
Mr. Carter,

I've reviewed NCO's answers to Interrogatories #4 and #7. NCO answered them to the best of its ability. Can you please clarify how they're not responsive? As to answer to interrogatory #5, NCO has agreed to provide the information requested upon entry of a Protective Order. Would you agree to stipulate or enter a joint motion to the effect that the confidential documents produced in the case will remain confidential and only for use in this case?

For answer to interrogatory #6, NCO objects to the interrogatory as seeking information not relevant to this matter. Plaintiff's complaint is premised on an impermissible credit pull, not the reinvestigation of disputed consumer data.

EXHIBIT "G"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

WILLIAM H. CARTER,

      Plaintiff,

v.

NCO FINANCIAL SYSTEMS,

      Defendant.

CASE NO. 3:11-CV-00107-DHB-WLB

In anticipation of discovery that may reach confidential and proprietary business information of Defendant and/or confidential information of third parties, Defendant, NCO Financial Systems, Inc., and Plaintiff, William H. Carter, jointly move for entry of a Protective Order as follows:

      1.     In connection with discovery proceedings or non-discovery voluntary disclosures in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order").   The term "Confidential Information" is information which has not been made public and which concerns or relates to the processes, operations, type of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

2.     By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

3.     Documents containing Confidential Information shall be so designated by placing the legend "CONFIDENTIAL" on each page of the document, or by placing said legend in such other manner as to clearly indicate that the entire document is Confidential Information. In lieu of marking the original documents, the disclosing party may mark the copies of such documents which are produced. Documents produced or disclosed prior to the date this Order is executed by the parties may be designated Confidential by providing written notice to all parties.

4.     Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. To the extent possible and/or permissible by the Court, arrangement shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential Information, , within the meaning of this Order and identified as such by placing thereon the legend described in paragraph 3. Testimony taken at a deposition, conference or hearing prior to the date this Order is executed by counsel for the parties may be designated Confidential by providing written notice to all parties. If any Confidential Information is made the subject of deposition testimony, or is marked,

attached to, or otherwise incorporated in a deposition transcript, the portion of the transcript relating to the Confidential Information shall be deemed Confidential Information within the meaning of this Order and identified as such by placing thereon the legend described in Paragraph 3. Such portion shall, to the extent possible, begin and end on separate pages of the transcript.

5.     Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstract, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of the prosecution, defense, or settlement of this action, including any appeal, or to enforce the terms of any settlement or judgment in this action, and for no other purpose.

6.     Confidential Information produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a)     a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b)     experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c)     court reporter(s) employed in this action;

(d)     a witness at any deposition or other proceeding in this action;

(e)     personnel associated with the insurance carrier for either party; and

(f)     any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Information, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties, however, that this execution requirement way be waived upon the agreement of all parties hereto in situations where an individual is given Confidential Information while testifying as a deponent or in a court of law, so long as the Confidential Information is not retained by the individual after such testimony. Counsel for the party wishing to disclose such material shall retain the signed Certificate of Acknowledgement and produce it to opposing counsel prior to such person being permitted to testify at deposition or trial, but in no event shall opposing counsel be entitled to the signed Certificate of Acknowledgement of a party's opinion witness prior to designation by that party pursuant to FRCP 26(a)(2) or until further order of this Court.

7.     Depositions shall be taken only in the presence of qualified persons except as provide by paragraph 6.

8.     Nothing herein shall impose any restriction on the use or disclosure by a party of material obtained by such party independent of discovery or non-discovery voluntary disclosures in this action, whether or not such material is also obtained through discovery or non-discovery voluntary disclosures in this action, or from disclosing its own Confidential Information as it deems appropriate.

9.     Subject to public policy, and further court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, with respect to filing documents under seal.

10.    All Confidential Information filed with the Court, and any pleadings, motions or other papers disclosing any Confidential Information shall be labeled "Confidential-Subject to Court Order" and filed or lodged under seal consistent with FRCP 26(c). Only portions of filings with the Court containing Confidential Information need be filed under seal. The parties agree to cooperate with each other in a good faith attempt to file the Confidential Information under seal, but will not be precluded from filing documents containing Confidential Information in the ordinary course after a good faith effort to file the document under seal is denied by the Court, except as described in paragraph 11.

11.    To the extent that filing under seal is not permitted by the Court, no party will file any Confidential Information with the Court without providing at least 2 days' advance notice to the other parties.

12.    In the event that any Confidential Information is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such

use.

13.     Any party shall be entitled to apply, at any time, to the Court on written motion served for, among other things, an order (a) permitting disclosure of information designated as Confidential Information to persons other than those described in Paragraph 8 above; (b) granting greater protection than provided for herein or prohibiting discovery altogether of certain information or documents; or (c) removing the Confidential Information designation as to particular material or information. Prior to filing any such motion, that challenging party shall provide the designating party written notification of its intentions to bring such a motion with respect to the Confidential Information and the grounds for such motion ten (10) days before the filing of such motion. Within five (5) days of receipt of challenging party's written notification, the designating party shall provide the challenging party a written response to grounds stated in the challenging party's written notification. If the parties are still in disagreement regarding the issue, the challenging party may thereafter file a motion with the court to rule on this challenge. All parties agree that this motion can be heard on shortened time. The parties also agree to make all reasonable efforts to ensure that this motion is heard as quickly as the Court's calendar will allow, including, but not limited to, stipulating to having the motion heard on shortened time. In response to any such motion, the designating party shall have the burden to make a particularized showing (document by document) (a) that the proponent has a cognizable privacy interest in the material (e.g., the material contains "trade secret or other confidential research, development, or

commercial information," under FRCP 26(c)(7), privileged information, as defined in Paragraph 2 or is otherwise protected by law from disclosure), and (b) that its disclosure would be harmful to the proponent's interest in the property. The challenging party shall have an opportunity to respond to show that the documentation and/or information is relevant to a party's claims or defenses or the subject matter of the lawsuit and is necessary to prepare the case for trial. Confidential Information will remain confidential and the terms of this Protective Order will remain unchanged, unless and until this Court grants the motion. The parties further agree that the fact that the material at issue is or is not marked or designated as Confidential Information under this Order shall be given no weight by the Court in determining whether particular material is or is not entitled to protection as confidential or propriety under applicable law.

14.    This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to the Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof. Nothing in this Order shall be construed as limiting in any way: the right of any party to object to furnishing information sought by any other party; the right of any party to object to information requested to be furnished by any third person/entity; any third person/entity's right to

object to furnishing information; and/or the right of any party to seek more stringent protection with respect to any particular document or information, whether on the ground of confidentiality or otherwise. It is also understood that this Order is not intended to and, therefore should not be construed as, affecting the right of any party to withhold information based on a claim of privilege.

15.     The restrictions of this Order shall not apply to any information or material that:

(a)     is being disclosed to a person who already has lawfully acquired possession of such information in a manner that does not violate the provisions of this Order;

(b)     was, is or becomes public knowledge, other than by reason of a violation of this Order;

(c)     was or is acquired without obligation of secrecy in a manner that does not violate the provisions of this Order.

16.     Any party to this Order may apply to the Court for modification of or relief from the provisions of this Order after 10 days prior written notice to the other parties.

17.     This Order shall survive the final termination of this action, to the extent that the information contained in the Confidential Information is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof. The Court may modify the protective order in the interests of

justice or for public policy reasons.

The parties respectfully request the Court enter a Protective Order in this action as above.

Respectfully submitted,

Date: _____

_____
Keren E. Gesund, Esq.
(*pro hac vice* application filed)
Sessions, Fishman, Nathan & Israel, L.L.C.
3850 N. Causeway Blvd, Suite 200
Metairie, LA 70002
Phone: (504) 828-3700
Email: kgesund@sessions-law.biz

and

John E. Hall, Jr., Esq.
Hall, Booth, Smith & Slover, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303
Phone: (404) 954-6927
Email: jhall@hbss.net

*Attorneys for Defendant,*
*NCO Financial Systems, Inc.*

Date: _____

_____
William H. Carter, Pro Se
311 Bethel Street
Eastman, GA 31023
Phone: (478) 689-0708
Email: willcarter777@yahoo.com

*Plaintiff*

**Attachment A**

## NONDISCLOSURE AGREEMENT

I, _____, state that I have been shown and know the terms of the Protective Order agreed to by the parties and entered in *William H. Carter v. NCO Financial Systems, Inc.*, United States District Court for the Southern District of Georgia, Civil Action No.3:11-cv-00107-DHB-WLB, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court or agreement of the parties. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____

**Keren E. Gesund**

| From: | Keren E. Gesund |
| Sent: | Wednesday, September 05, 2012 4:28 PM |
| To: | 'William Carter' |
| Cc: | Kirkpatrick, Debbie; Karen M. Jackson; Glenn E. Jones (GJones@hbss.net) |
| Subject: | FW: Carter, William vs. NCO - motion to compel discovery |
| Attachments: | William Carter vs. NCO; Re: William Carter VS. NCO |

Dear Mr. Carter,

I am in receipt of your Motion to Compel Discovery. As discussed in further detail below, the motion makes several misrepresentations to the Court. Please immediately retract your misrepresentations or withdraw your motion in its entirety.

1. The Motion to Compel Discovery states I advised you that discovery responses "would not be necessary because the case would be dismissed" when NCO filed it's motion to dismiss. I have never told you discovery responses are unnecessary or that NCO planned to file a motion to dismiss. To the best of my recollection, when you called about responses to your discovery requests, NCO had already sent them to you. In fact, I remember telling you they were either in your email in-box or in your mail. You told me you hadn't checked either, and would go look for NCO's responses. I have always been cooperative and responsive to your discovery requests.

2. The Motion also states you communicated with NCO on August 13, 2012, and "demanded the discovery answers be amended and answered properly ... by Friday, August 24, 2012". The communication was actually made on August 22, 2012. You emailed NCO and requested amended responses within 2 days, by August 24, 2012. The very next day, on August 23, 2012, I attempted to address your requests and proposed entering a Protective Order for the confidential materials. Please recall, you did not agree to the proposal until 7:00 p.m. Friday evening on August 24, 2012. A copy of the emails are attached to refresh your recollection. As you can see from the attached emails, and contrary to your contention that I again told you "the case would be dismissed when a Motion to Dismiss was filed," I never told you that discovery responses were unnecessary or that I would file a motion to dismiss. I emailed you the proposed protective order, today. I apologize for not yet sending it sooner. I am in Louisiana. The office was closed for the last week due to Hurricane Isaac.

3. As to the substance of the Motion to Compel Discovery, interrogatory number 4 essentially asks for any evidence that indicates NCO had a permissible purpose to obtain plaintiff's credit report. In your Motion, you appear to imply NCO received a letter from the creditor which expressly provided NCO a permissible purpose to pull plaintiff's credit report, which NCO did not produce. However, no such letter was sent to NCO. Rather, the creditor electronically placed plaintiff's information with NCO for collection, which is shown in the account notes NCO produced as bates numbers 1-9. Interrogatories 5 and 6 have already been addressed. The information will be provided upon entry of a protective order. Interrogatory number 7 was answered to the best of our ability. NCO did not have the original contract between First

1

EXHIBIT "H"

Premier and plaintiff.  However, NCO subpoenaed First Premier's records and produced the records received.

4. Finally, the Motion states you filed "an unopposed and agreed to Motion for Leave to Amend."  NCO opposes and did not agree to your Motion for Leave to Amend.  NCO contemplated agreeing to allow you to amend to include a TCPA cause of action in return for an extension of discovery deadlines (to allow NCO an opportunity to investigate the new TCPA claim.)  You never mentioned an FDCPA cause of action.  A copy of your email is attached to refresh your recollection.  Since you refused to agree to extend the discovery deadlines, NCO did not agree to your Motion for Leave to Amend the Complaint.

As you know, when you present a pleading or written motion to the court, you certify that to the best of your knowledge, formed after a reasonable inquiry,  your factual contentions can be supported by evidence.  Your Motion to Compel makes factual assertions that are inaccurate and cannot be supported.  NCO never acted in bad faith nor failed to properly answer plaintiff's discovery requests.  Based on the foregoing, please withdraw your motion or at least correct the factual inaccuracies by Friday, September 7, 2012.

I look forward to your timely cooperation in this matter.

Very Truly Yours,

Keren

**Keren E. Gesund**

| | |
|---|---|
| **From:** | William Carter <willcarter777@yahoo.com> |
| **Sent:** | Friday, September 07, 2012 3:22 PM |
| **To:** | Keren E. Gesund |
| **Cc:** | Lyon, Michelle; Richard Sheinis; gjones@hbss.net; Kirkpatrick, Debbie |
| **Subject:** | Wiliam Carter VS NCO |

Ms. Gesund,

In response to your email from yesterday. I will not withdraw my motion to compel however I will be happy to file a notice of correction to the date of the phone call as that was obviously a typo on my part. The fact is that after you agreed to correct and amend the answers to my discovery and I had asked that it be done by Friday, the 24th I still didn't hear anything from you by the 4th of September which is when I filed the motion to compel. That was a full 11 days after you agreed. I did not oppose a protective order in fact stated I was amenable to it but you dropped the ball. Now you say it was because of Hurricane Isaac, I will give you the benefit of the doubt on that one even though I have a friend who lives in New Orleans and was going to come here if necessary due to the storm but later related it wasn't bad at all as storms go. Never the less I did not say the conversation definitively took place on a specific date, I stated "on or about", even so I did mistype it so I will concede to that error. In any case this was the second time involving 11 days lapse of a stated deadline and I acted accordingly.

In regard to your statement that I mis-represented facts to the court nothing could be further from the truth. In the matter of filing an amended complaint the following was the gist of the conversation in writing (email):

Your exact words were, *"We won't object to you seeking leave to amend, provided you stipulate to amend the scheduling order (pushing back the discovery deadlines) so that we can do discovery on your new claims."* I see you have left out that communication in your attached emails. I did not object to the extension of time for discovery, I questioned the need for it to which you replied, *"I understand you don't think you need to conduct any further investigation. However, we still have some questions. For example, can you prove the 6028 was a cell phone number and that it was your cell phone number? Thank you for letting me know you'll be filing a motion for leave to amend. I'll keep an eye out for it."*

Ms. Gesund, you know very well I have willingly given you everything you requested which was in my authority to give. I have provided you on that very same day you requested it the copy of the Alltel doc showing it was a cell phone. I told you several times I did not own the account my mother in law did and that there were five phones and five numbers on the account each given for use to different family members. I told you Alltel did not have the records any longer, that they don't retain them after this much time has elapsed and in fact nobody got that number after the account was closed. Even the number no longer exists in their system. I questioned the extension of discovery not because I have nothing more to pursue but because you have already

1

EXHIBIT "I"

been given everything in my possession or authority to give and it was given willingly.

In regard to the proposed joint protection order you sent, I cannot agree to that as I will not agree to protection of any kind in regard to information or documents already provided, retro-active as it were. If you care to re-write it I will consider it again.

In my Motion For Leave to Amend I stated *"Plaintiff has conferred with counsel for the defense who has agreed to allow Plaintiff to amend his complaint if Plaintiff will agree to stipulate an extension of time on the current discovery plan. However, Plaintiff sees no legitimate reason to extend time on discovery."* Quoting our conversation via email above as well as conversation over the phone I have stated the facts exactly. I will attach those emails to the notice of correction if you like. I did not say you had not been perfectly cordial in your communications to me. I also did not ask the court to oppose any request for a protection order or an extension of time for discovery. I simply requested you send me the discovery I had already propounded.

As for your statements regarding the "motion to dismiss" repeatedly, again I have stated the absolute truth. You did not do that in writing you did it over the telephone multiple times. When I offered to settle this matter you said the case would NOT GO TO A JURY because you would file a motion to dismiss which the court would grant and it would never go to trial. That was just the first time you said it. Even though you did not put that statement in writing there was a witness to every conversation we have had over the telephone as I always use speaker phone and you repeated that statement on each one of those calls.

As for untrue statements to the court, I have made none however you have even though I have not pointed that out to the court as yet. In your AFFIRMATIVE DEFENSES, page 4 of 5 number 4; "Assuming Plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages." This a a blatant lie upon the court. Not only have you already admitted in the ANSWER that I attempted that by admitting to the letter to NCO of October 28, 2011, you are a Sessions, Fishman, Nathan & Israel attorney and you would have in your possession ALL correspondence between me and Sessions which were numerous in my attempt to mitigate as well as the second letter to NCO, not to mention the demand for validation sent at the same time as the second letter. This was not the responsibility of Glenn Jones as Attorney of record as he stated clearly when I again attempted to mitigate during the 26F conference that he had NO AUTHORITY TO MAKE ANY DECISIONS REGARDING THE CASE AND I WOULD HAVE TO CONFER WITH SESSIONS, SPECIFICALLY YOU even though at that point I had never heard of you and was not aware that Sessions was even still involved.

As for your interpretation of my statement regarding the letter from FIRST PREMIER BANK, you are twisting what is stated. I did not imply anything of the sort. You were in fact given that letter early on. I have been one hundred percent forthcoming with everything I have in regard to this case. The case in fact has NOTHING WHATSOEVER to do with any alleged debt, it has to do with your client's bad behavior, period. I realize you are doing your job and I do not hold that against you however I do not appreciate being accused of lying when the shoe is obviously on the other foot.

2

As I stated above I will file a notice of correction in regard to the "on or about" date which in my view is irrelevant but seems to be important to you however you may or may not be aware that in Georgia a pro se litigant does not have the courts permission to file anything electronically. That privilege is reserved to bar attorneys. Therefore it must be done by USPS mail. I will not have time to do that until some time late tomorrow as I have recently started a new job with demanding hours.

Respectfully,

Willima H. Carter

**Keren E. Gesund**

| | |
|---|---|
| **From:** | Keren E. Gesund |
| **Sent:** | Friday, September 14, 2012 9:12 AM |
| **To:** | 'William Carter' |
| **Cc:** | Lyon, Michelle; Richard Sheinis; gjones@hbss.net; Kirkpatrick, Debbie; Karen M. Jackson |
| **Subject:** | RE: Wiliam Carter VS NCO |

We'll let the judge determine the misstatements. As to Interrogatory number 4, it's not quite clear from your email, but are you objecting to NCO's response because it didn't produce the letter you provided us?

Since my initial email isn't copied below, I'll quote from it for ease of reference. I wrote, "As to the substance of the Motion to Compel Discovery, interrogatory number 4 essentially asks for any evidence that indicates NCO had a permissible purpose to obtain plaintiff's credit report. In your Motion, you appear to imply NCO received a letter from the creditor which expressly provided NCO a permissible purpose to pull plaintiff's credit report, which NCO did not produce. However, no such letter was sent to NCO. Rather, the creditor electronically placed plaintiff's information with NCO for collection, which is shown in the account notes NCO produced as bates numbers 1-9."

In response you wrote, "As for your interpretation of my statement regarding the letter from FIRST PREMIER BANK, you are twisting what is stated. I did not imply anything of the sort. You were in fact given that letter early on."

If I'm understanding you correctly, I'd be more than happy to provide the letter you sent us. The notice letter referenced in NCO's response is the initial notice a debt collector is required to provide to a debtor advising the debtor of his right to dispute the debt and request validation.

Further, the protective order was not intended to apply retroactively. Please highlight the offensive language and we'll try to amend it.

**From:** William Carter [mailto:willcarter777@yahoo.com]
**Sent:** Friday, September 07, 2012 3:22 PM
**To:** Keren E. Gesund
**Cc:** Lyon, Michelle; Richard Sheinis; gjones@hbss.net; Kirkpatrick, Debbie
**Subject:** Wiliam Carter VS NCO

Ms. Gesund,

In response to your email from yesterday. I will not withdraw my motion to compel however I will be happy to file a notice of correction to the date of the phone call as that was obviously a typo on my part. The fact is that after you agreed to correct and amend the answers to my discovery and I had asked that it be done by Friday, the 24th I still didn't hear anything from you by the 4th of September which is when I filed the motion to compel. That was a full 11 days after you agreed. I did not oppose a protective order in fact stated I was amenable to it but you dropped the ball. Now you say it was because of Hurricane Isaac, I will give you the benefit of the doubt on that one even though I

1

EXHIBIT "J"

have a friend who lives in New Orleans and was going to come here if necessary due to the storm but later related it wasn't bad at all as storms go. Never the less I did not say the conversation definitively took place on a specific date, I stated "on or about", even so I did mistype it so I will concede to that error. In any case this was the second time involving 11 days lapse of a stated deadline and I acted accordingly.

In regard to your statement that I mis-represented facts to the court nothing could be further from the truth. In the matter of filing an amended complaint the following was the gist of the conversation in writing (email):

Your exact words were, *"We won't object to you seeking leave to amend, provided you stipulate to amend the scheduling order (pushing back the discovery deadlines) so that we can do discovery on your new claims."* I see you have left out that communication in your attached emails. I did not object to the extension of time for discovery, I questioned the need for it to which you replied, *"I understand you don't think you need to conduct any further investigation. However, we still have some questions. For example, can you prove the 6028 was a cell phone number and that it was your cell phone number? Thank you for letting me know you'll be filing a motion for leave to amend. I'll keep an eye out for it."*

Ms. Gesund, you know very well I have willingly given you everything you requested which was in my authority to give. I have provided you on that very same day you requested it the copy of the Alltel doc showing it was a cell phone. I told you several times I did not own the account my mother in law did and that there were five phones and five numbers on the account each given for use to different family members. I told you Alltel did not have the records any longer, that they don't retain them after this much time has elapsed and in fact nobody got that number after the account was closed. Even the number no longer exists in their system. I questioned the extension of discovery not because I have nothing more to pursue but because you have already been given everything in my possession or authority to give and it was given willingly.

In regard to the proposed joint protection order you sent, I cannot agree to that as I will not agree to protection of any kind in regard to information or documents already provided, retro-active as it were. If you care to re-write it I will consider it again.

In my Motion For Leave to Amend I stated *"Plaintiff has conferred with counsel for the defense who has agreed to allow Plaintiff to amend his complaint if Plaintiff will agree to stipulate an extension of time on the current discovery plan. However, Plaintiff sees no legitimate reason to extend time on discovery."* Quoting our conversation via email above as well as conversation over the phone I have stated the facts exactly. I will attach those emails to the notice of correction if you like. I did not say you had not been perfectly cordial in your communications to me. I also did not ask the court to oppose any request for a protection order or an extension of time for discovery. I simply requested you send me the discovery I had already propounded.

As for your statements regarding the "motion to dismiss" repeatedly, again I have stated the absolute truth. You did not do that in writing you did it over the telephone multiple times. When I offered to settle this matter you said the case would NOT GO TO A JURY

because you would file a motion to dismiss which the court would grant and it would never go to trial. That was just the first time you said it. Even though you did not put that statement in writing there was a witness to every conversation we have had over the telephone as I always use speaker phone and you repeated that statement on each one of those calls.

As for untrue statements to the court, I have made none however you have even though I have not pointed that out to the court as yet. In your AFFIRMATIVE DEFENSES, page 4 of 5 number 4; "Assuming Plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages." This a a blatant lie upon the court. Not only have you already admitted in the ANSWER that I attempted that by admitting to the letter to NCO of October 28, 2011, you are a Sessions, Fishman, Nathan & Israel attorney and you would have in your possession ALL correspondence between me and Sessions which were numerous in my attempt to mitigate as well as the second letter to NCO, not to mention the demand for validation sent at the same time as the second letter. This was not the responsibility of Glenn Jones as Attorney of record as he stated clearly when I again attempted to mitigate during the 26F conference that he had NO AUTHORITY TO MAKE ANY DECISIONS REGARDING THE CASE AND I WOULD HAVE TO CONFER WITH SESSIONS, SPECIFICALLY YOU even though at that point I had never heard of you and was not aware that Sessions was even still involved.

As for your interpretation of my statement regarding the letter from FIRST PREMIER BANK, you are twisting what is stated. I did not imply anything of the sort. You were in fact given that letter early on. I have been one hundred percent forthcoming with everything I have in regard to this case. The case in fact has NOTHING WHATSOEVER to do with any alleged debt, it has to do with your client's bad behavior, period. I realize you are doing your job and I do not hold that against you however I do not appreciate being accused of lying when the shoe is obviously on the other foot.

As I stated above I will file a notice of correction in regard to the "on or about" date which in my view is irrelevant but seems to be important to you however you may or may not be aware that in Georgia a pro se litigant does not have the courts permission to file anything electronically. That privilege is reserved to bar attorneys. Therefore it must be done by USPS mail. I will not have time to do that until some time late tomorrow as I have recently started a new job with demanding hours.

Respectfully,

Willima H. Carter

3

**Keren E. Gesund**

| | |
|---|---|
| **From:** | William Carter <willcarter777@yahoo.com> |
| **Sent:** | Monday, September 17, 2012 10:12 PM |
| **To:** | Keren E. Gesund |
| **Cc:** | Lyon, Michelle; Richard Sheinis; gjones@hbss.net; Kirkpatrick, Debbie |

Ms. Gesund,

I'm sorry I couldn't get back to you sooner. I have had my hands full the last few days. As to the Interrogatories I did not request what was given but I did request a copy of any documents between NCO and any entity who they claim gave them the right to pursue me for collection on anything such as a contract.

I never received any letters of any kind from NCO. It they claim I did they will have to prove it. I was not ambiguous in my pleading nor did I ask for anything nor did I say NCO received a letter they did not produce. We are just going to have to disagree on the interpretation of the plain language I used.

As for the letter I was referring to that you already have, it is the letter from FIRST PREMIER BANK. That's the only letter I have referred to.

I will try to get time in the morning to highlight the language in the joint protection order and scan and send to you.


Respectfully,

William Carter
willcarter777@yahoo.com
478-689-0708

1

EXHIBIT "K"