ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 OCT -4 AM 9:36
CLERK
SO. DIST. OF GA.

William H. Carter )
    Plaintiff )
) Case No: CV 311-107-DHB-WLB
vs )
)
NCO FINANCIAL SYSTEMS, INC. )
    Defendant )
)

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff, William H. Carter, submits this memorandum in response to Defendants' motion and states the following:

### STATEMENT

On September 4, 2012 plaintiff filed a Motion to Compel Discovery. The motion does not contain any factual misstatement(s). Plaintiff most certainly did confer with Defendant, both the local counsel of record, Glenn Jones of Hall, Booth, Smith & Slover, P.C. and Keren Gesund of Sessions, Fishman, Nathan & Israel, L.L.C. When Plaintiff's request was not complied with 11 days after Ms. Gesund's statement that it would be, Plaintiff filed his motion. This was the second time Plaintiff had waited 11 days after a deadline.

Plaintiff has attempted to explain to Defendant that his words are being misconstrued and to clarify their meaning. Plaintiff has made no false statements to this honorable court. *See* attached Affidavit of William H. Carter (Exhibit M).

Plaintiff has attempted from the beginning of this case to mitigate settlement from the 26f conference forward. Plaintiff was not aware until weeks after the 26f conference that the proceeding was in violation of Federal Rules of Procedure. See Exhibit "M" (attached).

The above styled cause of action is Plaintiff's first filing in the Federal District Court and Plaintiff has at all times attempted to follow procedure and where needed, correct his errors.

Plaintiff has already corrected typographical errors counsel for defense has pointed out in a former document entered into the court.

Plaintiff has never received a single communication oral or written directly from Defendant, NCO.

Plaintiff has never received any communications oral or written other than the letter stating he had no responsibility for the alleged account from FIRST PREMIER BANK.

The additional allegations contained in Plaintiff's Second Amended Complaint were a direct result of evidence provided by the Defendant and are inextricably connected to the original FCRA violation brought forth in the Original Complaint.

Plaintiff views his Motion to Compel to be moot at this point and is amenable to its withdrawal or denial as the court sees fit. Plaintiff will instead heed the sage advice of this Honorable Court and use the 60 days additional time for discovery wisely. Plaintiff will propound additional discovery to Defendant and make every effort to do so in plain, precise and irrefutably clear language. If Defendant requires a joint protective order to protect sensitive documents Plaintiff is not opposed provided there is no implication of blanket or previous protection for disclosures, documents, communications or any other materials already provided through discovery therein.

Dated this 2nd day of October, 2012

Respectfully Submitted,

William H. Carter

# EXHIBIT "M"

Case 3:11-cv-00107-DHB-WLB   Document 33   Filed 10/04/12   Page 4 of 10

# AFFIDAVIT OF WILLIAM H. CARTER IN SUPPORT
# OF HIS RESPONSE TO DEFENDANT'S OPPOSITION TO
# PLAINTIFF'S MOTION TO COMPEL

NOW COMES the Affiant/Plaintiff, William H. Carter of Dodge County, Georgia who is over the age of 21, competent to testify, and declares as follows under penalty of perjury regarding Case No. 3:11-cv-00107-DHB-WLB, William H. Carter vs. NCO FINANCIAL SYSTEMS, INC.:

1. During the 26f conference when Affiant attempted to discuss a possible settlement as required by Fed. R. Civ. P. 26 f(2), he was told by local counsel they were not authorized to make any decisions and he would have to speak with Keren Gesund of Sessions, Fishman, Nathan & Israel L.L.C. Affiant was not clear on who was speaking, either Richard Shennis or Glenn Jones but it was the first time Affiant was made aware that local counsel was not lead counsel and could not make any decisions in the case. Affiant was also not aware that it was in violation of Fed. R. Civ. P. 16(c)(1) for there to be no person in attendance representing the Defendant authorized to make decisions pursuant to a possible consideration of settlement at the time of the 26f conference.

2. Affiant was eventually contacted by Keren Gesund by telephone. Affiant broached the subject of settlement but was told there would be none. Affiant then expressed that was fine and he was willing to let a jury decide the issues. Affiant then heard Ms. Gesund to say there would be no trial and no jury because the case would be dismissed. She did not say she would "file a motion to dismiss as a

Page 1 of 4

matter of law". The call was on speaker phone as Affiant makes a habit of using the speaker phone to keep his hands free. The call was overheard by a third party.

3. Every telephone call Plaintiff had with Ms. Gesund was heard by the same third party and in every conversation Affiant had with Ms. Gesund she made statements relating to the case being dismissed. On the occasion of the discussion regarding Discovery, Ms. Gesund was heard to say the case would be dismissed but that she would amend the discovery answers. Ms. Gesund has never used the terms, "dismiss this case as a matter of law, as there are no factual issues to dispute" when speaking to Affiant. Ms. Gesund has never used the term, "motion for summary judgment" when speaking to Affiant. Ms. Gesund said the exact words, "motion to dismiss" and "the case will be dismissed" and "there will be no trial".

4. Affiant has already stated he will propound a second set of discovery materials and state his requests more clearly and consisely so that counsel for defense can understand them.

5. Since Affiant's conversation with Ms. Gesund on the matter of the protective order via email he has no Internet and could not highlight and scan the portion of the proposed order to her. Affiant will mail that information to counsel with the copy of this document.

6. Affiant has already corrected typing errors on dates in a previous document with the court.

7. Affiant did say he "would not stipulate" but did **not** say he would oppose Defendant's request for extension of discovery.

8. When Affiant questioned the need for additional discovery he was told by Ms. Gesund that she would need proof that the phone which was called by NCO was a cell phone and that it was his phone. Affiant provided that proof of both requests immediately with an old billing copy from Alltel and copies of local merchant bills showing the number as his. Affiant has also submitted an Affidavit from Jackie Price, his mother in law and owner of the account in which the cell phone in question was included.

9. Affiant did not mention the added FDCPA violation in his conversation with Ms. Gesund because he had not realized at the time that it was there. Plaintiff stated he would motion for leave to amend on the issue of the newly discovered violations.

10. Affiant has made no statements to this Honorable Court that he knows to be false and has no intention of doing so.

11. Affiant has NEVER received ANY communications either oral or written directly from NCO to date.

12. Plaintiffs only communication from FIRST PREMIER BANK was the letter stating he is not responsible for the alleged account.

SIGNATURE ON NEXT PAGE

## NOTARY'S VERIFICATION

STATE OF GEORGIA

COUNTY OF DODGE

On this day personally came before me the above-named Affiant, who proved his identity to my satisfaction, and he acknowledged his signature on this Affidavit in my presence and stated that he did so fully understanding that he was subject to the penalties of perjury.

### AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this Affidavit to be true and correct. I hereby further affirm that the basis of these beliefs is my own direct knowledge of the statements described herein.

Further the Affiant sayeth naught.

Signed in Eastman, Georgia

October 2, 2012

William H. Carter

Name of Notary: Tammy Graham

Signature of Notary: Tammy Graham

[Notary Seal: TAMMY GRAHAM, NOTARY PUBLIC, DODGE COUNTY, GA, Exp. Dec. 13, 2012]

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

| | |
|---|---|
| William H. Carter<br>**Plaintiff**<br><br>vs<br><br>NCO FINANCIAL SYSTEMS<br>**Defendant** | Case No: CV 311-107 |

## CERTIFICATE OF SERVICE

This is to certify that I have mailed copies of the above document by first class mail USPS to all parties listed below.

Dated: October 2, 2012

Respectfully Submitted,

William H. Carter
311 Bethel Street
Eastman, Georgia 31023
478-689-0708


NCO FINANCIAL SYSTEMS
C/O Glenn E. Jones
Hall, Booth, Smith & Slover, P.C.
3528 Darien Highway, Suite 300
Brunswick, Georgia 31525
(912) 554-0093

Carter
311 Bethel St.
Eastman, GA
31023

Clerk of Court
P.O. Box 1130
Augusta, Georgia
30903

