ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 OCT 10 PM 3:48

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIAM H. CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-107 |
| | ) | |
| NCO FINANCIAL SYSTEMS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The above-captioned case is now before the Court on Plaintiff's "Motion to Compel Discovery." (Doc. no. 21.) Defendant opposes the motion. (Doc. no. 29.) For the reasons set forth below, Plaintiff's motion is **DENIED**.

**I.   BACKGROUND**

**A.   Procedural History**

Plaintiff, who is proceeding *in forma pauperis*, filed the instant action on November 21, 2011, seeking damages for alleged violations of the Fair Credit Reporting Act ("FCRA"). (Doc. no. 1.) The Court screened Plaintiff's original complaint (id.), in which Plaintiff alleged that Defendant obtained his TransUnion consumer credit report without his consent and for no permissible purpose, and found that the complaint failed to provide Defendant with adequate notice of the specific factual allegations raised against it. (See doc. no. 4.) Accordingly, the Court directed that Plaintiff amend his complaint. (Id.) Plaintiff subsequently filed his amended complaint on January 6, 2012 (doc. no. 5), and the Court ordered that service be effected on Defendant. (Doc. no. 6.) On April 30, 2012, Defendant filed its answer to

Plaintiff's amended complaint. (Doc. no. 9.)

On June 29, 2012, the Court entered a Scheduling Order setting the deadlines for this case. (Doc. no. 15.) Thereafter, over the course of discovery, Defendant provided Plaintiff with a series of documents that led Plaintiff to seek leave to file a second amended complaint in order to add violations of the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Practices Act ("TCPA") to his claims. (See generally doc. nos. 18, 18-1.) Although Defendant filed a brief in opposition to Plaintiff's motion to amend (doc. no. 22), the Court held a telephone conference with counsel for both parties and granted the motion (doc. no. 31).[1]

### B. Plaintiff's Motion to Compel

On September 4, 2012, Plaintiff filed the instant motion to compel discovery (doc. no 21), which Defendant opposes (doc. no. 29). Plaintiff has additionally filed a reply to Defendant's brief in opposition to the motion to compel. (Doc. no. 33.) Plaintiff states that he served Defendant with his discovery requests on June 19, 2012, but that he did not receive Defendant's responses until July 30, 2012, eleven days after the thirty-day deadline for furnishing responses.[2] (Doc. no. 21, p. 1.) In his motion to compel, Plaintiff alleges that, each time he spoke with Defendant concerning discovery matters, he was told that discovery would not be necessary since the case would be dismissed. (Id.) In its brief in opposition to Plaintiff's

---

[1] The Court notes that Defendant's brief in opposition to Plaintiff's motion to compel includes a considerable amount of information concerning Plaintiff's motion to amend and his opposition to Defendant's related proposition to extend discovery. (Doc. no. 29.) Because the Court has already granted Plaintiff's motion to amend, it need not further address the subject in this Order.

[2] Plaintiff lists the date that he received Defendant's answers as "June 30, 2012," but it is apparent from his motion that he intended to write "July 30, 2012."

2

motion (doc. no. 29, p. 6), as well as in the affidavit of Keren Gesund, counsel for Defendant (doc. no. 29-1, ¶ 3), Defendant avers that "Plaintiff is either confused or misstating facts" concerning those alleged statements, and that Plaintiff was never told that discovery was unnecessary. Defendant's counsel states that, when Plaintiff contacted her on July 30, 2012 concerning the responses, she told him that they had already been served and to check his email or physical mail, and that, to the best of her recollection, Plaintiff stated that he had not yet checked either one. (Id. ¶ 2.)

In his motion to compel, Plaintiff argues that "Defendant has not answered fully or with candor" a total of four interrogatories, and that the documents that Defendant produced were "by no means materials of the type requested." (Doc. no. 21, p. 2.) In the relevant interrogatories, Plaintiff generally requested the following information: in Interrogatory 4, Plaintiff requested that Defendant describe all actions, correspondence, and communications with any consumer reporting agency that were in any way related to Plaintiff or his account; in Interrogatories 5 and 6, Plaintiff requested that Defendant describe in detail its verification process concerning permissible purposes for obtaining credit reports, and its process for proper "reinvestigation" of consumer data; and, in Interrogatory 7, Plaintiff requested that Defendant describe any contract between "any entity" and Plaintiff that might create an obligation whereby Defendant would have a "right to collect." (Id. at 5.) In its responses to those interrogatories, Defendant asserted that all four interrogatories were vague and overbroad, and that Interrogatories 5 and 6 sought confidential or proprietary information that Defendant would be willing to provide upon entry of a Protective Order. (Id.)

Defendant's counsel asserts that Plaintiff contacted her concerning the allegedly insufficient answers on August 22, 2012, that she began discussions with Plaintiff immediately

3

thereafter, and that her office was closed from August 28, 2012, through September 3, 2012 due to Hurricane Isaac. (Id. at 2.) Defendant's counsel provides emails showing that, on August 22, 2012, and August 23, 2012, in response to Plaintiff's emails of the same days, she specifically requested that Plaintiff clarify the nature of his objections to Defendant's responses so that those objections could be duly addressed. (Doc. no. 29-2, pp. 4, 5, and 9.) However, on each occasion, Plaintiff responded by simply listing the numbers of the answers to which he objected, or by generally noting that Defendant's answers were "fully unacceptable" or "in no way answered according to [his] questions." (Id.)

In its brief in opposition to the motion to compel, Defendant argues that Plaintiff failed to confer with Defendant in good faith before seeking court action, per the requirements of Federal Rule of Civil Procedure 37. (Doc. no. 29, pp. 1-2.) In an email dated September 7, 2012, Plaintiff notes that he "had asked that the [amended answers] be done by Friday, [August] 24th," but that, when he did not hear from Defendant by September 4, 2012, he filed his motion to compel. (Doc. no. 29-2, p. 23.) Plaintiff further notes in the same email that, although he would "give [Defendant] the benefit of the doubt" concerning Defendant's office being closed due to Hurricane Isaac, he had heard from a friend that the storm was not "bad at all as storms go." (Id.) Defendant's counsel additionally provides an email showing that, on August 23, 2012, she offered to provide the information requested in Interrogatory 6 if Plaintiff would agree to enter a joint motion for the entry of a Protective Order. (Id. at 9.) On August 24, 2012, Plaintiff agreed to Defendant's proposed Protective Order (id.), but later, on September 7, 2012, after he had filed his motion to compel, Plaintiff withdrew his agreement because he perceived the Protective Order to be retroactively applicable (id. at 24).

In Plaintiff's reply to Defendant's brief in opposition of the motion to compel, Plaintiff

now states that he "views his Motion to Compel to be moot at this point and is amenable to its withdrawal or denial as the court sees fit." (Doc. no. 33, p. 2.) Plaintiff additionally notes that he intends to propound additional discovery to Defendant and to "make every effort to do so in plain, precise and irrefutably clear language." (Id.) Finally, Plaintiff once again states his agreement to Defendant's proposition of a joint protective order. (Id.)

## II. DISCUSSION

### A. Lack of Good Faith

Federal Rule of Civil Procedure 37(a) and Local Rule 26.5 require a party moving to compel discovery to certify that a good faith effort has been made before coming to court. Failure to make such effort prior to seeking judicial intervention amounts to a failure to comply with these rules, and warrants denial of the motion to compel. See Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of motions to compel for failure to attempt in good faith to resolve discovery dispute before filing motions); Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[3] (*per curiam*) (holding that failure to comply with the Local Rules may result in summary denial of a motion). Here, although the Court acknowledges that Plaintiff now states in his reply that he views his motion to compel as moot (doc. no. 33, p. 2), the Court finds that Plaintiff's failure to make the requisite good faith effort at resolution prior to seeking the Court's involvement warrants the denial of the motion.

First, although Plaintiff asserts in his motion to compel that he initially contacted

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

5

Defendant "on or about August 13, 2012" concerning Defendant's answers, Defendant has provided email correspondence that shows that Plaintiff, in fact, first contacted Defendant concerning those answers on August 22, 2012. (Doc. no. 29-2, pp. 4-5.) Moreover, in a later email, Plaintiff conceded that the date of his initial contact that he listed in the motion to compel is incorrect, and accordingly agreed to "file a notice of correction" concerning that date. (Id. at 23-25.) In making that initial contact on August 22, 2012, Plaintiff insisted that Defendant's responses be "done over again and this time correctly" by August 24, 2012, two days later. (Id. at 5.) Plaintiff further stated that, should responsive answers not be filed by that date, he was prepared to filed a motion to compel. (Id.) Plaintiff makes much of the arbitrary date that he selected as the deadline for Defendant to file new answers. However, an ultimatum that new answers be provided within a time frame of two days – accompanied by a threat to file a motion to compel – clearly does not resemble the sort of "good faith" efforts to resolve discovery disputes before filing motions that Rule 37 and Local Rule 26.5 require. See Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc., 339 F.3d 180, 186-87 (3d Cir. 2003) (holding that movant did not demonstrate good faith where he issued an ultimatum to the non-moving party that he would file a motion to compel if the short deadline that he attempted to impose was not met).

Moreover, upon receiving Plaintiff's demand, Defendant immediately began taking steps to resolve the issue. On the same day that Plaintiff sent his email concerning the allegedly deficient answers, Defendant responded with an email requesting that Plaintiff identify the responses to which he objected and that he explain the nature of his objections "so that [Defendant] can amend the response." (Doc. no. 29-2, p. 4.) Although Plaintiff then identified the responses to which he objected, he did not offer any explanation as the nature

of his objections. (Id.) The following day, Defendant emailed Plaintiff to provide elaboration on its responses to the interrogatories in question, to suggest the entry of a Protective Order so that the confidential and proprietary information requested could be produced, and to repeat its request that Plaintiff clarify how Defendant's responses were non-responsive or otherwise objectionable. (Id. at 6.) In reply, at 7:25 P.M. on Friday, August 24th, Plaintiff's supposed deadline, Plaintiff merely re-listed the numbers of the interrogatories in question, made a blanket statement that the four interrogatories were "in no way answered according to the questions," and indicated that he would agree to the Protective Order. (Id. at 9.)

The next two days, August 25 and 26, 2012, fell on a Saturday and Sunday. Moreover, as mentioned above, Defendant stated that counsel's office was closed from August 28, 2012 to September 3, 2012 due to Hurricane Isaac. (See doc. no. 29, p. 2; see also doc. no. 29-2, p. 21.) Neither party has provided any evidence of further communication between the two parties until September 5, 2012, the day after Plaintiff filed his motion to compel. However, whether or not Plaintiff was aware that Defendant's counsel's office was closed during the week of Hurricane Isaac, and whether or not he doubted that the storm's intensity justified the office's closing, the fact remains that the parties were in the midst of discussions that were intended to resolve the discovery issue when Plaintiff abruptly filed his motion to compel. Defendant had proposed, and Plaintiff had agreed to, a Protective Order intended to allow the disclosure of information sought by two of the interrogatories in question, Defendant had explained more fully the nature of its challenged answers and was actively seeking an explanation from Plaintiff concerning his objections, and less than two weeks had elapsed since Plaintiff first made contact with Defendant concerning the issue.

7

In sum, Plaintiff was wholly uncooperative with Defendant's efforts to resolve the issue prior to bringing the matter before the Court. Plaintiff attempted to impose an arbitrary, unreasonably short deadline by which he insisted that Defendant provide new responses, and which he later used as a misguided point of reference in justifying his decision to file his motion to compel. (See doc. no. 21, p. 2) ("Plaintiff insisted the answers be amended by Friday, August 24th. . . . As of today's date, August 29th, 2012 Defendant has not complied."). Furthermore, outside of simply listing interrogatory numbers, Plaintiff conspicuously failed to ever explain his objections to any of Defendant's answers in anything more than broad terms, even when specifically asked for an explanation on multiple occasions. Essentially, Plaintiff has not offered any justification for his obstinate refusal to cooperate with Defendant's efforts at resolution of this issue.[4]

Moreover, the fact that Plaintiff has filed a reply to Defendant's brief and therein stated that he now sees the motion to compel as moot and that he is "amenable to [the motion's] withdrawal or denial" does not somehow negate the fact that he initially filed the motion without making the requisite good faith effort at resolution. (Doc. no. 33, p. 2.) If anything, Plaintiff's after-the-fact observation that his motion to compel is moot – plus his offer to state his objections more clearly, a request that Defendant's counsel made on multiple occasions – only demonstrates the utility of attempting resolution in good faith in the first instance.

---

[4] As mentioned above, the Court need not further address the issue of Plaintiff's motion to amend and Defendant's accompanying proposition to extend discovery. However, the Court notes that the discrepancy between Plaintiff's statement during the teleconference concerning that motion – that he did not oppose the extension – and his clear and emphatic disagreement with the extension in the materials that Defendant provides here (doc. no. 29-2, p. 3) is emblematic of his uncooperative behavior relating to the instant motion as well.

**B.     Award of Expenses**

Under Fed. R. Civ. P. 37(a)(5)(B), upon denying a motion to compel, the Court must consider whether to require the movant to pay the expenses incurred by the non-movant in responding to the motion to compel.  Accordingly, Defendant's counsel shall submit a request for expenses incurred in responding to Plaintiff's motion to compel within fifteen (15) days of the date of this Order, and Plaintiff shall have fifteen (15) days to respond to that filing. The Court will then decide what award of reasonable expenses, if any, is appropriate.[5]

**III.     CONCLUSION**

For the reasons set forth above, Plaintiff's motion to compel is **DENIED**.  (Doc. no. 21.)

SO ORDERED this 10th day of October, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5]The Court notes that Plaintiff's attempted belated withdrawal of his motion to compel does not somehow negate Defendant's having had to expend the time and resources to respond to that motion.