UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA

WILLIAM H. CARTER,

        Plaintiff(s),

v.

NCO FINANCIAL SYSTEMS, INC.,

        Defendant(s).

11-cv-00107

### DEFENDANT, NCO FINANCIAL SYSTEMS, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, NCO Financial Systems, Inc. (NCO), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Second Amended Complaint filed by plaintiff, William H. Carter (plaintiff), and states:

### JURISDICTION

1.     NCO admits the allegations in ¶ 1 for jurisdictional purposes only.

2.     NCO denies the allegations in ¶ 2.

### PARTIES

3.     Upon information and belief, NCO admits the allegations in ¶ 3.

4.     NCO admits that it has an office located at 507 Prudential Road, Horsham, Pennsylvania. Except as specifically admitted, NCO denies the allegations in ¶ 4.

### VENUE

5.     Upon information and belief, NCO admits the allegation in ¶ 5.

6.     NCO admits the allegations in ¶ 6 for purposes of venue only.

## GENERAL ALLEGATIONS

7.  NCO denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein.

8.  NCO denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief therein.

9.  NCO admits that it pulled a copy of plaintiff's credit report in a lawful attempt to collect a debt. Except as specifically admitted, NCO denies the allegations in ¶ 9.

10. NCO denies the allegations in ¶ 10.

11. NCO admits that plaintiff purports to attach as Exhibit A a letter sent from First Premier Bank to plaintiff, but relies upon the original correspondence as the best evidence of its contents. To the extent the allegations in ¶ 11 state otherwise, they are denied.

12. NCO admits plaintiff provided counsel a copy of a letter purportedly from First Premier Bank, but relies upon the original correspondence as the best evidence of its contents. To the extent the allegations in ¶ 12 state otherwise, they are denied.

13. NCO admits that it has discussed settlement with plaintiff. Except as specifically admitted, NCO denies the allegations in ¶ 13.

14. NCO denies the allegations in ¶ 14.

## COUNT I

**VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 WILLFUL NON-COMPLIANCE BY DEFENDANT NCO FINANCIAL SYSTEMS**

15. NCO reasserts the foregoing as if fully stated herein.

16. NCO denies the allegations in ¶ 16 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

17. NCO denies the allegations in ¶ 17 as calling for a legal conclusion.

18. NCO denies the allegations in ¶ 18 as calling for a legal conclusion.

19. The FCRA speaks for itself and is the best evidence of its contents. To the extent that plaintiff states otherwise, NCO denies the allegations in ¶ 19.

20. The FCRA speaks for itself and is the best evidence of its contents. To the extent that plaintiff states otherwise, NCO denies the allegations in ¶ 20.

21. NCO denies the allegations in ¶ 21.

22. NCO denies the allegations in ¶ 22.

23. NCO admits its records reflect that it received correspondence from plaintiff dated October 28, 2011, but relies upon the original correspondence as the best evidence of its contents. To the extent the allegations in ¶ 23 state otherwise, they are denied.

24. NCO admits its records reflect that counsel for NCO contacted plaintiff in a lawful attempt to obtain information, but relies upon the original correspondence as the best evidence of its contents. To the extent the allegations in ¶ 24 state otherwise, they are denied.

25. NCO admits counsel for NCO notified plaintiff that NCO had been hired by First Premier Bank to collect a debt in plaintiff's name, but relies upon the original

correspondence as the best evidence of its contents. To the extent the allegations in ¶ 25 state otherwise, they are denied.

26. NCO denies the allegations in ¶ 26 for lack of knowledge or information sufficient to form a belief therein.

27. NCO denies the allegations in ¶ 23.

28. NCO denies the allegations in ¶ 24.

## COUNT II

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692

29. *See NCO's Motion to Dismiss.* NCO reasserts the foregoing as if fully stated herein.

30. *See NCO's Motion to Dismiss.* NCO admits it produced records in response to plaintiff's discovery responses. To the extent the allegations in ¶ 30 state otherwise, they are denied.

31. *See NCO's Motion to Dismiss.* NCO admits its records show it attempted to contact plaintiff between November 2009 and April 2010. NCO's records are the best evidence of their contents. To the extent the allegations in ¶ 30 state otherwise, they are denied

32. *See NCO's Motion to Dismiss.* NCO denies the allegations in ¶ 32.

## COUNT III

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692

33. NCO reasserts the foregoing as if fully stated herein.

34. NCO denies the allegations in ¶ 34.

35. NCO denies the allegations in ¶ 35.

36. NCO denies the allegations in ¶ 36 for lack of knowledge or information sufficient to form a belief therein.

37. NCO denies the allegations in ¶ 37.

38. NCO denies the allegations in ¶ 38.

39. NCO denies the allegations in ¶ 39.

40. NCO denies the allegations in ¶ 40.

41. The TCPA speaks for itself and is the best evidence of its contents. To the extent that plaintiff states otherwise, NCO denies the allegations in ¶ 41.

## AFFIRMATIVE DEFENSES

1. Plaintiff has not stated a claim upon which relief may be granted.

2. NCO denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of NCO's purported violations.

3. One or more claims asserted by Plaintiff are barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

4. Assuming Plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

5. Any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than NCO that were beyond the control or supervision of NCO or for whom NCO was and is not responsible or liable.

6. The phone calls made to Plaintiff are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C.§ 227(b)(2)(b) and 47 C.F.R. § 64.1200(a).

7. The equipment used to make the telephone calls at issue is not covered by or subject to the TCPA.

8. To the extent the calls at issue were to plaintiff's cellular telephone, as alleged, plaintiff provided consent to receive those calls.

11. Plaintiff has no standing to assert a TCPA claim.

12. Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Complaint.

WHEREFORE, Defendant, NCO Financial Systems, Inc., requests the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Respectfully submitted,

**HALL, BOOTH, SMITH, P.C.**

*s/ Glenn E. Jones*
Glenn E. Jones, Esq.
Georgia Bar No.: 612374
3528 Darien Highway, Suite 300
Brunswick, Georgia 31525
Telephone No.: (912) 554-0093
Facsimile No.: (912) 554-1973
Email: gjones@hbss.net

-and-

*s/Keren E. Gesund*
Keren E. Gesund, Esq. (*Pro Hac Vice*)
Louisiana Bar No.: 34397

SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
3850 N. Causeway Boulevard, Suite 200
Metairie, LA 70002
Telephone No.: (504) 828-3700
Facsimile No.: (504) 828-3737
Email: kgesund@sessions-law.biz

Counsel for Defendant,
NCO Financial Systems, Inc.

### CERTIFICATE OF SERVICE

I certify that on this 18th day of October, 2012, a copy of the foregoing **Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

William H. Carter, Pro Se
311 Bethel Street
Eastman, Georgia 31023

By: s/ Glenn E. Jones
Glenn E. Jones, Esq.
Attorney for Defendant
NCO Financial Systems, Inc.