UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA

WILLIAM H. CARTER,

        Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.,

        Defendant.

CASE No. 3:11-CV-00107-DHB-WLB

## DEFENDANT'S PARTIAL MOTION TO DISMISS
## AND SUPPORTING MEMORANDUM OF LAW

Defendant, NCO Financial Systems, Inc. (NCO), through counsel and under Fed. R. Civ. P. 12(b)(6), moves to dismiss the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* cause of action in the Second Amended Complaint filed by plaintiff, William H. Carter, for failure to state a claim upon which relief may be granted. Plaintiff's FDCPA claim is barred on its face by the 1-year FDCPA statute of limitations. NCO submits the following memorandum in support of its motion.

### I.    INTRODUCTION

On November 21, 2011, plaintiff filed his initial complaint alleging claims under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* (Dkt. 1.) On October 1, 2012, plaintiff filed his Second Amended Complaint adding causes of action under the FDCPA and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et al.* (Dkt. 32). Plaintiff's FDCPA claims, however, are barred on the face of the complaint by the FDCPA 1-year statute of limitations, and should be dismissed as a matter of law.

1

## II. BACKGROUND

As stated above, plaintiff originally filed this action on November 21, 2011. On October 1, 2012, plaintiff filed his second amended complaint attempting to add a cause of action under the FDCPA. (Dkt. 32.) Plaintiff alleges NCO harassed him by calling him excessively. *Id.* at ¶¶ 31-32. Specifically, plaintiff alleges NCO called "the Plaintiff's cell phone number, 478-689-6028" at least 105 times and as many as 4 times a day "between November of 2009 and April of 2010." *Id.* at ¶ 31. Plaintiff attaches to the complaint NCO's call records produced in discovery confirming NCO's last call attempt was on April 3, 2010. *Id.* at Ex. B, p.9.

## III. LAW AND ARGUMENT

Under Rule 12(b)(6), the defendant may seek to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

While the Court may be inclined to hold the *pro se* plaintiff to a less stringent standard, "regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002) (quoting *Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

### A. *Plaintiff's FDCPA Claim Is Barred By The FDCPA 1-Year Statute Of Limitations.*

Under Section 1692k of the FDCPA, "[a]n action to enforce any liability created by [the FDCPA] may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); *see also Kuria v. Palisades Acquisition XVI, LLC*, 752 F.Supp.2d 1293, 1303 (N.D. Ga. 2010). Here, plaintiff's alleged FDCPA claims are time-barred on the face of the complaint because the alleged violations occurred more than one year *before* plaintiff filed this action.[1]

Plaintiff's alleged FDCPA claim is based upon NCO's calls to this cellular telephone. Plaintiff claims, and attaches NCO's call records confirming, NCO attempted to call plaintiff from November 2009 to April 2010. NCO's last call attempt was on or about April 3, 2010 – well over one year before plaintiff filed this case. The Court should, therefore, dismiss plaintiff's FDCPA claims as a matter of law.

---

[1] NCO disagrees plaintiff's claims in the second amended complaint relate back to the original filing of this case; and, thus, the true date for determining whether plaintiff's claims are time-barred is the date the amended complaint was filed (10/1/12). However, even giving plaintiff the benefit of relation back, plaintiff's claims are plainly time-barred.

3

## IV. CONCLUSION

WHEREFORE, the defendant, NCO Financial Systems, Inc., respectfully requests this Court grant NCO's motion and dismiss and dismiss plaintiff's FDCPA claims with prejudice as a matter of law, and for such other relief as this Court deems proper.

Respectfully submitted,

**HALL, BOOTH, SMITH & SLOVER, P.C.**

s/_____
Glenn E. Jones, Esq.
Georgia Bar No.: 612374
3528 Darien Highway, Suite 300
Brunswick, Georgia 31525
Telephone No.: (912) 554-0093
Facsimile No.: (912) 554-1973
Email: gjones@hbss.net

-and-

s/_____
Keren E. Gesund, Esq. (*Pro Hac Vice*)
Louisiana Bar No.: 34397
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
3850 N. Causeway Boulevard, Suite 200
Metairie, LA 70002
Telephone No.: (504) 828-3700
Facsimile No.: (504) 828-3737
Email: kgesund@sessions-law.biz

Counsel for Defendant,
NCO Financial Systems, Inc.

## IV.    CONCLUSION

WHEREFORE, the defendant, NCO Financial Systems, Inc., respectfully requests this Court grant NCO's motion and dismiss and dismiss plaintiff's FDCPA claims with prejudice as a matter of law, and for such other relief as this Court deems proper.

Respectfully submitted,

**HALL, BOOTH, SMITH, P.C.**

*s/ Glenn E. Jones*
Glenn E. Jones, Esq.
Georgia Bar No.: 612374
3528 Darien Highway, Suite 300
Brunswick, Georgia 31525
Telephone No.: (912) 554-0093
Facsimile No.: (912) 554-1973
Email: gjones@hbss.net

-and-

*s/ Keren E. Gesund*
Keren E. Gesund, Esq. (*Pro Hac Vice*)
Louisiana Bar No.: 34397
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
3850 N. Causeway Boulevard, Suite 200
Metairie, LA  70002
Telephone No.: (504) 828-3700
Facsimile No.: (504) 828-3737
Email: kgesund@sessions-law.biz

Counsel for Defendant,
NCO Financial Systems, Inc.

4

## CERTIFICATE OF SERVICE

I certify that on this 18th day of October, 2012, a copy of the foregoing **Defendant's Partial Motion to Dismiss and Supporting Memorandum of Law** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

William H. Carter, Pro Se
311 Bethel Street
Eastman, Georgia 31023

By:  s/ Glenn E. Jones
Glenn E. Jones, Esq.
Attorney for Defendant
NCO Financial Systems, Inc.