UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA

WILLIAM H. CARTER,

    Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.,

    Defendant.

CASE No. 3:11-CV-00107-DHB-WLB

## DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDDGMENT

Defendant, NCO Financial Systems, Inc. (NCO), through counsel under the Federal Rules, submits this Reply in response to the opposition to NCO's motion for summary judgment filed by plaintiff, William H. Carter, and states:

On October 1, 2012, the Court granted plaintiff's motion to amend his complaint to add 2 additional causes of action. (Dkt. No. 28.) However, nothing concerning plaintiff's Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*. claim has changed. NCO's motion for summary judgment regarding plaintiff's FCRA claim remains ripe for the Court's consideration, and should be granted.

Although plaintiff filed a lengthy opposition with numerous exhibits, plaintiff's arguments and exhibits are irrelevant to his alleged FCRA claim. Plaintiff failed to submit *any* evidence to dispute NCO had a permissible purpose to view his credit report. As stated in NCO's motion, a creditor placed an account in plaintiff's name with NCO for collection, and NCO viewed plaintiff's credit report in connection with the collection

1

of that account – plainly a permissible purpose under the FCRA. NCO reasonably believed the account was valid, and had no notice to the contrary. Plaintiff failed to raise any genuine issue of material fact, and NCO is entitled to summary judgment as a matter of law.

    1.    ***Greg Steven's Affidavit Confirms First Premier Bank Placed An Account In Plaintiff's Name With NCO For Collection and NCO Viewed Plaintiff's Credit Report In Connection With The Collection Of That Account.***

Plaintiff alleges Gregory Stevens' affidavit is inadmissible because it does not include documents showing the creditor, First Premier, placed the account with NCO. Although NCO disagrees as Mr. Stevens' affidavit is based on personal knowledge and admissible, *see City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 559 (11th Cir. 1998), to address any concerns, attached as **Exhibit 1** is a supplemental affidavit attaching supporting documents[1].

As Mr. Stevens explains, on November 10, 2009, First Premier electronically placed the account at issue with NCO. *See* Gregory Stevens' Supplemental Affidavit attached herewith as Exhibit "1" at ¶ 3. Attached to Mr. Stevens' affidavit are NCO's account notes showing the information provided and uploaded into NCO's system. *Id.* As further explained, upon review of the records, Mr. Stevens confirmed NCO viewed plaintiff's credit in connection with the collection of that account, which courts have unequivocally confirmed is a permissible purpose under the FCRA, regardless of whether the debt is later disputed or determined to be invalid. *Id.* at ¶ 4. *See Huertas v. Galaxy*

---

[1] Note, plaintiff received these documents during discovery and even attached them to his proposed Second Amended Complaint and plaintiff's Motion for Leave to Amend Complaint. (Dkt. No. 18 at Ex. B)

2

*Asset Management*, 641 F.3d 28, 34 (3rd Cir.2011) (section 1681 b(3)(A) authorizes the use of consumer information to collect on a delinquent credit account); *Thomas v. United States Bank, N.A.*, 325 Fed Appx. 592 (9th Cir. May 19, 2009) ("requesting a credit report with the intent to collect on a debt is among the 'permissible purposes listed in the FCRA. 15 U.S.C. § 1681 b(a)(3)(A)."); *Miller v. Wolpoff & Abramson, LLP*, 309 Fed. Appx. 40, 2009 WL 270034, at *3 (7th Cir. Mar.19, 2009) (obtaining a consumer report for use in collecting a debt owed by the consumer is a permissible purpose); *Robinson v. Greystone Alliance, LLC*, 2011 WL 2601573, at *3 (D.Md. June 29, 2011) ("Debt collection is a permissible purpose for obtaining a credit report under the FCRA.... As long as the debt collector has 'reason to believe' that the consumer owes the debt, the debt collector may permissibly obtain the consumer's credit report without violating the FCRA."); *Smith v. John P. Frye, P.C.*, 2011 WL 748363, at *3 (N.D.Ill. Feb.24, 2011) ("obtaining a credit report in connection with collection of a debt is permissible under the FCRA"); *Adams v. LexisNexis Risk & Information Analytics Group, Inc.*, 2010 WL 1931135, at *8 (D.N.J. May 12, 2010) ("Courts recognize that collection is a permissible purpose for obtaining a consumer report under the FCRA.") (emphasis and quotation marks omitted).

Plaintiff provided zero evidence to dispute First Premier placed the account with NCO or that NCO pulled plaintiff's credit in connection with that account. Plaintiff points to a November 2, 2011 letter from NCO's counsel, Michelle Lyon, wherein Ms. Lyon states NCO could not initially identify plaintiff's account from the information he provided. (Dkt. No. 24, Ex. J) This letter, however, does not establish NCO did not *have*

3

an account – just that plaintiff failed to provide sufficient information to *locate* the account. Ms. Lyon's November 4 letter confirms NCO indeed located the account and confirmed it pulled plaintiff's credit report in connection with the collection of that account. (Dkt. No. 24, Ex. K)

### 2. *The Definition Of "Account" Under The Electronic Funds Transfer Act Is Irrelevant.*

Plaintiff attempts to argue NCO could not have pulled his credit report with a permissible purpose because the account was an "open end credit plan," and thus not subject to the permissible purpose exception of the FCRA. (Dkt. No. 24, ¶ 13) To support his argument, plaintiff relies on the definition of "account" under Section 903 of the Electronic Fund Transfer Act (EFT), 15 U.S.C. § 1681a(r)(4). Plaintiff, however, is wrong. *See Demaestri v. Asset Acceptance Capital Corp.*, 2012 WL 1229907 at *4 (D.Colo. March 14, 2012) (granting the debt collector's motion to dismiss specifically finding the definition of "account" under the EFT irrelevant to the permissible purpose analysis).

The plaintiff in *Demaestri* also relied on the definition of account under the EFT to argue a debt collector willfully violated the FCRA by impermissibly pulling his credit report. *Id.* at *1. The Court rejected plaintiff's argument finding "Plaintiff has made no showing that such usage of the term is applicable to the word 'account' as used in [the FCRA] . . . Furthermore, as asserted by the defendant, collection of a debt has been consistently found to be a permissible purpose for seeking a consumer's credit report

under [the FCRA], and this Court finds likewise." *Id.* at *4. Like the debt collector in *Demaestri*, NCO pulled plaintiff's credit report with a permissible purpose.

In sum, NCO pulled plaintiff's credit report in connection with what it reasonably believed was a valid collection account in plaintiff's name, and plaintiff has failed to submit any evidence to the contrary. There is no genuine issue of material fact that NCO pulled plaintiff's credit report with a permissible purpose. The Court should grant NCO's motion for summary judgment, and dismiss plaintiff's FCRA claim as a matter of law.

Respectfully submitted,

**HALL, BOOTH, SMITH, P.C.**

*s/ Glenn E. Jones*
Glenn E. Jones, Esq.
Georgia Bar No.: 612374
3528 Darien Highway, Suite 300
Brunswick, Georgia 31525
Telephone No.: (912) 554-0093
Facsimile No.: (912) 554-1973
Email: gjones@hbss.net

-and-

*s/ Keren E. Gesund*
Keren E. Gesund, Esq. (*Pro Hac Vice*)
Louisiana Bar No.: 34397
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
3850 N. Causeway Boulevard, Suite 200
Metairie, LA 70002
Telephone No.: (504) 828-3700
Facsimile No.: (504) 828-3737
Email: kgesund@sessions-law.biz

Counsel for Defendant,
NCO Financial Systems, Inc.

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| WILLIAM H. CARTER,<br><br>        Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>        Defendant. | CASE No. 3:11-CV-00107-DHB-WLB |

### CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2012, I electronically filed the foregoing: **Defendant, NCO Financial Systems, Inc.'s Memorandum in Support of Motion for Summary Judgment** with the Clerk of Court for the Southern District of Georgia by using the CM/ECF System. I also certify that I have mailed by United States Postal Service the document and a copy of the Notice of Electronic Filing to the following non-CM/ECF participants:

                       William H. Carter, Pro Se
                       311 Bethel Street
                       Eastman, Georgia 31023

                       HALL, BOOTH, SMITH, P.C.

                       *s/ Glenn E. Jones*
                       Glenn E. Jones
                       Georgia Bar No.: 612374

3528 Darien Highway, Suite 300
Brunswick, Georgia 31525
Telephone No.: (912) 554-0093
Facsimile No.: (912) 554-1973