ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 NOV -1 AM 9 34

CLERK_____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

WILLIAM H. CARTER )
    **Plaintiff** )
     )
     )    **Case No: CV 311-107**
**vs** )
     )
NCO FINANCIAL SYSTEMS )
    **Defendant** )
     )

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S
## MOTION TO EXTEND DISCOVERY DEADLINES

    Plaintiff hereby enters his strong opposition to Defendant's Motion to Extend Discovery Deadlines filed on October 25, 2012 and requests this Honorable Court deny the motion and states as follows:

1. Defendant states that due to the additional allegations included in Plaintiff's amended suit its defenses are dependent upon "third parties, original creditor, the telephone service providers and several third party witnesses, which is taking time to complete". (*See* ¶7 Dkt. No.41) Defendant has already scheduled depositions from Plaintiff and his mother in law on consecutive days before the end of the current discovery schedule. Defendant has already subpoenaed and been answered by the only telephone service provider involved, Altell. That was accomplished before the 60 days additional discovery time was granted by the Court which extended the discovery deadline to November 16, 2012.  Defendant has failed to include the following facts:

a. In Defendant's answers to Plaintiff's first set of discovery materials, instead of providing what Plaintiff had requested, Defendant provided what has now been identified as "***true and correct copies of NCO's account records***" which included digital records of 105 calls to Plaintiff's cell phone. When Plaintiff then conferred with Defendant's counsel in seeking agreement for an amended complaint to include the newly discovered additional violations, the answer was affirmative if Plaintiff would "stipulate" an extension of time on discovery as to the new allegations.

b. Plaintiff stated he would not stipulate to such an extension as Defendant had provided the evidence of the violations themselves. At no time did Plaintiff state he would oppose any motion for extension of discovery Defendant might file, he merely stated he would not stipulate to the request for Defendant. Counsel for Defendant then replied via email that she would need proof that it was a cell phone and that it was Plaintiff's cell phone. Plaintiff searched for any documents he might have to provide such proof to Defendant. Plaintiff sent a copy of an old bill on the Alltel account for the cell phone number and old bills he located from local retailers showing it was his cell phone. Plaintiff then took it upon himself to contact Alltel to request any and all records regarding the account in order to provide those records to Defendant. Alltel indicated that no records are kept on cell phones beyond 45 days after the closing of an account and since that account had been closed for so long, there were no records in existence. Alltel also stated that the "***cell phone number***", in question, 478-689-6028 had been "***retired***" and had not been "***assigned***" to any other individual after the account had been closed and was still not being used by any account holder. In fact,

when dialing that number today a pre-recorded message is reached identifying the number as an Alltel number but stating it is not in service.

c. Defendant subpoenaed Alltel's records on August 8, 2012 and was given the same information Plaintiff provided. Defendant has contacted other telephone providers and been told the same thing. Defendant has demanded records from the Plaintiff in discovery that he does not have even though Plaintiff has stated on multiple occasions he does not have them. There is no record of the calls placed to Plaintiff's cell phone other than the records from NCO's own system.

d. On October 22, 2012 Defendant submitted a second copy of Affiant, Gregory Stevens' second Affidavit. The original Affidavit filed with Defendant's, original motion was devoid of the attachments referred to in the Affidavit as "Exhibit A". The latest copy of the Affidavit (*See* Dkt. No.39), has the "alleged records" of NCO attached as "Exhibit A".

e. When comparing the "alleged records" between the copies sent to Plaintiff as *"true and correct copies of NCO's account records"* in response to Plaintiff's Requests for Production of Documents during discovery, and the copies entered into the court with Mr. Stevens' affidavit, clear discrepancies are evident between 2 documents which are supposed to be identical.

f. In Defendants' "Exhibit A", there are many redactions and most of them are identifying information of third parties and therefore proper however on pages 3, 4, and 8 there are redactions which clearly cover printed information. In the allegedly same documents Defendant mailed to Plaintiff in answer to his first set of discovery

the information redacted in Affiant's "Exhibit A" does not exist (*See* Exhibit "S" attached hereto).

g.  Either the "alleged" *true and correct copies of NCO's account records* provided in discovery "**sworn under oath**" to be true or the copies provided by Affiant, "**sworn under oath**" to be true have been altered or both. This is but further evidence of the level of deceit and trickery Defendant has consistently engaged in while attempting to avoid liability for its non-compliance with the law.

h.  Defendant has claimed as is noted on page 8 of both copies of the "alleged" *true and correct copies of NCO's account records* that there was a "Misc. Debtor Letter" mailed to Plaintiff on April 9, 2010. Plaintiff has sworn under oath he never received ANY WRITTEN COMMUNICATION from NCO and still hasn't to date. Defendant has failed to bring the courts attention to the next entry directly below "Misc. Debtor Letter" which states, "SKIP SEARCH – BAD ADDRESS".  This appears to be a clear indication that NCO knew Plaintiff did not receive the "Misc. Debt Letter", mailed on April 9, 2010. Also on page 8 of Affiant's "*alleged records*" Exhibit A, below the entry, "SKIP SEARCH – BAD ADDRESS" is another entry indicating, "TELEPHONE DEMAND RESIDENCE" which is repeated again just above the redacted information.

i.  This is clear evidence that NCO knew at some point between November 20, 2009 and May 13th of 2010, the number they were calling before ever making an attempt to locate a land line, was a **CELL** phone. In addition there were 6 months of collection actions before NCO made any attempt to contact the Plaintiff in writing and even though they clearly knew the address they did mail to was incorrect; Defendant

claims to have sent Plaintiff a dunning letter without disclosing they knew it hadn't reached him.

j. The entries on the "alleged records" show that NCO made no attempts whatsoever to verify and authenticate the information they had until approximately 6 months after they had already obtained Plaintiff's credit report and begun harassing collection efforts via calls to his cell phone. It is highly doubtful that this behavior would define what Congress intended when including a "reason to believe" in the permissible purposes listed in the FCRA.

k. Defendant subpoenaed FIRST PREMIER BANK for records on August 9, 2012 and received copies of digital records of "*account notes*" which clearly indicate on the last page that the Plaintiff is not responsible for said "alleged account." (*See* Exhibit "R" Dkt. No. 38). Defendant inexplicably still insists on extra time to prove the "alleged original creditor" wrong.

2. Defendant appears to be deliberately "beating a dead horse" in its attempt to delay the end of discovery, perhaps in hopes this Honorable Court will rule on their pending dispositive motions before they are forced to provide documents Plaintiff has requested.

3. *Defendant states in ¶10 of its Motion to Extend Discovery Deadlines*, "The extension is not for dilatory purposes and will not prejudice plaintiff." Plaintiff disagrees strongly as this appears to be nothing more than another attempt to delay on the basis of searching for records and information that the Defendant has already been given or has been stated by all entities and persons involved, does not exist. To extend discovery deadlines does indeed prejudice the Plaintiff and serves to provide Defendant with further hope of avoiding the consequences of its actions. If this Honorable Court were to rule in favor of

Defendants' dispositive motions Plaintiff could be denied due process and a trial before a jury of his peers.

4.  Defendant has consistently avoided providing Plaintiff with information requested in discovery by claiming the need for a joint protective order. Plaintiff readily agreed to such an order provided there was nothing prejudicial to him within it.

5.  Defendant submitted an undated proposed joint protective order to Plaintiff before the tele-conference with Judge Barfield on September 18, 2012 and his subsequent Order issued by the Court on Oct.1, 2012. (*See* Dkt. No.31). Plaintiff objected to the entire first paragraph of Defendant's proposed document as clearly attempting to "protect" material already given to Plaintiff by Defendant through discovery. Plaintiff consequently refused to sign the agreement until it was re-drafted. After the tele-conference Defendant sent a second proposed order in which the first paragraph was changed to include the last line, "***This protective order will only apply to documents produced after the execution of this agreement***". That statement is directly contradicted by the following paragraphs in that document:

    a.  ¶ 3, "*Documents produced or disclosed **prior** to the date this Order is executed by the parties may be designated Confidential by providing written notice to all parties.*"
    b.  ¶ 4 "*Testimony taken at a deposition, conference or hearing **prior** to the date this Order is executed by counsel for the parties may be designated Confidential by providing written notice to all parties.*"

6.  Plaintiff again refused to sign the order until the language attempting to shield information already given is removed. (*See* Exhibit "T" attached hereto).  Defendant has not re-drafted and submitted the proposal to Plaintiff to date.

7.  Plaintiff may be a "least sophisticated consumer" in comparison to Bar Licensed attorneys but he has no problem reading the English language and recognizing the deceptive language consistently being used by Defendant.

8.  Defendant has been far less than candid with this Honorable Court or with Plaintiff. From obviously **ALTERED** documents being presented as "true and correct" under oath to deceptive language in a proposed protective order while representing to the Court that it is Plaintiff who is being "uncooperative", Defendant continually seeks to deceive.

9.  Early court decisions required that authentication of "digital evidence" called "for a more comprehensive foundation." US v. Scholle, 553 F.2d 1109 (8th Cir. 1976). Modern day courts have backed away from that high standard but the clearly altered documents presented by Defendant are a strong indication the "more comprehensive" foundation required by *Scholle* remains good practice.

10. Plaintiff has pointed out Defendant's "Dismal Track Record" of non-compliance with the law in detail in his reply in support of his opposition to Defendant's Motion for Summary Judgment, (See Dkt. No. 38). Any attempt to "game the system" for the purpose of delaying discovery to avoid producing documents requested or in hopes of a favorable decision on Defendant's pending dispositive motions is just more of the same behavior.

11. Defendant has attempted since the beginning of this case to change the basis and focus of the complaint from the Defendant's bad behavior while attempting to collect an "alleged debt" in violation of Federal Statutes to the "alleged debt" itself. Defendant continues to base its defense on a "reason to believe" it had a permissible purpose to obtain Plaintiff's credit report and later to call his cell phone but provides NOTHING before the Court to evidence it did anything at all in 2009 to determine said "alleged debt" actually belonged

to the Plaintiff in order to be eligible to claim a "reasonable belief" under the FCRA. Even if Defendant had been able, which it has not, to establish the "alleged debt" was valid, they are many days late and untold dollars short of compliance with their duty as a matter of law.

12. While Plaintiff agrees this Honorable Court has the "sound discretion" to decide civil discovery matters, Defendant's request for a further extension on discovery deadlines is in direct opposition to the sound advice given by Judge Barfield when granting the previous 60 day extension... "*use the time wisely*" and his statement in his subsequent order.. "*However, the Court advises both parties that further requests for extension of time will not be looked upon favorably*."

13. While Plaintiff does not expect Defendant will supply the documents requested in his Second Set of Discovery Materials propounded to Defendant on October 6, 2012 he is not asking the court for additional time. In fact it appears to Plaintiff at this time that such documents do not exist as they would establish that Defendant did meet its duty in 2009. The "alleged records" show they did not. Defendant has avoided at every turn providing such documentation. Rather, Defendant has relied on affidavits from an in house employee with "Altered" documents, sworn to be authentic copies yet obviously different from supposedly identical documents provided to Plaintiff during discovery, attached to his affidavit. This action alone would fall under Fed. R. Civ. P. 26 (g), Mancia v Mayflower, USDC Maryland, 1:08-cv-00273-CCB  page 9.... "...*First, the rule is intended to impose an "affirmative duty" on counsel to behave responsibly during discovery, and to ensure that it is conducted in a way that is consistent "with the spirit and Purposes" of the discovery rules, which are contained in Rules 26 through 37.*"

Page 8 .... "*If a lawyer or party makes a Rule 26(g) certification that violates the rule, without substantial justification, the court (on motion, or sua sponte) must impose an appropriate sanction, which may include an order to pay reasonable expenses and attorney's fees, caused by the violation.*" Fed. R. Civ. P. 26 (g)(3)

14. The submission of electronic evidence "sworn under oath" to be true and correct which is blatantly and obviously altered from the original is also a violation of Federal Rules of Evidence, Article IX, Authentication and Identification, Rule 901 (a)(1)(3)(4)(9).

    a. *In General*. To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.

    b. (1) *Testimony of a Witness with Knowledge*. Testimony that an item is what it is claimed to be. (3) *Comparison by an Expert Witness or the Trier of Fact*. A comparison with an authenticated specimen by an expert witness or the trier of fact. (4) *Distinctive Characteristics and the Like*. The appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances. (9) *Evidence About a Process or System*, Evidence describing a process or system and showing that it produces an accurate result.

15. Defendant has also moved the Court to admit yet another attorney, Pro Hac Vice on October 22, 2012. Plaintiff objects to this action as there are already two law firms, a local Attorney of record, an existing Pro Hac Vice from Sessions, Fishman, Nathan & Israel and several other legal assistants from both firms involved. Plaintiff is acting as a Pro Se Litigant and has no access to such professional resources. It would appear to Plaintiff this request is yet another tactic to bombard him with simultaneous paper work

in hopes he will be unable to meet the various deadlines imposed by the Rules of Civil

Procedure.

16. It should be obvious to the Court that there has been more than ample time for both

parties to have propounded and completed discovery by the end of the current discovery

schedule which in itself was extended at the request of the defense. The Court went so far

as to admonish the counsel for the Defendant to use the additional discovery time given

wisely. Defendant has obviously failed to do so.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court **DENY**

Defendant's Motion for Extension of Discovery Deadlines so as not to prejudice the Plaintiff

and place an unnecessary and extended burden on the Court.

Dated: October 30, 2012

Respectfully Submitted,

William H. Carter
311 Bethel Street
Eastman, Georgia
31023
Tel.: 478-689-0708

# EXHIBIT "S"

## ALTERED INFORMATION IN DOCUMENTS
## PRESENTED TO THE COURT AS TRUE
## AND ACCURATE BY DEFENDANT

Case 13-of-00... Document... Filed... Page 12 of 22

707806

```
AJO893    CARTER, WILLIAM H                              Page 3

----------PAYMENTS---------------     ------------TRANSACTIONS-------------
--Date--    Amount    Code    Rate    --DATE--   TIME  AC/RC  ----COMMENT---- ID
                                      IH.NA 4786896028 LV NO ANSWER
                                      11/26/09  19:51  VR/NA  112609 1434     VOX
                                      IH.NA 4786896028 LV NO ANSWER
                                      11/27/09  16:45  VR/NA  112709 1006     VOX
                                      IH.NA 4786896028 LV NO ANSWER
                                      11/28/09  05:09  VR/NA  112709 1831     VOX
                                      IH.NA 4786896028 LV NO ANSWER
                                      11/28/09  05:09  VR/NA  112709 1758     VOX
                                      IH.NA 4786896028 LV NO ANSWER
                                      11/28/09  14:50  VR/NA  112809 1115     VOX
                                      IH.NA 4786896028 LV NO ANSWER
                                      11/28/09  19:49  VR/NA  112809 1714     VOX
                                      IH.NA 4786896028 LV NO ANSWER
                                      11/29/09  17:52  MN/NA  112909 1346     VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                      11/29/09  17:52  MN/NA  112909 1314     VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                      11/30/09  04:00  MN/NA  112909 1634     VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                      11/30/09  04:00  MN/NA  112909 1945     VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                      11/30/09  20:23  VR/NA  113009 1044     VOX
                                      IH.NA 4786896028 LV NO ANSWER
                                      11/30/09  20:23  VR/NA  113009 1116     VOX
                                      IH.NA 4786896028 LV NO ANSWER
                                      12/02/09  17:51  MN/NA  120209 0933     VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                      12/02/09  20:45  MN/NA  120209 1710     VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                      12/05/09  19:46  MN/NA  120509 1023     VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                      12/06/09  15:01  MH/LM                  T3
                                      4786896028 XMMAIN94
                                      12/09/09  20:41  MN/NA  120909 1444     VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                      12/10/09  20:36  MN/NA  121009 1151     VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                      12/11/09  05:40  MN/NA  121009 2003     VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                      12/14/09  06:16  CC/CC                  SYS
                                      DT LAST-00 00                  1656
                                      12/15/09  04:00  MN/NA  121409 1030     VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                      12/15/09  09:02  MN/NA  121409 2022     VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                      12/16/09  12:26  MN/NA  121509 1343     VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                      12/16/09  17:42  MH/DL  121609 1021     ASP
                                      AH.DL 4786896028
                                      12/19/09  05:02  MN/NA  121809 1421     VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                      Page 3
```

Case 1:09-cv-00118-HCM-JEB Document 4 Filed 02/11/13 Page 13 of 22

707806

```
AJO893    CARTER, WILLIAM H                              Page 3
----------PAYMENTS---------------    ------------TRANSACTIONS-------------
--Date--    Amount    Code   Rate    --DATE--   TIME  AC/RC   ----COMMENT---- ID
                                     IH.NA 4786896028 LV NO ANSWER
                                     11/26/09  19:51  VR/NA  112609 1434    VOX
                                     IH.NA 4786896028 LV NO ANSWER
                                     11/27/09  16:45  VR/NA  112709 1006    VOX
                                     IH.NA 4786896028 LV NO ANSWER
                                     11/28/09  05:09  VR/NA  112709 1831    VOX
                                     IH.NA 4786896028 LV NO ANSWER
                                     11/28/09  05:09  VR/NA  112709 1758    VOX
                                     IH.NA 4786896028 LV NO ANSWER
                                     11/28/09  14:50  VR/NA  112809 1115    VOX
                                     IH.NA 4786896028 LV NO ANSWER
                                     11/28/09  19:49  VR/NA  112809 1714    VOX
                                     IH.NA 4786896028 LV NO ANSWER
                                     11/29/09  17:52  MN/NA  112909 1346    VOX
                                     MO.NA 4786896028 LV NO ANSWER
                                     11/29/09  17:52  MN/NA  112909 1314    VOX
                                     MO.NA 4786896028 LV NO ANSWER
                                     11/30/09  04:00  MN/NA  112909 1634    VOX
                                     MO.NA 4786896028 LV NO ANSWER
                                     11/30/09  04:00  MN/NA  112909 1945    VOX
                                     MO.NA 4786896028 LV NO ANSWER
                                     11/30/09  20:23  VR/NA  113009 1044    VOX
                                     IH.NA 4786896028 LV NO ANSWER
                                     11/30/09  20:23  VR/NA  113009 1116    VOX
                                     IH.NA 4786896028 LV NO ANSWER
                                     12/02/09  17:51  MN/NA  120209 0933    VOX
                                     MO.NA 4786896028 LV NO ANSWER
                                     12/02/09  20:45  MN/NA  120209 1710    VOX
                                     MO.NA 4786896028 LV NO ANSWER
                                     12/05/09  19:46  MN/NA  120509 1023    VOX
                                     MO.NA 4786896028 LV NO ANSWER
                                     12/06/09  15:01  MH/LM                 T3
                                     4786896028 XMMAIN94
                                     12/09/09  20:41  MN/NA  120909 1444    VOX
                                     MO.NA 4786896028 LV NO ANSWER
                                     12/10/09  20:36  MN/NA  121009 1151    VOX
                                     MO.NA 4786896028 LV NO ANSWER
                                     12/11/09  05:40  MN/NA  121009 2003    VOX
                                     MO.NA 4786896028 LV NO ANSWER
                                     12/14/09  06:16  CC/CC                 SYS
                                     DT LAST-00 00 00-██████████1656
                                     12/15/09  04:00  MN/NA  121409 1030    VOX
                                     MO.NA 4786896028 LV NO ANSWER
                                     12/15/09  09:02  MN/NA  121409 2022    VOX
                                     MO.NA 4786896028 LV NO ANSWER
                                     12/16/09  12:26  MN/NA  121509 1343    VOX
                                     MO.NA 4786896028 LV NO ANSWER
                                     12/16/09  17:42  MH/DL  121609 1021    ASP
                                     AH.DL 4786896028
                                     12/19/09  05:02  MN/NA  121809 1421    VOX
                                     MO.NA 4786896028 LV NO ANSWER
                                     Page 3
```

```
                              707806
                  12/19/09  16:01  MH/DL   121909 1015      ASP
                       AH.DL 4786896028
                  12/21/09  04:52  MN/NA   122009 1711      VOX
```

AJO893    CARTER, WILLIAM H                              Page 4

```
-----------PAYMENTS---------------    -------------TRANSACTIONS--------------
--Date--      Amount    Code   Rate   --DATE--    TIME  AC/RC  ----COMMENT---- ID
                                      MO.NA 4786896028 LV NO ANSWER
                                      12/21/09  16:46  MN/NA   122109 1138      VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                      12/23/09  20:39  CC/rc                    SYS
                                      DT LAST-03 11 07-                   :1656
                                      12/24/09  10:06  MN/NA   122309 1753      VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                      12/24/09  19:47  MN/NA   122409 1246      VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                      12/29/09  04:25  MN/NA   122809 1616      VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                      12/30/09  13:05  MN/NA   122909 1420      VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                      12/30/09  19:06  MN/NA   123009 0904      VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                      01/01/10  18:40  MN/NA   010110 1017      VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                      01/02/10  19:52  MN/NA   010210 1013      VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                      01/02/10  19:52  MN/NA   010210 1045      VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                      01/04/10  18:45  MH/AM                    T3
                                      4786896028 XMMAIN94
                                      01/06/10  17:18  MH/DL   010610 1148      ASP
                                      AH.DL 4786896028
                                      01/09/10  19:46  MN/NA   010910 1052      VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                      01/11/10  20:52  VR/NA   011110 1551      VOX
                                      IH.NA 4786896028 LV NO ANSWER
                                      01/13/10  04:00  VR/NA   011210 1645      VOX
                                      IH.NA 4786896028 LV NO ANSWER
                                      01/13/10  04:00  VR/NA   011210 1614      VOX
                                      IH.NA 4786896028 LV NO ANSWER
                                      01/13/10  16:57  MH/DL   011310 1032      ASP
                                      AH.DL 4786896028
                                      01/15/10  06:51  VR/NA   011410 1433      VOX
                                      IH.NA 4786896028 LV NO ANSWER
                                      01/15/10  17:52  MH/DL   011510 1351      ASP
                                      AH.DL 4786896028
                                      01/16/10  06:04  TG/TA   TRIGGER SENT     TRG
                                      01/16/10  19:51  MN/NA   011610 1157      VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                      01/18/10  20:59  VR/NA   011810 1203      VOX
                                      IH.NA 4786896028 LV NO ANSWER
                                      01/18/10  20:59  VR/NA   011810 1238      VOX
                                      IH.NA 4786896028 LV NO ANSWER
                                      01/19/10  20:34  MN/NA   011910 1052      VOX
                                      MO.NA 4786896028 LV NO ANSWER
                                             Page 4
```

```
                                707806
                                12/19/09  16:01  MH/DL  121909 1015    ASP
                                     AH.DL 4786896028
                                12/21/09  04:52  MN/NA  122009 1711    VOX
```

AJ0893   CARTER, WILLIAM H                            Page 4

```
-----------PAYMENTS-----------------        -------------TRANSACTIONS---------------
--Date--     Amount     Code   Rate    --DATE--   TIME  AC/RC  ----COMMENT---- ID
                                          MO.NA 4786896028 LV NO ANSWER
                                       12/21/09  16:46  MN/NA  122109 1138    VOX
                                          MO.NA 4786896028 LV NO ANSWER
                                       12/23/09  20:39  CC/CC                 SYS
                                          DT LAST-03 11 07-███████████1656
                                       12/24/09  10:06  MN/NA  122309 1753    VOX
                                          MO.NA 4786896028 LV NO ANSWER
                                       12/24/09  19:47  MN/NA  122409 1246    VOX
                                          MO.NA 4786896028 LV NO ANSWER
                                       12/29/09  04:25  MN/NA  122809 1616    VOX
                                          MO.NA 4786896028 LV NO ANSWER
                                       12/30/09  13:05  MN/NA  122909 1420    VOX
                                          MO.NA 4786896028 LV NO ANSWER
                                       12/30/09  19:06  MN/NA  123009 0904    VOX
                                          MO.NA 4786896028 LV NO ANSWER
                                       01/01/10  18:40  MN/NA  010110 1017    VOX
                                          MO.NA 4786896028 LV NO ANSWER
                                       01/02/10  19:52  MN/NA  010210 1013    VOX
                                          MO.NA 4786896028 LV NO ANSWER
                                       01/02/10  19:52  MN/NA  010210 1045    VOX
                                          MO.NA 4786896028 LV NO ANSWER
                                       01/04/10  18:45  MH/AM                 T3
                                          4786896028 XMMAIN94
                                       01/06/10  17:18  MH/DL  010610 1148    ASP
                                          AH.DL 4786896028
                                       01/09/10  19:46  MN/NA  010910 1052    VOX
                                          MO.NA 4786896028 LV NO ANSWER
                                       01/11/10  20:52  VR/NA  011110 1551    VOX
                                          IH.NA 4786896028 LV NO ANSWER
                                       01/13/10  04:00  VR/NA  011210 1645    VOX
                                          IH.NA 4786896028 LV NO ANSWER
                                       01/13/10  04:00  VR/NA  011210 1614    VOX
                                          IH.NA 4786896028 LV NO ANSWER
                                       01/13/10  16:57  MH/DL  011310 1032    ASP
                                          AH.DL 4786896028
                                       01/15/10  06:51  VR/NA  011410 1433    VOX
                                          IH.NA 4786896028 LV NO ANSWER
                                       01/15/10  17:52  MH/DL  011510 1351    ASP
                                          AH.DL 4786896028
                                       01/16/10  06:04  TG/TA  TRIGGER SENT   TRG
                                       01/16/10  19:51  MN/NA  011610 1157    VOX
                                          MO.NA 4786896028 LV NO ANSWER
                                       01/18/10  20:59  VR/NA  011810 1203    VOX
                                          IH.NA 4786896028 LV NO ANSWER
                                       01/18/10  20:59  VR/NA  011810 1238    VOX
                                          IH.NA 4786896028 LV NO ANSWER
                                       01/19/10  20:34  MN/NA  011910 1052    VOX
                                          MO.NA 4786896028 LV NO ANSWER
                                       Page 4
```

```
                                   707806
                   04/01/10  20:53  VR/NA   040110 1506        VOX
                     IH.NA 4786896028 LV NO ANSWER
                   04/03/10  18:37  MN/NA   040310 1325        VOX
                     MO.NA 4786896028 LV NO ANSWER
                   04/04/10  20:40  AJ/IR   C105               SYS
                     20100404 CLOSE - EFFORTS EXHAUSTED
                   04/04/10  20:40  AG/IR                      VR5
                     DEBTOR RECALLED FROM AGENCY - NC1
                   04/04/10  20:40  CC/CC   COLL UNIT V81      SYS
                   04/04/10  20:40  CC/CO                      SYS
                             1656 ACT CODE 0
                   04/06/10  11:33  AG/IR                      I4L
                     DEBTOR FORWARDED TO AGENCY
                   04/06/10  11:33  CS/10                      I4L
                   04/06/10  11:33  TA/    PL2                 SYS
```

AJO893   CARTER, WILLIAM H                        Page 8

----------PAYMENTS---------------       -------------TRANSACTIONS--------------
--Date--     Amount    Code   Rate    --DATE--    TIME  AC/RC   ----COMMENT---- ID

```
                                      04/07/10  02:23  AG/IR                   SYS
                                        NEW PLMT - BALANCE UPDATE SENT
                                      04/07/10  06:01  TG/TO   TRIGGER REMOVED  TRI
                                      04/09/10  05:03  AJ/IR   S101             SYS
                                        20100407 ACKNOWLEDGMENT
                                      04/09/10  23:00  AJ/IR   W113             SYS
                                        20100408 MISC. DEBTOR LETTER
                                      05/13/10  22:33  AJ/IR   S123             SYS
                                        20100512 SKIP SEARCH - BAD ADDRESS
                                      05/13/10  22:33  AJ/IR   W120             SYS
                                        20100512 TELEPHONE DEMAND RESIDENCE
                                      05/13/10  22:35  AJ/IR   S123             SYS
                                        20100512 SKIP SEARCH - BAD ADDRESS
                                      05/13/10  22:35  AJ/IR   W120             SYS
                                        20100512 TELEPHONE DEMAND RESIDENCE
                                      05/17/10  21:39  AJ/IR   S124             SYS
                                        20100514 SKIP TRACE
                                      11/23/10  19:12  CC/CC                    SYS
                                        RETURN GENFPBB·           1656
                                      11/23/10  19:12  CC/CC                    SYS
                                        ACTIVITY AD - CBR12672538
                                      11/24/10  07:41  CC/CC                    SYS
                                        ACTIVITY RA - CBR12672538
                                      11/24/10  07:41  CC/CC                    SYS
                                        RETURN DATE 11-23-10 - CBR12672538
                                      11/24/10  12:49  CC/CO                    SYS
                                        RECALLED DATE HAS BEEN SET
                                        MASTER FORWARDED FLAG REMOVED
                                        FORWARD FLAG WAS F NOW R
                                      11/24/10  12:49  AG/LR   C100 SN2         SYS
                                      11/25/10  02:40  CC/CC                    SYS
                                        RECALL SENT TO SN2 FOR C100
                                      03/15/11  11:26  SO/CC                    SYS
                                        SOL DATE 00-00-00 - CBR12672538
                                      08/03/11  23:22  CC/CC                    SYS
                                        AUX2 POS 2 - PREMIER BANKCARD, LLC
```
                                        Page 8

```
707806
04/01/10  20:53  VR/NA   040110 1506      VOX
   IH.NA 4786896028 LV NO ANSWER
04/03/10  18:37  MN/NA   040310 1325      VOX
   MO.NA 4786896028 LV NO ANSWER
04/04/10  20:40  AJ/IR   C105             SYS
   20100404 CLOSE - EFFORTS EXHAUSTED
04/04/10  20:40  AG/IR                    VR5
   DEBTOR RECALLED FROM AGENCY - NC1
04/04/10  20:40  CC/CC   COLL UNIT V81    SYS
04/04/10  20:40  CC/CO                    SYS
   5433628768921656 ACT CODE O
04/06/10  11:33  AG/IR                    I4L
   DEBTOR FORWARDED TO AGENCY
04/06/10  11:33  CS/10                    I4L
04/06/10  11:33  TA/     PL2              SYS
```

AJ0893   CARTER, WILLIAM H                              Page 8

| ----------PAYMENTS---------------- | | | | --------------TRANSACTIONS-------------- | | | |
| --Date-- | Amount | Code | Rate | --DATE-- | TIME | AC/RC | ----COMMENT---- | ID |
| | | | | 04/07/10 | 02:23 | AG/IR | | SYS |
| | | | | NEW PLMT - BALANCE UPDATE SENT | | | | |
| | | | | 04/07/10 | 06:01 | TG/TO | TRIGGER REMOVED | TRI |
| | | | | 04/09/10 | 05:03 | AJ/IR | S101 | SYS |
| | | | | 20100407 ACKNOWLEDGMENT | | | | |
| | | | | 04/09/10 | 23:00 | AJ/IR | W113 | SYS |
| | | | | 20100408 MISC. DEBTOR LETTER | | | | |
| | | | | 05/13/10 | 22:33 | AJ/IR | S123 | SYS |
| | | | | 20100512 SKIP SEARCH - BAD ADDRESS | | | | |
| | | | | 05/13/10 | 22:33 | AJ/IR | W120 | SYS |
| | | | | 20100512 TELEPHONE DEMAND RESIDENCE | | | | |
| | | | | 05/13/10 | 22:35 | AJ/IR | S123 | SYS |
| | | | | 20100512 SKIP SEARCH - BAD ADDRESS | | | | |
| | | | | 05/13/10 | 22:35 | AJ/IR | W120 | SYS |
| | | | | 20100512 TELEPHONE DEMAND RESIDENCE | | | | |
| | | | | 05/17/10 | 21:39 | AJ/IR | S124 | SYS |
| | | | | 20100514 SKIP TRACE | | | | |
| | | | | 11/23/10 | 19:12 | CC/CC | | SYS |
| | | | | RETURN GENFPBB-▓▓▓▓1656 | | | | |
| | | | | 11/23/10 | 19:12 | CC/CC | | SYS |
| | | | | ACTIVITY AD - CBR12672538 | | | | |
| | | | | 11/24/10 | 07:41 | CC/CC | | SYS |
| | | | | ACTIVITY RA - CBR12672538 | | | | |
| | | | | 11/24/10 | 07:41 | CC/CC | | SYS |
| | | | | RETURN DATE 11-23-10 - CBR12672538 | | | | |
| | | | | 11/24/10 | 12:49 | CC/CO | | SYS |
| | | | | RECALLED DATE HAS BEEN SET | | | | |
| | | | | MASTER FORWARDED FLAG REMOVED | | | | |
| | | | | FORWARD FLAG WAS F NOW R | | | | |
| | | | | 11/24/10 | 12:49 | AG/LR | C100 SN2 | SYS |
| | | | | 11/25/10 | 02:40 | CC/CC | | SYS |
| | | | | RECALL SENT TO SN2 FOR C100 | | | | |
| | | | | 03/15/11 | 11:26 | SO/CC | | SYS |
| | | | | SOL DATE 00-00-00 - CBR12672538 | | | | |
| | | | | 08/03/11 | 23:22 | CC/CC | | SYS |
| | | | | AUX2 POS 2 - PREMIER BANKCARD, LLC | | | | |

Page 8

# EXHIBIT "T"
## ENTRIES IN DEFENDANTS'
## PROPOSED JOINT PROTECTIVE ORDERS

*Exhibit   Page 2*

corporation, or to the organization from which the information was obtained.   This protective order will only apply to documents produced after execution of this agreement.

2.      By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

3.      Documents containing Confidential Information shall be so designated by placing the legend "CONFIDENTIAL" on each page of the document, or by placing said legend in such other manner as to clearly indicate that the entire document is Confidential Information.   In lieu of marking the original documents, the disclosing party may mark the copies of such documents which are produced.   Documents produced or disclosed prior to the date this Order is executed by the parties may be designated Confidential by providing written notice to all parties.

4.      Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding.   To the extent possible and/or permissible by the Court, arrangement shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential Information, , within the meaning of this Order and identified as such by placing thereon the legend described in paragraph 3.   Testimony taken at a deposition, conference or hearing prior to the date this Order is executed by counsel for

the parties may be designated Confidential by providing written notice to all parties.  If any Confidential Information is made the subject of deposition testimony, or is marked, attached to, or otherwise incorporated in a deposition transcript, the portion of the transcript relating to the Confidential Information shall be deemed Confidential Information within the meaning of this Order and identified as such by placing thereon the legend described in Paragraph 3.  Such portion shall, to the extent possible, begin and end on separate pages of the transcript.

5.    Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstract, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of the prosecution, defense, or settlement of this action, including any appeal, or to enforce the terms of any settlement or judgment in this action, and for no other purpose.

6.    Confidential Information produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a)    a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b)    experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

|  |  |  |
|---|---|---|
| William H. Carter | ) | |
| Plaintiff | ) | |
| | ) | **Case No: CV 311-107** |
| vs | ) | |
| | ) | |
| NCO FINANCIAL SYSTEMS | ) | |
| Defendant | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have mailed copies of the above document by first class mail USPS to all parties listed below.

Dated: October 30, 2012

Respectfully Submitted,

William H. Carter
311 Bethel Street
Eastman, Georgia 31023
478-689-0708

NCO FINANCIAL SYSTEMS
C/O Glenn E. Jones
Hall, Booth, Smith & Slover, P.C.
3528 Darien Highway, Suite 300
Brunswick, Georgia 31525
(912) 554-0093



U.S. POSTAGE
PAID
EASTMAN GA
OCT 31 '12
AMOUNT
$2.30
00550060-04

1010   30903

Clerk of Court
P.O. Box 1130
Augusta, Georgia
30903

Captue
311 Bethel St.
Eastman, GA.
31023