ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 NOV -6 AM 9:35
CLERK
SO. DIST. OF GA.

WILLIAM H. CARTER )
    Plaintiff )
 )
 ) Case No: CV 311-107
vs )
 )
NCO FINANCIAL SYSTEMS )
    Defendant )
 )

## MOTION TO QUASH SUBPOENA AND REQUEST FOR PROTECTIVE ORDER PREVENTING THE DEPOSITION OF AMANDA CARTER

Plaintiff, William H. Carter hereby moves this Court to quash the subpoena for, and issue a protective order preventing the deposition of Amanda Carter, Plaintiff's wife. Defendants cannot show that Mrs. Carter has unique, non-repetitive, firsthand knowledge of information relevant to this action that is unavailable from other, less unduly burdensome sources.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. Plaintiff certifies that he has, in good faith, conferred with Defendant in an effort to resolve the foregoing dispute without Court action.

2. Under FRCP 26(b)(2), the Court has discretion to limit discovery if;

    a. the discovery sought is unreasonably cumulative or duplicative, or is attainable from some other source that is more convenient, less burdensome, or less expensive;

   b. the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or

   c. the burden or expense of the proposed discovery outweighs its likely benefit.

3. Under FRCP 26(c), the Court may issue protective orders if the Court finds that justice requires such an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Additional grounds for protective orders may be found in FRCP 45(c)(3)(a), which gives the Court the power to quash or modify subpoenas if the subpoena would require the disclosure of privileged or protected matters or subjects a person to undue burden.

4. If the primary purpose of a deposition is to harass or annoy, the Court may properly grant a protective order. See Elvis Presley Enterprises, Inc. v Elvisly Yours, Inc., (1991, 6th Cir. Tn) 936 F. 2d 889, ...*the Court granted a protective order denying the deposition of Elvis Presley's former wife, where the wife filed an Affidavit indicating that she had no knowledge of the underlying action.*

## ARGUMENT

5. Plaintiff's wife, Amanda G. Carter, has no knowledge of any of the details of this underlying action save those attested to in her Affidavit, (*See* attached Exhibit "U").

6. As Plaintiff has shared through discovery with Defendant, there is nothing more he can provide. Plaintiff's wife has less than nothing to contribute which is not repetitive and she is currently the only party in a family of seven with a job as Plaintiff's recent employment proved to be temporary. It would cause an extreme hardship financially for her to lose hours in order to satisfy Defendant's determination to travel yet the same well beaten track.

7. Defendant has consistently attempted to "create" in 2012 that which it did not have in 2009, a "reason to believe". Even if Defendant could somehow accomplish that at this late date it would be tantamount to closing the barn door after the escape of the livestock and wholly irrelevant to the issue at hand in this case.

8. Plaintiff has no objection to providing everything he is in possession of in regard to this action to Defendant, as he has already done. Plaintiff unequivocally objects to the overly burdensome and annoying tactics being employed by Defendant in the discovery process. Plaintiff also objects to the marital discord Defendant is causing by dragging his wife into a situation she has nothing to do with. Under the law "Marital Privilege", applies to both criminal and civil actions and any testimony given by Plaintiff's wife could be challenged on that basis.

**WHEREFORE**, Plaintiff moves this Honorable Court to quash the subpoena of Amanda G. Carter for deposition and accept her sworn Affidavit, (*attached*), as sufficient to the matter before the Court.

Dated: November 2, 2012

Respectfully Submitted,

*[signature]*

William H. Carter
311 Bethel Street
Eastman, Georgia
31023

# EXHIBIT "U"
## AFFIDAVIT OF AMANDA G. CARTER

## AFFIDAVIT OF FACT OF AMANDA G. CARTER

NOW COMES the Affiant Amanda G. Carter of Dodge County, Georgia who is over the age of 21, competent to testify, and declares as follows under penalty of perjury regarding Case No. 3:11-cv-00107-DHB-WLB, William H. Carter vs. NCO FINANCIAL SYSTEMS, INC.:

1. That Affiant is not in receipt of anything, that would show or prove that Affiant has any knowledge which is not repetitive in the case stated above other than the following;

2. That Affiant was in possession of one of the cell phones included in the Alltel account of Jackie Price, Affiant's mother during the years 2009 and 2010. It was not the same cell phone that was used by Affiant's husband, William H. Carter/Plaintiff in this case.

3. Affiant does not recall when the cell phone owned by her mother was terminated except that it was some time in 2010.

4. The Affiant also had another cell phone during that time under her own name which had nothing to do with and should not be at issue in this case. Affiant's second cell phone was used by several family members whenever the need arose.

5. Affiant does not recall when the second cell phone account was terminated except that it was some time in the last year.

6. The Affiant has no knowledge whatsoever of the issues in this case and has not requested her husband/Plaintiff explain it to her nor does she want him to.

7. The Affiant has never spoken or communicated in any way with the Defendant in this case and has no knowledge of their relationship with her husband/Plaintiff.

8. Affiant does not handle the financial or legal affairs of the family and does not care to.

9. That Affiant is the only member of a family of seven who is working as her husband is currently unemployed. To lose any hours on her job would cause serious hardship. Affiant objects to being forced to lose work in order to be deposed in a case in which she is not involved and has no non-repetitive information. Affiant has no information beyond what is stated in this Affidavit.

NOTARY SIGNATURE ON NEXT PAGE

## NOTARY'S VERIFICATION

STATE OF GEORGIA

COUNTY OF DODGE

On this day personally came before me the above-named Affiant, who proved his identity to my satisfaction, and he acknowledged his signature on this Affidavit in my presence and stated that he did so fully understanding that he was subject to the penalties of perjury.

### AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this Affidavit to be true and correct. I hereby further affirm that the basis of these beliefs is my own direct knowledge of the statements described herein.

Further the Affiant sayeth naught.

Signed in Eastman, Georgia

November 1st, 2012

_Amanda G. Carter_
Amanda G. Carter

Name of Notary: Robin Brown

Signature of Notary: _Robin Brown_

Seal [Notary Public Seal - Robin Brown, Dodge County, GA, Exp. Apr. 13]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

WILLIAM H. CARTER )
    Plaintiff )
)
) Case No: CV 311-107
vs )
)
NCO FINANCIAL SYSTEMS )
    Defendant )
)

## CERTIFICATE OF SERVICE

This is to certify that I have mailed copies of the above document(s) by first class mail USPS to all parties listed below.

Dated: 11-2-12

Respectfully Submitted,

William H. Carter
311 Bethel Street
Eastman, Georgia
31023

NCO FINANCIAL SYSTEMS, INC.
C/O Glenn E. Jones
Hall, Booth, Smith & Slover, P.C.
3528 Darien Highway, Suite 300
Brunswick, Georgia 31525

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

| | |
|---|---|
| **WILLIAM H. CARTER**<br>**Plaintiff** | )<br>)<br>)<br>) |
| | ) **Case No: CV 311-107** |
| **vs** | )<br>) |
| **NCO FINANCIAL SYSTEMS**<br>**Defendant** | )<br>)<br>)<br>) |

## ORDER ON PLAINTIFF'S MOTION TO QUASH
## SUBPOENA FOR DEPOSITION

After considering Plaintiff, William H. Carter's motion to quash the subpoena for deposition and the response, the Court

GRANTS the motion.

SIGNED on _____, 201___.

_____
U.S. DISTRICT JUDGE



Clerk of Court
P.O. Box 1130
Augusta, Georgia
30903

Carter
311 Bethel St.
Eastman, GA
31023