ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 NOV -8 AM 10:03

CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

WILLIAM H. CARTER )
    Plaintiff )
)
) Case No: CV 311-107
vs )
)
NCO FINANCIAL SYSTEMS )
    Defendant )
)

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S REQUEST FOR EXPENSES

Plaintiff, William H. Carter, pursuant to the Court's October 10, 2012 order (Dkt. No. 35), respectfully requests this Honorable Court to deny Defendant, NCO FINANCIAL SYSTEMS, INC.,(NCO's) request for expenses incurred in responding to Plaintiff's motion to compel and states:

1. On September 4, 2012, Plaintiff filed a motion to compel discovery. (Dkt. No. 21).

2. On September 19, 2012, NCO filed its opposition to Plaintiff's Motion to Compel. (Dkt. No. 29).

3. On October 4, 2012 Plaintiff filed his response to NCO's opposition. (Dkt. No. 33).

4. On October 10, 2012, this Court issued an order denying Plaintiff's Motion to Compel and, under Fed. R. Civ. P. 36(a)(5)(B), directing NCO to file a request for its expenses incurred in opposing Plaintiff's Motion to Compel.

5. On October 25, 2012, NCO filed its Request for Expenses.

6. Plaintiff did misunderstand Fed. R. Civ. Procedure Rule 37 in regard to "certifying" that he conferred in good faith with opposing Counsel. Plaintiff hereby so certifies that he did in fact confer in good faith. Plaintiff did state the date of the email wrong however in Defendant's statements and attachments of emails between the parties, (See Dkt. No. 29), it fails to mention telephone conversations in which Plaintiff did state what he objected to in regard to the discovery answers in question. Plaintiff spoke to both local counsel Glenn Jones, and Keren Gesund on separate occasions concerning his objections. Plaintiff made substantial efforts to resolve the issues before filing his Motion to Compel.

7. When Plaintiff spoke verbally on or about August 22, 2012 with Keren Gesund she agreed to Defendant's request that the discovery questions be amended and answered more fully. She did not object to Plaintiff's time line to do so. Plaintiff waited 11 days after the agreed to deadline to file his Motion to Compel having received no response. To date, those discovery questions Plaintiff demanded be answered fully have not been answered.

8. Plaintiff stated over the telephone to defense counsel what his objections to the unresponsive answers in his original set of discovery materials were. The questions were clearly written however Plaintiff has stated them even more succinctly in his second set of discovery yet to be answered.

9. Plaintiff stated he would file a notice of correction on the misstated dates if Counsel wished him to do so. Plaintiff received no response indicating a request to do so.

10. On July 30, 2012 when Plaintiff spoke with Ms. Gesund concerning answers to the first set of discovery being late, she stated Plaintiff should check his email. When he did check, it was not there, nor was it in his physical mail box by hard copy.

11. Defendant submitted an undated proposed joint protective order to Plaintiff before the tele-conference with Judge Barfield on September 18, 2012 and his subsequent Order issued by the Court on Oct.1, 2012. (*See* Dkt. No.31). Plaintiff objected to the entire first paragraph of Defendant's proposed document as clearly attempting to "protect" material already provided to Plaintiff by Defendant through discovery.

12. Plaintiff expressed his objection both by email **AND** by telephone to counsel for defense. Plaintiff consequently refused to sign the agreement until it was re-drafted. After the tele-conference Defendant sent a second proposed order in which the first paragraph was changed to include the last line, "***This protective order will only apply to documents produced after the execution of this agreement***". That statement is directly contradicted by the following paragraphs in that document:

    a. ¶ 3, "*Documents produced or disclosed **prior** to the date this Order is executed by the parties may be designated Confidential by providing written notice to all parties.*"
    b. ¶ 4 "*Testimony taken at a deposition, conference or hearing **prior** to the date this Order is executed by counsel for the parties may be designated Confidential by providing written notice to all parties.*"

13. Plaintiff again refused to sign the order until the language attempting to shield information already provided is removed. To date the proposed protective order has not been re-drafted and submitted to Plaintiff. Plaintiff does not and never has objected to a protective order or non-disclosure providing the agreement does not seek to apply to

anything prior to its execution and has so stated to Defendant on multiple occasions both in writing and verbally.

14. During the tele-conference with Judge Barfield Plaintiff was asked only one question and that was whether or not he objected to the extension of discovery sought by Defendant. Plaintiff answered that he did not object. Plaintiff only objected to "stipulating" for Defendant in an earlier communication regarding an extension of discovery as he was under the impression that Defendant must move the Court for its own requests. Plaintiff did question the need for further discovery as Defendant had already addressed the issues in discovery it was basing its need for extension on.

15. Plaintiff was told Defendant needed information regarding the cell phone in question. Plaintiff promptly provided what he had in regard to it. Plaintiff attempted to get further information for Defendant through the original cell phone carrier, Alltel, but was told there were no longer any records kept by them in regard to the previously closed account the cell phone was included on. Alltel is the only carrier/provider ever involved with the cell phone account in question.

16. During hurricane "Isaac", Plaintiff was in telephone contact with a friend in the area affected by hurricane "Isaac", who intended to evacuate to Georgia if necessary. The storm was reduced to a tropical storm and she reported no damage, no problems and no need to leave even for a day. Plaintiff had no way of knowing the Metairie office of Sessions, Fishman, Nathan & Israel had closed for any amount of time in regard to the storm. Based on what he had been told, what he saw on the news and Defendant's past practice of being less than honest with him, he had grave doubts about the story of the

office being closed.

17. Plaintiff had no way of knowing if there had been any interruption of daily business in Metairie, Louisiana and Defendant made no attempt whatsoever to communicate with Plaintiff during that time. Local Counsel had been cc'd into all email communications with Metairie Counsel and there was no storm in Georgia. Local Counsel was available and unaffected by the storm yet did not inform Plaintiff of any reason the agreement to complete the discovery questions was not honored by Defendant.

18. Metairie Counsel made no mention of phones being inoperable during the week of the storm. Plaintiff has made every effort to keep BOTH law firms apprised of every communication even going so far as to cc all attorneys ever involved in the case on his emails.

19. When Counsel failed to follow through with the verbal agreement and did not communicate any reason for not doing so Plaintiff filed his Motion to Compel believing this was yet another instance of non-compliance by Defendant. Plaintiff had simply observed the same behavior which had occurred earlier when the initial discovery answers were 11 days late where Counsel had untruthfully stated they were in the mail and email when in fact they were not.

20. Plaintiff's actions were not a causal factor of defense counsel incurring extra work. Plaintiff was available by telephone even when he did not have Internet access and no effort was made to communicate with him that there could or would be any delays in their response due to the hurricane.

21. Plaintiff has been diligent and patient in meeting the demands of defense counsel for information and decisions on matters regarding this case. Plaintiff was simply attempting to move the case forward which is his responsibility and at no time made any unreasonable demands or filed any unwarranted motions that would entitle Defendant's counsel to any reimbursement for expenses attributed to any action by the Plaintiff.

WHEREFORE, the Plaintiff begs this court to enter an order denying Defendant's Request for Expenses.

Dated: November 5, 2012

Respectfully Submitted,

*/s/ William H. Carter*

William H. Carter
311 Bethel Street
Eastman, Georgia
478-689-0708

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

| | |
|---|---|
| WILLIAM H. CARTER <br> **Plaintiff** <br><br> vs <br><br> NCO FINANCIAL SYSTEMS <br> **Defendant** | ) <br> ) <br> ) <br> )   Case No: CV 311-107 <br> ) <br> ) <br> ) <br> ) <br> ) |

## CERTIFICATE OF SERVICE

This is to certify that I have mailed copies of the above document(s) by first class mail USPS to all parties listed below.

Dated: 11-6-2012

Respectfully Submitted,

William H. Carter
311 Bethel Street
Eastman, Georgia
31023

NCO FINANCIAL SYSTEMS, INC.
C/O Glenn E. Jones
Hall, Booth, Smith & Slover, P.C.
3528 Darien Highway, Suite 300
Brunswick, Georgia 31525



Clerk of Court
P.O. Box 1130
Augusta, GA
30903

Carter
311 Bethel St.
Eastman, GA
31023