ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 NOV -8 AM 10: 01

CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

WILLIAM H. CARTER )
   Plaintiff )
)
) Case No: CV 311-107
vs )
)
NCO FINANCIAL SYSTEMS )
   Defendant )
)

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff, William H. Carter hereby opposes the partial motion to dismiss entered by defendant on October 18, 2012. *See* Dkt. No. 37, and requests this Honorable Court deny said motion.

### I.   INTRODUCTION

On October 18, 2012 Defendant, NCO FINANCIAL SYSTEMS, (NCO) filed a motion to dismiss the FDCPA claim included in Plaintiff's amended complaint filed October 1, 2012 on the grounds the claim is time barred by the statute of limitations. *See* Dkt. No. 37. Although many courts have held that the 1 yr statute of limitations applies to the FDCPA, others have held that the statute of limitations runs from the date of discovery. *See Mangum v Action Collection Service, Inc.*, 575 F. 3d 935 (9th Cir. 2009)..*the court held that, because the FDCPA is silent on the issue, the court should apply the Ninth Circuit's usual presumption that federal statutes of limitation begin to run on discovery of the injury.*

Other cases which have held to the presumption of the 9th Circuit: *Greenfield v Kluever & Platt, L.L.C.*, 2010 WL 604830 (N.D. Ill. Feb. 16, 2010); *Kelly v Wolpoff & Abramson, L.L.P.*, 2007 WL 2381536 (D. Colo. Aug. 17, 2007); *Shah v Collecto, Inc.*, 2005 WL 2216242 (D. Md. Sept. 12, 2005).

## II.   BACKGROUND

Plaintiff originally filed this action on November 21, 2011. On October 1, 2011 Plaintiff filed his second amended complaint adding a cause of action under the FDCPA (See Dkt. No. 32). This cause of action was a direct result of evidence provided by Defendant during discovery in this instant action. The evidence clearly showed that Defendant had called Plaintiff's cell phone a total of 105 times and as many as 4 times a day between November of 2009 and April of 2010. While Plaintiff had been fully aware that there were harassing calls being placed to his cell phone during that time period he had no knowledge of who was placing the calls until Defendant provided him documentation identifying NCO as the caller. Because the calls came into Plaintiff's cell phone with "UNKNOWN" status on the caller id., and the cell phone was on a plan whereby Plaintiff was required to "pay for minutes", Plaintiff did not answer and could not have known the identity of the caller. Plaintiff had simply assumed the calls were from a tele-marketer seeking to use his minutes for their unsolicited marketing.

To date there has been no evidence other than that provided by Defendant which would have or could have identified the caller who harassed the Plaintiff by continually dialing his cell phone with blocked caller id.

## III.   CONCLUSION

While the FDCPA is silent on the issue of the commencement of the statute of limitations on the violations, Plaintiff does not think, and the 9th Circuit apparently agrees, that Congress

enacted the FDCPA to give collectors or creditors carte blanche to violate a consumers rights with impunity so long as the consumer is unaware and does not find out before they can hide behind a time limitation on said violations. Since the violations cited in Plaintiff's amended complaint of October 1, 2012 (Dkt. No. 32), could not have been discovered by Plaintiff until 2012, the 9th Circuit's presumption of "time of discovery" would nullify Defendant's claim of "time barred" actions and it's R. Civ. P. 12(b)(6) motion before this Court.

**WHEREFORE**, because Defendant has not shown that Plaintiff has failed to state a claim upon which relief may be granted, Plaintiff respectfully requests this Honorable Court deny Defendant's Partial Motion to Dismiss and Supporting Memorandum of Law and allow Plaintiff's claim to move forward to trial on the merits. In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave to amend the complaint.

Dated: November 4, 2012

Respectfully Submitted,

William H. Carter
311 Bethel Street
Eastman, Georgia 31023
478-374-4132

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

| | |
|---|---|
| **WILLIAM H. CARTER**<br>    Plaintiff | )<br>)<br>) |
| | )    Case No: CV 311-107 |
| vs | )<br>) |
| **NCO FINANCIAL SYSTEMS**<br>    Defendant | )<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

This is to certify that I have mailed copies of the above document(s) by first class mail USPS to all parties listed below.

Dated: 11-6-2012

Respectfully Submitted,

*William H. Carter* (signature)

William H. Carter
311 Bethel Street
Eastman, Georgia
31023


NCO FINANCIAL SYSTEMS, INC.
C/O Glenn E. Jones
Hall, Booth, Smith & Slover, P.C.
3528 Darien Highway, Suite 300
Brunswick, Georgia 31525



Clerk of Court
P.O. Box 1130
Augusta, GA.
30903

Carter
311 Bethel St.
Eastman, GA.
31023