UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA

WILLIAM H. CARTER,

                Plaintiff(s),

v.

NCO FINANCIAL SYSTEMS, INC.,

                Defendant(s).

11-CV-00107

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH SUBPOENA AND REQUEST FOR PROTECTIVE ORDER PREVENTING AMANDA CARTER'S DEPOSITION

Defendant, NCO Financial Systems, Inc. ("NCO"), submits this memorandum in support of its opposition to plaintiff's motion to quash subpoena and request for protective order preventing Amanda Carter's deposition.

### I. INTRODUCTION

Plaintiff has asserted a Telephone Consumer Practices Act (TCPA claim). Relevant to such a claim is the phone number at issue; the subscriber of the phone/service; dates of services; dialer calls to the phone number at issue; whether or not the plaintiff consented to being called on the phone number at issue; and/or whether or not plaintiff provided his phone number to the creditor on the account at issue.

NCO has evidence that the account is plaintiff's and that plaintiff provided the number at issue to the creditor for the account at issue. If established, NCO has a total and complete defense to the TCPA claim.

1

Plaintiff, however, contends that the account at issue was not his despite the fact that it: was in his name, in his SSN, assigned to an address he used, affiliated with his phone number; contained charges local to plaintiff; and contained proof of payment issued by plaintiff's bank. NCO believes that third parties, namely his wife, will have evidence to refute plaintiff's claims.

As such, on October 24, 2012, NCO served a subpoena on Mrs. Amanda Carter, plaintiff's wife, commanding her to appear for deposition on November 14, 2012. On November 6, 2012 and November 8, 2012, plaintiff filed a motion and addendum, respectively, to quash NCO's subpoena and request a protective order preventing the deposition of Mrs. Carter. Plaintiff argues his wife has no knowledge of any details related to this lawsuit; that NCO's attempt to depose Mrs. Carter is harassing; and Mrs. Carter's testimony is protected by the marital privilege.

Importantly, NCO is not attempting to harass Mrs. Carter or seek any privileged communications between plaintiff and his wife. NCO would merely like to question Mrs. Carter about what she does know.

Being plaintiff's spouse and co-resident of the home they share, NCO has a good faith belief that Mrs. Carter has material information regarding the following:

1. The subscriber of the phone at issue.

2. The phone number(s) she and her husband used.

3. The phone service provider for the phone(s) she and her husband used.

4. The dates of service for the phone(s) she and her husband used.

5. Whether the account at issue belongs to plaintiff.

2

6. Whether plaintiff consented to being called on the phone number at issue.

7. Whether she or her husband applied for credit from First Premier Bank.

8. Whether First Premier Bank issued her and/or plaintiff credit.

9. Whether she and/or plaintiff used the First Premier Bank credit card.

10. Whether she and/or plaintiff made a payment to First Premier Bank.

11. Whether she and/or plaintiff owned or used the bank account that was used to make a voluntary payment on the First Premier Bank credit card account.

12. Whether she and/or plaintiff were called by other creditors or debt collectors, the calls of which would not be attributable to NCO.

The deposition was set at or near lunch time (1:00 p.m.) to minimize the inconvenience to Mrs. Carter. In addition, the deposition is expected to take no more than an hour.

## II. LAW AND ARGUMENT

### 1. Applicable Law

According to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Under Fed.R.Civ.P. Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

## 2. Argument

### a. NCO is seeking relevant information from Mrs. Carter.

Plaintiff alleges Mrs. Carter has "no knowledge of any of the details of this underlying action save those attested to in her Affidavit." However, Mrs. Carter does have relevant material information. Specifically, Mrs. Carter knows details regarding the subscriber, the service provider, the dates of service, when plaintiff received the cell phone number at issue, when plaintiff stopped using the subject phone number, whether plaintiff applied for, acquired, and used a First Premier Bank credit card; when plaintiff obtained the First Premier Bank credit card, whether plaintiff provided his phone number to First Premier Bank, whether plaintiff normally provided to others the phone number at issue, and details regarding the bank account that she and/or plaintiff used, and specifically, the one that was used to make an online payment on the credit card debt at issue.

Mrs. Carter also used the cell phone number. *See* Exhibit D, attached to plaintiff's second amended complaint, which appears to be **a service receipt in Mrs. Carter's name** and plaintiff's alleged cell phone number.

### b. NCO is not seeking information protected by the "Marital Privilege"

As discussed above, NCO is not trying to obtain privileged communications between Mrs. Carter and her husband, merely her personal knowledge of her own conduct, personal knowledge of her husband's conduct or her personal knowledge of occurrences giving rise to the issues alleged in the complaint. *See Andrews v. Holloway*, 256 F.R.D. 136 (2009) (holding the "privilege protects communications between spouses,

4

not conduct or occurrences; thus, testimony of one spouse about another spouse's acts is not privileged.")

### c. The date, time, location and length of the deposition is reasonable.

NCO provided sufficient notice to plaintiff and Mrs. Carter, and neither has objected to the date. Further, discovery closes on November 16, 2011, just 2 days after the deposition. The deposition was set at or near lunch time (1:00 p.m.) to minimize the inconvenience to Mrs. Carter, and neither plaintiff nor Mrs. Carter has specifically indicated that 1:00 pm is inconvenient nor have they proposed a different time. In addition, the deposition is expected to take no more than an hour.

### d. If necessary, NCO is willing to move the time of the deposition to a more convenient time.

Plaintiff alleges Mrs. Carter is the only party in his family with a job and that it would cause his family extreme hardship for her to miss work. Plaintiff never notified NCO of this hardship prior to filing his motion to quash. Upon learning of the hardship, NCO emailed plaintiff, notifying him that it would be willing to move the deposition on November 14, 2012, to a time more convenient for Mrs. Carter, either before work, during lunch, or after work.

### III. CONCLUSION

Based on the foregoing, NCO respectfully requests this Honorable Court deny plaintiff's motion to quash and request for protective order preventing the deposition of Amanda Carter.

5

Dated this 9th day of November 2012.

        Respectfully submitted,

        HALL, BOOTH, SMITH, P.C.

        *s/ Glenn E. Jones*
        Glenn E. Jones, Esq.
        Georgia Bar No.: 612374
        3528 Darien Highway, Suite 300
        Brunswick, Georgia 31525
        Telephone No.: (912) 554-0093
        Facsimile No.: (912) 554-1973
        Email:  gjones@hbss.net

        -and-

        *s/ Keren E. Gesund*
        Keren E. Gesund, Esq. (*Pro Hac Vice*)
        Louisiana Bar No.: 34397
        SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
        3850 N. Causeway Boulevard, Suite 200
        Metairie, LA  70002
        Telephone No.: (504) 828-3700
        Facsimile No.:  (504) 828-3737
        Email:  kgesund@sessions-law.biz

        Counsel for Defendant,
        NCO Financial Systems, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2012, 2012, I electronically filed the foregoing: **Defendant's Opposition to Plaintiff's Motion to Quash Subpoena and Request for Protective Order Preventing Amanda Carter's Deposition** with the Clerk of Court for the Southern District of Georgia by using the CM/ECF System. I also certify that I have mailed by United States Postal Service the document and a copy of the Notice of Electronic Filing to the following non-CM/ECF participants:

William H. Carter, Pro Se
311 Bethel Street
Eastman, Georgia 31023

HALL, BOOTH, SMITH, P.C.

s/ Glenn E. Jones
Glenn E. Jones
Georgia Bar No.: 612374

3528 Darien Highway, Suite 300
Brunswick, Georgia 31525
Telephone No.: (912) 554-0093
Facsimile No.: (912) 554-1973

7