IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| WILLIAM H. CARTER, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. CV 311-107 |
| NCO FINANCIAL SYSTEMS, | |
| Defendant. | |

# O R D E R

Before the Court are Defendant NCO Financial Systems's motions to extend the discovery deadline. (Doc. nos. 41, 43.) In the instant motions, Defendant seeks a second 60-day extension of the discovery deadline because Keren Gesund, Defendant's counsel, has taken a leave of absence after learning of the death of her father. Furthermore, Defendant requests an extension to enable new counsel to obtain *pro hac vice* admission. Defendant also wishes to reschedule and conduct depositions of telephone service providers and a creditor prior to Plaintiff's deposition. Defendant asserts the extension is not for dilatory purposes and will not prejudice Plaintiff. Plaintiff vigorously disagrees and opposes the motions.

Any litigation is always of great importance to the parties. Nevertheless, it could be said that this case is a seemingly run-of-the-mine example of an uncomplicated and straightforward allegation of a violation of the Fair Credit Reporting Act. To meet the challenge posed by this *pro se* plaintiff, the defendant (or the defendant's law firm) has brought in a respected member of the Bar of the Southern District of Georgia followed by the appearance of three more lawyers who appear *pro hac vice*.[1]

This is not the only case where we see multiple appearances of *pro hac vice* counsel from metropolitan areas. Presumably, this is done as a prophylactic measure so that lawyers will be available in the office to sign pleadings if others are absent. However, the presence of this array of man power on the defendant's side dilutes any argument of hardship or oppression imposed by the discovery demands of this case.

To illustrate, the Court will elaborate on the specific discovery deadlines in this case. According to Local Rule 26.1 for the Southern District of Georgia, "the parties shall serve all written discovery on opposing parties and shall complete all depositions within 140 days of the filing of the

---

[1] On July 5, 2012, Keren Gesund was admitted pro hac vice. On October 22, 2012, Dayle M. Van Hoose motioned the Court for leave to appear pro hac vice. On November 1, 2012, Kenneth C. Grace motioned the Court for leave to appear pro hac vice. All three attorneys have now been admitted after paying the corresponding $200 fees. Thus, Defendant has paid exactly $600 in expenses solely for motioning the Court to admit these attorneys.

last answer. . . ." Loc. R. 26.1, S.D. Ga.  Defendant answered Plaintiff's amended complaint on April 30, 2012. Accordingly, discovery was originally set to expire on September 17, 2012.  Because of an Order granting Plaintiff leave to file a second amended complaint, the Court extended the deadline for the close of discovery another 60 days, until November 16, 2012.[2]  Thus, Defendant was given a total of 200 days to complete discovery in this case.  Given the level of resources at Defendant's disposal, this is more than an ample amount of time to complete the discovery in this case. Moreover, the discovery items listed in Defendant's motion (doc. no. 43) make it appear that Defendant's efforts are in the beginning, not concluding, stages.

The Court is not without empathy for Ms. Gesund's circumstances.  However, as United States Magistrate Judge Barfield advised in his Order granting the previous discovery deadline extension, "further requests for extension of time will not be looked upon favorably."  (Doc. no. 31.)  That said, out of an abundance of caution and because of the lateness of Defendant's request, the Court will only allow Defendant until the end of November to complete discovery.

---

[2] The deadline for filing motions was also extended until December 16, 2012.

Having considered the motions,[3] the Court hereby **GRANTS IN PART** "Defendant's Supplement to its Motion to Extend Discovery Deadlines" (doc. no. 43) and **DENIES AS MOOT** Defendant's previous motion to extend the discovery deadline (doc. no. 41). All other provisions of the previous scheduling Order not revised herein shall remain in full force and effect. The close of discovery is now scheduled for the close of business on Friday, November 30, 2012.

**ORDER ENTERED** at Augusta, Georgia, this 9th day of November, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[3] The Court is aware of Defendant's intent to file a reply brief to Plaintiff's Memorandum in Opposition to Defendant's Motion to Extend Discovery Deadlines. (Doc. no. 52.) However, the Court remains steadfast in its reasoning in only extending the deadline for close of discovery to the end of November.