FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 NOV 13 A 9 55

CLERK C Adams
S.O. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

)
WILLIAM H. CARTER )
    **Plaintiff** )
) Case No: 3:11-cv-00107
vs )
)
NCO FINANCIAL SYSTEMS )
    **Defendant** )
)

### PLAINTIFF'S NOTICE AND MEMORANDUM AS REQUIRED PURSUANT TO TITLE 18 U.S.C. § 4

COMES NOW, William H. Carter, (Plaintiff), in the above styled action, to respectfully submit the following Notice and Memorandum of Law to this Honorable Court, pursuant to 18 U.S.C. § 4.

1. Plaintiff is a consumer protected by the law under the Fair Credit Reporting Act 15 U.S.C. § 1681, et seq.

2. Plaintiff is required under 18 U.S.C. § 4, to report to the nearest Judge as soon as possible upon discovery of the commission of a crime. "Whoever, having knowledge of the actual commission of a felony cognizable by the courts of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined not more than $5,000.00 or imprisoned not more than three years, or both."

3. NCO FINANCIAL SYSTEMS, INC., (Defendant), is a Debt Collector and as such is governed under the law by The Fair Credit Reporting Act 15 U.S.C. § 1681, et seq. Plaintiff initiated an action

Page 1 of 7

on November 21, 2011 in the Federal District Court, Dublin Division, as indicated in the above case number. (3:11-cv-00107).

4. Plaintiff was provided discovery materials by counsel for defense, Keren Gesund, Bar No. 34397, and Attorney of record, Glenn Jones, Bar No. 612374 on August 20, 2012. The materials contained documents provided to counsels by First Premier Bank located in Sioux Falls, SD and certified by Emryl Hoff, (Executive Communications Specialist). Contained within the documents provided to counsels as a result of a subpoena for "alleged account records", was an un-redacted partial copy of Plaintiff's 2007 Trans Union Credit Report. The acquisition of Plaintiff's private information was unauthorized, without legal permissible purpose and was then shared with others and ultimately mailed to the Plaintiff.

5. Defendant and counsels have violated the law by obtaining Plaintiff's information under false pretenses [15 U.S.C. § 1681q] which is fineable under Title 18, United States Code, and subjects the violators to fine or imprisonment for not more than 2 years, or both.

6. Additionally, Defendant and counsels have violated the law by obtaining Plaintiff's credit report during litigation and subsequently during the discovery process. The following case law supports the illegality of Defendant's action: *Rice v Montgomery Ward & Co.*, Inc. 450 F. supp. 688, 670-72 (M.D. N.C. 1978), (Defendant violates FCRA if it obtains a consumer report on Plaintiff after Plaintiff institutes an action against defendant. Such an inquiry is impermissible.); *Bils v. Nixon, Hargrave, Devans & Doyle*, 880 P. 2d 743 (Ariz. App. 1994) (improper to get report to discover information which might be used in litigation); *Duncan v. Handmaker*, 149 F. 3d 424, 426-28 (6th Cir. 1998) (no legitimate business needs to obtain report to prepare for litigation); *Bakker v. Mckinnon*, 152 F. 3d 1007, 1011-12 (8th Cir. 1998) (same); *Auriemma v. Montgomery*, 860 F. 2d 273, 219, 280-281 (7th Cir. 1998) (extra-judicial investigation by attorneys improper, no privilege);

*Mone v. Dranow*, 945 F. 2d 306, 308 (9th Cir. 1991) (obtaining credit report to investigate for purposes of litigation improper); *Boothe v. TRW Credit Data*, 557 F. Supp. 66, 70-71 (S.D.N.Y. 1982); *Rylewicz v. Beaton Services, Ltd.*, 698 F. Supp., 1391, 1400 n. 10 Q.J.D. I11 1988), affd. 888 F. 2d. 1175, 1181 (7th Cir. 1989); *Houghton v. N.J. Manufacturer's Ins. Co.*, 795 F. 2d 1144, 7149 (3d Cir. 1986) (obtaining report after litigation for use in litigation improper).

7. Defendant continues to violate Plaintiff's civil rights under the Fair Credit Reporting Act as outlined in the original Complaint and now has added further damage to Plaintiff by obtaining Plaintiff's credit report with false pretenses and during litigation.

8. Defendant's counsel should have known of the violation upon the receipt of the information and at the very least returned it to First Premier Bank. Instead, counsel, Keren Gesund shared the ill-gotten document with another law firm, Hall, Booth, Smith & Slover P.C., and Glenn Jones who in turn mailed copies to Plaintiff. There is no way to know how many other unauthorized individuals have viewed the documents. This would indicate deliberate action by counsels for the Defendant.

9. The copies of Plaintiff's credit report also indicate four instances of Defendant, NCO, having obtained his credit report without permissible purpose in 2005 and 2006 which reveals a continuing violation of Plaintiff's privacy by Defendant, prior to the violation at issue in this case, even though the statute of limitations in the FCRA has run on those earlier violations.

10. The Fair Credit Reporting Act (hereafter FCRA), prohibits any person from using or obtaining a consumer report for other than permissible purposes. 15 U.S.C. 1681b. Any person who willfully or negligently fails to comply with any requirement of the Act with respect to any consumer is liable to that consumer for actual damages, attorneys' fees and costs. 15 U.S.C. § 1681n-o. Permissible uses of the Credit Report are:

    a. Applications for credit, insurance, and rentals for personal, family or household purposes.

b. Employment, which includes hiring, promotion, reassignment or retention. A CRA may not release a credit report for employment decisions without consent.

c. **Court orders, including grand jury subpoenas.**

d. "Legitimate" business needs in transactions initiated by the consumer for personal, family, or household purposes.

e. Account review. Periodically, banks and other companies review credit files to determine whether they wish to retain the individual as a customer.

f. Licensing (professional).

g. Child support payment determinations.

h. Law enforcement access: Government agencies with authority to investigate terrorism and counterintelligence have secret access to credit reports.

11. There was no *Court Order or Grand Jury subpoena* authorizing First Premier Bank to provide Plaintiff's credit report containing his personal information including his full social security number, to other Defendants listed above, or any other individual(s), nor was there any authorization for Keren Gesund of Sessions, Fishman, Nathan & Israel L.L.C. to use and disseminate it during litigation in the previously filed action .

12. The subpoena sent to First Premier Bank did not include any Court Order to produce Plaintiff's credit report. The exact language used in the demand for documents was:

a. *All records in your possession pertaining to credit card accounts, checking accounts, savings accounts, IRA accounts or any other account, in your possession regarding William H. Carter, whose address is 311 Bethel Street, Eastman, Georgia 31023, including applications to open the account(s), correspondence received from or sent to William H. Carter and all reports of fraud and investigation reports of fraud claims.*

13. The documents provided by Emeryl Hoff, Executive Communications Specialist included 9 pages of alleged personal information in "account notes" and 2 pages from Plaintiff's 2007 TransUnion Credit Report. On the last page of the "account notes" the following entries are made:

    *a.* 4159 SEC. LATTITUDE updtd to FROWHS – CFR/acct delte

    *b.* 4199 Fraud app. Invstgn cmpltd/ch not rspnsble for

14. Willful violations may also result in punitive damages. 15 U.S.C. § 1681n. In addition, any person who knowingly obtains a credit report under false pretenses shall be fined, imprisoned (up to 2 years) or both. 15 U.S.C. § 1681q.

15. Even though Sessions, Fishman, Nathan & Israel, L.L.C., Keren Gesund, Hall, Booth, Smith & Slover, P.C., Glenn Jones, and by extension, defendant NCO, did not acquire Plaintiff's credit report from TransUnion directly, they each in turn unlawfully acted as both a "CRA" (credit reporting agency) and a "furnisher" of consumer information pursuant to the FCRA. First Premier Bank, and Emeryl Hoff unlawfully acted as both a "CRA" (credit reporting agency) and a "furnisher" of consumer information pursuant to the FCRA.

16. Though the FCRA originally imposed civil liability on "any consumer reporting agency or user of information" that fails to comply with any requirement of the Act, in 1996, Congress amended the Act's civil liability provisions to cover "any person" who willfully or negligently fails to do so. ***The term "person" is defined broadly to include corporations which, as we have noted, necessarily act through their agents. 15 U.S.C. § 1681a(b).***

17. Pursuant to section § 1681b, in the absence of a court order, see 15 U.S.C. § 1681b(1), or written instructions from the consumer, see 15 U.S.C. § 1681b(2), or any of the grounds set forth in section § 1681b(3XA)-(E), inclusive, a consumer reporting agency may not lawfully provide any user with a consumer credit report. "15 U.S.C. § 1681b sets forth an exclusive list of permissible purposes for

which a consumer credit report may be obtained." *Zamora v. Valley Fed. Sav. & Loan Assoc.* of Grand Junction, 811 F. 2d 1368, 1310 (10th Cir.1987).

18. Any impermissible pull of a consumer credit report can be held to be willful pursuant to both FCRA § 1681b And § 1681n under that standard articulated by the Supreme Court, that is, a knowing, reckless or indifferent disregard to the rights of the Plaintiff. *United States v Illinois Cent. R. Co.*, 303 U.S. 239, 243 (1938), ad *McLaughlin v Richard Shoe Co.*, 486 U.S. 128, 133 (1987). Users of credit reports know or should know based upon their own agreement with consumer reporting agencies and under FCRA if they have a permissible purpose under FCRA. If they do not and still engage in an impermissible pull, it shows an indifferent disregard to the rights of privacy of the subject of the credit report. Furthermore, under *Zamora*, 811 F. 2d 1368, 1371 (10th, Cir. 1987), it is clear that "actual damages" under FCRA can be comprised of non-pecuniary components, including emotional distress.

19. Likewise, Punitive Damages within the range of three times actual damages are within the constitutional limits recently discussed by the U.S. Supreme Court. The FCRA is believed to be the first major federal privacy act. "Congress enacted the FCRA in 1970 to promote efficiency in the Nation's banking system and **to protect consumer privacy** (emphasis added). *See* 15 U.S.C. § 1681 (a) (1994 ed.)" *TRW, Inc., v Andrews*, 534 U.S. 19, 23 (2001). Since that time, particularly in recent years, there has been an explosion of privacy legislation enacted. One large reason for the exploding privacy legislation is the ever increasing availability of private information in electronic form.

WHEREFORE, Plaintiff's memorandum is submitted as notice to the Court as to previously unknown actions of multiple parties including a number of attorneys involved in this action and the intent of the Plaintiff to bring additional litigation against those parties involved.

Respectfully submitted this 12th Day of November, 2012

*William H. Carter* (signature)

William H. Carter
311 Bethel Street
Eastman, Georgia 31023
478-689-0708
willcarter777@yahoo.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| **WILLIAM H. CARTER**<br>**Plaintiff**<br><br>vs<br><br>**NCO FINANCIAL SYSTEMS**<br>**Defendant** | )<br>)<br>)<br>)   Case No: 3:11-cv-00107<br>)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF WILLIAM H. CARTER
### SUBMITTED IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN <u>REFFERENCE TO THE VIOLATION OF THE LAW</u>

I, William H. Carter, the Plaintiff in the above styled action, DECLARE:

1. I am the Plaintiff in the above-entitled case.

2. This affidavit is made in support of my Notice and Memorandum to the Court.

3. Plaintiff has found that on or about August 20, 2012 Defendant, NCO Financial Systems, Inc. (NCO) and others listed in the Notice and Memorandum obtained Plaintiff's TransUnion consumer credit report without any permissible purpose. NCO has continuously and flagrantly violated the law in regards to the Fair Credit Reporting Act, (FCRA) 15 U.S.C. § 1681, et seq. and the Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692 et seq. NCO and others are now in violation of Title 18 § 4 as well.

4. NCO obtained Plaintiff's consumer credit report through counsel for defense, Keren E. Gesund, (*Pro Hac Vice*), via subpoena for other documents from Emryl Hoff, an employee of First Premier Bank in August of 2012.

5. NCO obtained Plaintiff's consumer credit report during the discovery process in the above-entitled case.

6. Counsel for defense, Keren E. Gesund (*Pro Hac Vice*), disseminated Plaintiff's consumer credit report to others and then it was mailed to him by Glenn E. Jones, Attny of Record in the above-entitled case

7. Plaintiff discovered in the consumer credit report obtained by NCO in August of 2012 that NCO had previously obtained the TransUnion credit report without any permissible purpose on three separate occasions in 2005 and once in 2006.

8. By obtaining Plaintiff's information AFTER litigation has commenced, under false pretenses in violation of 15 U.S.C. § 1681q which is fineable under Title 18, United States Code, and subject to imprisonment for not more than 2 years, or both, NCO has again broken the law.

9. The foregoing is within my personal knowledge, and if called as a witness, I could competently testify thereto.

I declare under penalty of perjury that the foregoing is true and correct.

*SIGNATURE ON NEXT PAGE...*

## NOTARY'S VERIFICATION

STATE OF GEORGIA

COUNTY OF DODGE

On this day personally came before me the above-named Affiant, who proved his identity to my satisfaction, and he acknowledged his signature on this Affidavit in my presence and stated that he did so fully understanding that he was subject to the penalties of perjury.

### AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this Affidavit to be true and correct. I hereby further affirm that the basis of these beliefs is my own direct knowledge of the statements described herein.

Further the Affiant sayeth naught.

Signed in Eastman, Georgia

November 12, 2012

_____
William H. Carter

Name of Notary: _Jaunita J. Pittman_

Signature of Notary: _Jaunita J. Pittman_

Seal

[Notary Seal: JAUNITA J. PITTMAN, NOTARY PUBLIC, DODGE COUNTY, GA, Exp. Apr. 04, 20__]

Affidavit of William H. Carter in support of memorandum in reference.. Page 3 of 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| WILLIAM H. CARTER<br>**Plaintiff**<br><br>vs<br><br>**NCO FINANCIAL SYSTEMS**<br>**Defendant** | )<br>)<br>)<br>)  Case No: CV 311-107<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

This is to certify that I have mailed copies of the above document(s) by first class mail USPS to all parties listed below.

Dated: 11-13-2012

Respectfully Submitted,

William H. Carter
311 Bethel Street
Eastman, Georgia
31023

NCO FINANCIAL SYSTEMS, INC.
C/O Glenn E. Jones
Hall, Booth, Smith & Slover, P.C.
3528 Darien Highway, Suite 300
Brunswick, Georgia 31525