## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA

WILLIAM H. CARTER,

      Plaintiff,

v.

NCO FINANCIAL SYSTEMS,

      Defendant.

CASE NO. 3:11-CV-00107-DHB-WLB

In anticipation of discovery that may reach confidential and proprietary business information of Defendant and/or confidential information of third parties, Defendant, NCO Financial Systems, Inc., and Plaintiff, William H. Carter, jointly move for entry of a Protective Order as follows:

1.    In connection with discovery proceedings or non-discovery voluntary disclosures in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). The term "Confidential Information" is information which has not been made public and which concerns or relates to the processes, operations, type of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership,

corporation, or to the organization from which the information was obtained. This protective order will only apply to documents produced after execution of this agreement.

2.     By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

3.     Documents containing Confidential Information shall be so designated by placing the legend "CONFIDENTIAL" on each page of the document, or by placing said legend in such other manner as to clearly indicate that the entire document is Confidential Information. In lieu of marking the original documents, the disclosing party may mark the copies of such documents which are produced.

4.     Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. To the extent possible and/or permissible by the Court, arrangement shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential Information, , within the meaning of this Order and identified as such by placing thereon the legend described in paragraph 3. If any Confidential Information is made the subject of deposition testimony, or is marked, attached to, or otherwise incorporated in a deposition transcript, the portion of the transcript relating to

Joint Motion for Protective Order

the Confidential Information shall be deemed Confidential Information within the meaning of this Order and identified as such by placing thereon the legend described in Paragraph 3. Such portion shall, to the extent possible, begin and end on separate pages of the transcript.

5.     Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstract, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of the prosecution, defense, or settlement of this action, including any appeal, or to enforce the terms of any settlement or judgment in this action, and for no other purpose.

6.     Confidential Information produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a)     a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b)     experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c)     court reporter(s) employed in this action;

(d)     a witness at any deposition or other proceeding in this action;

Joint Motion for Protective Order

3

(e)    personnel associated with the insurance carrier for either party; and

(f)    any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Information, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties, however, that this execution requirement way be waived upon the agreement of all parties hereto in situations where an individual is given Confidential Information while testifying as a deponent or in a court of law, so long as the Confidential Information is not retained by the individual after such testimony. Counsel for the party wishing to disclose such material shall retain the signed Certificate of Acknowledgement and produce it to opposing counsel prior to such person being permitted to testify at deposition or trial, but in no event shall opposing counsel be entitled to the signed Certificate of Acknowledgement of a party's opinion witness prior to designation by that party pursuant to FRCP 26(a)(2) or until further order of this Court.

7.    Depositions shall be taken only in the presence of qualified persons except as provide by paragraph 6.

8.    Nothing herein shall impose any restriction on the use or disclosure by a party of material obtained by such party independent of discovery or non-discovery voluntary disclosures in this action, whether or not such material is also obtained through discovery or non-discovery voluntary disclosures in this action, or from disclosing its

Joint Motion for Protective Order

4

own Confidential Information as it deems appropriate.

9.     Subject to public policy, and further court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, with respect to filing documents under seal.

10.     All Confidential Information filed with the Court, and any pleadings, motions or other papers disclosing any Confidential Information shall be labeled "Confidential-Subject to Court Order" and filed or lodged under seal consistent with FRCP 26(c). Only portions of filings with the Court containing Confidential Information need be filed under seal. The parties agree to cooperate with each other in a good faith attempt to file the Confidential Information under seal, but will not be precluded from filing documents containing Confidential Information in the ordinary course after a good faith effort to file the document under seal is denied by the Court, except as described in paragraph 11.

11.     To the extent that filing under seal is not permitted by the Court, no party will file any Confidential Information with the Court without providing at least 2 days' advance notice to the other parties.

12.     In the event that any Confidential Information is used in any court

Joint Motion for Protective Order

proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

13.     Any party shall be entitled to apply, at any time, to the Court on written motion served for, among other things, an order (a) permitting disclosure of information designated as Confidential Information to persons other than those described in Paragraph 8 above; (b) granting greater protection than provided for herein or prohibiting discovery altogether of certain information or documents; or (c) removing the Confidential Information designation as to particular material or information.  Prior to filing any such motion, that challenging party shall provide the designating party written notification of its intentions to bring such a motion with respect to the Confidential Information and the grounds for such motion ten (10) days before the filing of such motion.  Within five (5) days of receipt of challenging party's written notification, the designating party shall provide the challenging party a written response to grounds stated in the challenging party's written notification.  If the parties are still in disagreement regarding the issue, the challenging party may thereafter file a motion with the court to rule on this challenge.  All parties agree that this motion can be heard on shortened time.  The parties also agree to make all reasonable efforts to ensure that this motion is heard as quickly as the Court's calendar will allow, including, but not limited to, stipulating to having the motion heard on shortened time.   In response to any such motion, the

Joint Motion for Protective Order

designating party shall have the burden to make a particularized showing (document by document) (a) that the proponent has a cognizable privacy interest in the material (e.g., the material contains "trade secret or other confidential research, development, or commercial information," under FRCP 26(c)(7), privileged information, as defined in Paragraph 2 or is otherwise protected by law from disclosure), and (b) that its disclosure would be harmful to the proponent's interest in the property. The challenging party shall have an opportunity to respond to show that the documentation and/or information is relevant to a party's claims or defenses or the subject matter of the lawsuit and is necessary to prepare the case for trial. Confidential Information will remain confidential and the terms of this Protective Order will remain unchanged, unless and until this Court grants the motion.

14. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to the Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof. Nothing in this Order shall be construed as limiting in any way: the right of any party to object to furnishing information sought by any other party; the right of any party to object to information

Joint Motion for Protective Order

requested to be furnished by any third person/entity; any third person/entity's right to object to furnishing information; and/or the right of any party to seek more stringent protection with respect to any particular document or information, whether on the ground of confidentiality or otherwise.  It is also understood that this Order is not intended to and, therefore should not be construed as, affecting the right of any party to withhold information based on a claim of privilege.

15.     The restrictions of this Order shall not apply to any information or material that:

(a)     is being disclosed to a person who already has lawfully acquired possession of such information in a manner that does not violate the provisions of this Order;

(b)     was, is or becomes public knowledge, other than by reason of a violation of this Order;

(c)     was or is acquired without obligation of secrecy in a manner that does not violate the provisions of this Order;

(d)     was acquired prior to entry of the protective order.

16.     Any party to this Order may apply to the Court for modification of or relief from the provisions of this Order after 10 days prior written notice to the other parties.

17.     This Order shall survive the final termination of this action, to the extent that the information contained in the Confidential Information is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Upon termination of this case,

Joint Motion for Protective Order

counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.  The Court may modify the protective order in the interests of justice or for public policy reasons.

The parties respectfully request the Court enter a Protective Order in this action as above.

Respectfully submitted,

Date: November 13, 2012

s/ Keren E. Gesund
Keren E. Gesund, Esq.
(*pro hac vice* application filed)
Sessions, Fishman, Nathan & Israel, L.L.C.
3850 N. Causeway Blvd, Suite 200
Metairie, LA 70002
Phone:  (504) 828-3700
Email: kgesund@sessions-law.biz

and

s/ Glenn E. Jones
Glenn E. Jones, Esq.
Hall, Booth, Smith, P.C.
3528 Darien Highway, Suite 300
Brunswick, GA 31525
Phone:  (912) 554-0093
Email: gjones@hallboothsmith.com

*Attorneys for Defendant,*
*NCO Financial Systems, Inc.*

Joint Motion for Protective Order

9

Date: *11-9-12*

*William H. Carter* (signature)

William H. Carter, Pro Se
311 Bethel Street
Eastman, GA 31023
Phone: (478) 689-0708
Email: willcarter777@yahoo.com

*Plaintiff*


**Attachment A**

## NONDISCLOSURE AGREEMENT

I, *William H. Carter*, state that I have been shown and know the terms of the Protective Order agreed to by the parties and entered in *William H. Carter v. NCO Financial Systems, Inc.*, United States District Court for the Southern District of Georgia, Civil Action No.3:11-cv-00107-DHB-WLB, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court or agreement of the parties. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.


Joint Motion for Protective Order

10

Dated:                              _11-09-2012_

Joint Motion for Protective Order

11